**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

MIRAMAR LAKE HOMEOWNERS ASSOCIATION INC.

4:18-CV-00851

Plaintiff

vs.

ELIZABETH THOMAS

Defendant

.

ELIZABETH THOMAS,

Counter/Claimant- Plaintiff

vs.

MERITAGE HOMES CORPORATION A MARYLAND CORPORATION F/K/A MERITAGE CORPORATION A MARYLAND CORPORATION F/K/A LEGACY MONTEREY HOMES L.P., AN ARIZONA LIMITED PARTNERSHIP; MERITAGE HOMES OF TEXAS LLC. AN ARIZONA LIMITED LIABILITY COMPANY F/K/A MERITAGE HOMES OF TEXAS L.P. AN ARIZONA LIMITED PARTNERSHIP F/K/A LEGACY MONTEREY HOMES L.P., AN ARIZONA; LIMITED PARTNERSHIP; MTH LENDING GROUP L.P., A TEXAS LIMITED PARTNERSHIP PRIMARY RESIDENTIAL MORTGAGE INC., A NEVADA CORPORATION; MARY A. LESTER A INDIVIDUAL; STEWART TITLE COMPANY SKYLAND INTERESTS LLC F/K/A CADY CELA VENTURES I, LLC

Counter/Claimant-Defendants

MICHAEL J. PIZZITOLA JR., IN HIS SOLE CAPACITY AS PRESIDENT; KEVIN MEUTH IN HIS SOLE CAPACITY AS VICE PRESIDENT; DAVID JORDON IN HIS SOLE CAPACITY AS VICE PRESIDENT; RODNEY B. HOWERTON IN HIS SOLE

CAPACITY AS VICE PRESIDENT; DAVID MODLIN IN HIS SOLE CAPACITY AS VICE PRESIDENT; JEFF BARFIELD IN HIS SOLE CAPACITY AS VICE PRESIDENT MICHAEL MATERNA IN HIS SOLE CAPACITY AS VICE PRESIDENT; CHRIS HUEBNER IN HIS SOLE CAPACITY AS VICE PRESIDENT; MELISSA HANNA IN HER SOLE CAPACITY AS DIRECTOR OF MERITAGE HOMES OF TEXAS LLC. A TEXAS LIMITED LIABILITY COMPANY F/K/A MERITAGE HOMES OF TEXAS L.P., A TEXAS LIMITED PARTNERSHIP F/K/A LEGACY/ MONTERREY HOMES L.P. ., A TEXAS LIMITED PARTNERSHIP

Counter-Claimant- Defendants

---

**DEFENDANT'S EMERGENCY MOTION VACATING ALL POST REMOVAL MATTERS IN STATE COURT AND TO VACATE A VOID ORDER PURSUANT TO F.R. CIV. P. 60(B)**

---

Elizabeth Thomas ("Thomas" or "Defendant") files this "Emergency Expedited Motion Vacating all Post-Removal Matters and to Vacate a Void Order "[1] with Incorporated Memorandum of Law in Support pursuant to F.R. Civ. P. 60(b) 4 and would respectfully show the Court the following:

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

On June 20, 2018, pending before this Court was a "Remand Motion" [Doc. 38], filed by the Plaintiffs for two (2) cases that were effectively removed from the 127th Judicial District Court under cause No. 2017-76078 removed on June 5, 2018 and cause No. 2017-82388 removed on June 6, 2018. The court declined to rule on this Motion to Remand—thus has effectively denied—the motion, on June 25, 2018 dismissed the case.

---

[1] The Parties in the prior state court cases in the 127th Judicial District Court under (a) cause No. 2017-76078, removed on June 5, 2018; and (b) cause No. 2017-82388, has denied that the Plaintiff's Miramar Lake counsel of record represents them before this court as they do not acknowledge this court's jurisdiction.

Instead on June 25, 2018, this court granted ***only*** Plaintiff Miramar Lake Homeowners Association Inc.'s March 20, 2018 Motion to Remand [Doc. 3], and remanded that case back to the 333rd Judicial District Court, Harris County, Texas under cause No. **2016-87941**.

However on June 5, 2018, the case in the 127th Judicial District Court, Harris County, Texas, under cause No. **2017-76078**, was removed to this court by the 127th Harris County District Clerk of Court, and on June 6, 2018, the case in the 127th Judicial District Court, Harris County, Texas under cause No. **2017--82388**, by the 127th Harris County District Clerk of Court.

On June 6, 2018, the parties in the 127th Judicial District Court, Harris County, Texas under cause No. **2017-76078**, filed in state court their "Motion to Remand" the case from federal court back to state court on the grounds that Thomas' June 5, 2018 removal was procedurally defective.

On June 11, 2018, the parties in the 127th Judicial District Court, Harris County, Texas under cause No. **2017-82388**, filed in state court their "Motion to Remand" the case from federal court back to state court on the grounds that Thomas' June 6, 2018 removal was procedurally defective.

On June 18, 2018, the trial court held **private** un-noticed ex *parte* oral hearing by telephone solely with the parties on their "remand motion." Counsel did not attend as she was advised that phone call was merely a "status conference" in the disposed of case. Instead it was a full oral hearing for with no record being made. Defendant's counsel did

not file any response to the state district court remand motion as neither the Texas Rules of Civil Procedure nor the Texas Civil Practice and Remedies Code has no procedure or other remedy which would authorized such a motion to be heard in State Court.  All of these improper actions effectively denied Thomas procedural due process of law.

On June 18, 2018, after the trial court held **its private** un-noticed ex *parte* oral hearing by phone exclusively with the other parties on their "remand motion," the trial court issued an order remanding both of the cases from federal court back to state court on the grounds that the notices were both procedurally defective. In other words, the state trial court improperly restored its own subject matter jurisdiction in both cases after they were affectively removed to this federal court with the removal being entered on the docket sheet of each case with the notation that the case was closed and removed to federal court.

Defendant Thomas moves this court for an order vacating all post-removal matters, including an illegal judgment entered on July 31, 2018, to pay cost and attorney's fees obtained in complete disregard of this Court's jurisdiction in a state court case that was already removed to this Court and disposed of as final; and has never been remanded back to state court. A simple account of misconduct in state court succinctly demonstrates contempt for this Court, the defendant, defendants' counsel, and our system of justice:

**A. 127th Judicial District Court under cause No. 2017-76078,**

- Defendants and the state trial court received a notice of removal on June 5, 2018, in the 127th District Court cause No. 2017-76078; (the "127th Suit").

- The next day on June 6, 2018,  Stewart Title Company counsel Jackson Walker filed a "Motion to Remand" titled "Objection to Notice of Removal" seeking the state trial court to remand the case from federal court back to state court on the grounds that  the removal notice was allegedly defective;

- On June 18, 2018, the state trial court entered an order remanding the case from federal court back to state court;

- On June 25, 2018, an Order was signed denying Motion to Quash Deposition.

- On June 25, 2018, an Order was signed Compelling Deposition Appearance.

- On June 25, 2018, an Order was signed approving Stipulation.

- On June 29, 2018, an Order was signed Compelling Deposition Appearance.

- On June 29, 2018, an Order was signed compelling production.

- On June 29, 2018, an Order was signed denying objection to discovery request.

- On June 29, 2018, an Order was signed granting production of documents.

B. **127th Judicial District Court under cause No. 2017-82388,**

- Defendants and the state trial court received a notice of removal on June 5, 2018, in the 127th District Court cause No. 2017-82388; (the "127th Suit").

- On June 11, 2018, Meritage Homes Corp. and Meritage Homes of Texas LLC counsel Coats/Rose filed a "Motion to Remand" in the state district court titled "Objection to Notice of Removal" seeking the state trial court to remand the case from federal court back to state court on the grounds that  the removal notice was allegedly defective;

- On June 18, 2018, the state trial court entered an order remanding the case from federal court back to state court;

- On June 25, 2018, an Order was signed compelling deposition appearance.

- On June 25, 2018, an Order was signed compelling production.

These filings give the false appearance that proceedings are being conducted among both the parties in the case, i.e. Plaintiffs and Defendants, when in fact only one party is proceeding in this case alone. This kind of contempt for our system of justice must not be allowed to stand, and this Court should vacate all post-removal state court orders, filings, and proceedings and enter sanctions against the offending parties and their counsel.    As a direct result of this illegal judgment, Thomas and others face potential irreparable harm.

## II.   NATURE AND STAGE OF PROCEEDINGS

On December 27, 2016, Defendant Thomas, along with numerous other individuals, filed suit in the 333rd Judicial District of Harris County, Texas against Miramar, its board members its management company, and Stewart Title Guaranty (the "333rd Suit"). On January 20, 2017, Miramar filed suit against Thomas for failing to pay assessments in the 281st Judicial District Court of Harris County, Texas (the "281st Suit"). On May 17, 2017, the "281st Suit" was consolidated into the "333rd Suit (the "Consolidated Suit"). On October 19, 2017, Thomas and the various individuals non-suited all claims against Miramar and the other defendants. Leaving Miramar Lake and Thomas.

On March 19, 2018, Defendant Thomas removed Plaintiff Miramar Lake claims from 333rd Judicial District of Harris County, Texas (the "333rd Suit") to this court. [Doc. 1].

On March 20, 2018, Plaintiff Miramar Lake filed a "Motion to Remand" seeking the court to remand the case back to the 333rd District Court. [Doc.3].

On April 16, 2018, Thomas filed in federal court a "Motion for Leave to File a Proposed First Supplemental Counter/Claim" seeking the court to exercise "pendent" or

"ancillary" supplement jurisdiction over pending state court claims in the in the 234th Harris County District Court under cause No. 2017-76078, (that has been subsequently transferred to the 61st State District Court then transferred again to the 127th State District Court) pursuant to 28 U.S.C. 1367, as the pending state court claims were related to the claim spending before this court. No objections to this Motion were filed. [Doc. 8].

The April 16, 2018 motion argued that claims in the 127th District Court (the "2017-76078 case) were related to the claims in (the "333rd Suit"), pending before this Court and as in *United Mine Workers v. Gibbs*, 383 US. 715, 86 S. Ct. 1130 (1966) to, this Court exercised its supplemental jurisdiction over these other claims which together with the federal claims form one constitutional case or controversy. *Id.* at 725.

Defendant Thomas' April 16, 2018 motion also demonstrated to this Court that since the March 19, 2018 removal of (the "333rd Suit"), counsel had not been able to obtain any due process for Thomas and others in 234th Harris County District Court.

For example, each time counsel filed a motion in the 234th District Court seeking any relief for Thomas and others named in the suit and scheduled oral hearing, at the hearing the state trial court would refuse to hear counsel's arguments citing the case was in the wrong court. Even after the case was removed to the 61st District Court, counsel was not able to prosecute the case and obtain relief but was denied any due process rights for Thomas and others as at oral hearings as the judge rescued herself. This resulted in counsel having to file multiple separate lawsuit in Harris County District court based on the same pleadings already pending in 234th District Court.

On May 9, 2018, the U.S. District Judge David Hittner, granted the motion in that the U.S. District Court was exercising supplement jurisdiction over pending state court claims that were filed in the 127th District Court and ordered the supplement Counter/Claims be filed into federal court. *See* [Doc. 12].

On June 5, 2018, Thomas filed a "Supplemental Notice of Removal to Federal Court" and the "Notice of Removal to Federal Court" a copy of the "Motion for Leave to File a Proposed First Supplemental Counter/Claim" and Counter/Claim along with Judge Hittner's order with the Clerk of the 127th Harris County District Court under cause no. 2017-76078 removing the case to the United State Federal District Court for the Southern District of Texas Houston Division under cause No. 18-cv-00851. *See*: **Exhibit 1** attached hereto.

On June 5, 2018, the District Clerk of the 127th Harris County Court upon receipt of Thomas's filing of the "Notice of Removal to Federal Court" disposed of case ("the 2017-**76078** Suit") as final and docketed in the court record that the case was "Removed to Federal Court." *See*: **Exhibit 2** attached hereto.

On June 6, 2018, the opposing parties deliberately and erroneously filed in the state trial court their "Objection to Thomas Notice of Removal to Federal Court" which is a ("Motion to Remand") in the disposed of case seeking the trial court to deem the notice of removal as procedurally defective even though the state trial court's jurisdiction had already expired. *See* **Exhibit 3** attached hereto.

On June 6, 2018, Thomas filed in federal court an "Unopposed **Second** Supplemental Counter/Claim" as a matter of course pursuant to Fed .R. Civ. P. (a) (1) (A)

(B) for supplemental jurisdiction over the state court claims that where pending in the 127th Harris County District Court under cause No. 2017-82388. [Doc. 20].

On June 6, 2018, Thomas filed a "Supplemental Notice of Removal to Federal Court" and the "Notice of Removal to Federal Court" a copy of the "Motion for Leave to File a Proposed First Supplemental Counter/Claim" and Counter/Claim with the Clerk of the 127th Harris County District Court under cause no. 2017-**82388**; removing the case to the United State Federal District Court for the Southern District of Texas Houston Division under cause No. 18-cv-00851. *See*: **Exhibit 4** attached hereto.

On June 6, 2018, the District Clerk of the 127th Harris County Court upon receipt of Relator's filing of the "Notice of Removal to Federal Court" disposed of (the "2017-**82388** Suit") as final and docketed in the court record that the case was "Removed to Federal Court." *See*: **Exhibit 5** attached hereto.

On June 11, 2018, the opposing parties deliberately and erroneously filed in state trial court their "Objection to Thomas Notice of Removal to Federal Court" which is a ("Motion to Remand") in the disposed of case seeking the trial court to deem the notice of removal as procedurally defective even though the state trial court's jurisdiction had already expired. **Exhibit 6** attached hereto.

On June 18, 2018, the state trial court despite its total lack of any statutory authority, or subject matter jurisdiction, and without plenary power, exceeded its authority by ordering a "Conference" by phone for both of the disposed of cases (the "2017-**82388** Suit") and ("the **2017-76078** Suit") for which Counsel was not present for nor

did counsel file any pleadings in response to the parties remand motion in the disposed of case. *See*: **Exhibit 7** attached hereto.

To counsel's surprise, the state trial court's June 18, 2018, phone call was not a "conference call" but ***instead*** it was an un-noticed ***oral* hearing** on the opposing parties erroneously filed and illegal "Motion to Remand" which was filed in the wrong court. After the private *ex parte* oral hearing, with opposing parties state district court, despite its lack subject matter jurisdiction, issued an "order" attempting to remand the cases ("the 2017-**82388** Suit") **and** ("the 2017-**76078** Suit")**,** from federal court back to state court. This is a clear effort to usurp this Court's proper jurisdiction after removal. *See*: **Exhibit 8** attached hereto.

**A. The 127th District Clerk of Court Removed both Cases to this Federal Court:**

On June 5, 2018, when Thomas filed an "Notice of Removal" and "Supplemental Notice of Removal" with 127th Harris County District Clerk of Court all pending hearings, trial schedules and proceedings were docketed as suspended and docketed as "removed to federal court" and disposed of as final in The District Clerk "event entries" docket which dockets events that have transpired in the case for both the ("2017-**76078** case") and the ("2017-**82388** case").

On June 5, 2018, in "2017-**76078** case", once the 127th Harris District Clerk of Court accepted Thomas' "Notice of Removal" *all pending court proceedings* and settings and trial dates were immediately *suspended* and: (i) passed a scheduled June 6, 2018, hearing on discovery due notice of removal filed 6/5; (ii) passed a scheduled June 11, 2018 transfer motion due notice of removal filed 6/5; and (iii) passed scheduled trial on the merits for

1/21/2019 due to "**CASE MOVED TO FED CRT**" 6/5/2018." See **Exhibit 9** attached hereto. (127th District Clerks Entries in Case Docket Sheet).  In addition, docket entries were immediately made in the state district court record under ("Judgment/Events") that the case had been "**REMOVED TO FEDERAL COURT**" (the "2017-**76078** case).  **Exhibit 10** attached hereto. (127th District Clerks Entries of Events). Lastly, the case was **DISPOSED** of the case as **FINAL**.  *See* **Exhibit 11** attached hereto. (127th District Clerk Disposal of this Case as Final).

On June 6, 2018, in "2017-**82388**" case, once the 127th District Clerk of Court accepted Thomas' "Notice of Removal" *all pending court proceedings* and settings and trial dates were immediately *suspended* and: (i) passed a scheduled June 4, 2018 Plea to Jurisdiction motion on the submission docket due "**NOTICE OF REMOVAL**" filed 6/6/18; (ii) passed a scheduled oral hearing for June 8, 2018 Motion to Show Authority due "**NOTICE OF REMOVAL**" filed 6/6; and (iii) passed a scheduled oral hearing scheduled for June 8, 2018 Motion for Summary Judgment due "**NOTICE OF REMOVAL**" filed 6/6. (127th Clerk of Court Setting Docket Sheet).  *See* **Exhibit 12** attached hereto. In addition, docket entries were immediately made in the court record under ("Judgment/Events") that the case had been "**REMOVED TO FEDERAL COURT**" (the "2017-**82388** case).  *See* **Exhibit 13** attached hereto. (127th Clerk of Court Judgment and Event Sheet). Lastly, the case was **DISPOSED** of the case as **FINAL**.  *See* **Exhibit 14** attached hereto. (127th District Clerk Disposal of this Case as Final).

These actions described above by the 127th Harris County District Clerk of Court divested the state trial court with jurisdiction upon the removal (the "2017-**82388**" case)

and (the "2017-**76078**" case) to this federal court. The 127th District Clerk of Court "events" docket entries of the record is the undisputed, prima facie evidence that on June 5, 2018 and June 6, 2018 these cases were removed to this federal court.

In fact the Harris County District Clerk Office has advised that the procedural steps described above that were taken on June 5, 2018 (in the "2017-**76078**") case and June 6, 2018 (in the "2017-**82388**" case) by the 127th District Clerk of Court to remove these cases to federal court is the exact same procedures taken to remove a case to federal court by **ALL** the Harris County District Clerks. **For example**:

On April 5, 2018, the 127th District Clerk of Court, upon the filing of a "Notice of Removal" to federal court removed *DHI Holding LP., vs. WMC Mortgage Corp.* under cause No. 201806668, to federal court by (i) making a docket entry in the events that the case has been **REMOVED TO FEDERAL COURT**; and (ii) **DISPOSED of the case as FINAL**. *See* **Exhibit 15** attached hereto.

On February 9, 2018, the 127th District Court Clerk of Court, upon the filing of a "Notice of Removal" to federal court removed *Moisiuc, Liliana vs. Argent Mortgage Company LLC.,* under cause No 201807511, to federal court by (i) making a docket entry in settings that all pending scheduled proceeding are suspended; (ii) making a docket entry in events that the case has been **REMOVED TO FEDERAL COURT**; and (iii) making a docket entry that the case is **DISPOSED of the case as FINAL.** See; **Exhibit 16** attached hereto.

On October 10, 2016, the 127th District Court Clerk of Court, upon the filing of a "Notice of Removal" to federal court removed *Molina, Ricardo vs. JP Morgan Chase Bank*

*N.*A., under cause No. 20165094, to federal court by (i) making a docket entry in events that the case has been **REMOVED TO FEDERAL COURT**; and (ii) **DISPOSED of the case as FINAL**. See; **Exhibit 17** attached hereto.

As further examples for each of the other Harris County Courts:

Harris County District Clerk of Court, for the **11th** Judicial District Court docketing in events a case removed to federal court. See Exhibit 18.

Harris County District Clerk of Court, for the **55th** Judicial District Court docketing in events case removed to federal court. See Exhibit 19.

Harris County District Clerk of Court, for the **61th** Judicial District Court docketing in events case removed to federal court. See Exhibit 20

Harris County District Clerk of Court, for the **80th** Judicial District Court docketing in events case removed to federal court. See Exhibit 21.

Harris County District Clerk of Court, for the **113th** Judicial District Court docketing in events a case removed to federal court. See Exhibit 22.

Harris County District Clerk of Court, for the **125th** Judicial District Court docketing in events case removed to federal court. See Exhibit 23.

Harris County District Clerk of Court, for the **129th** Judicial District Court docketing in events case removed to federal court. See Exhibit 24.

Harris County District Clerk of Court, for the **133rd** Judicial District Court docketing in events case removed to federal court. See Exhibit 25.

Harris County District Clerk of Court, for the **151th** Judicial District Court docketing in events case removed to federal court. See Exhibit 26.

Harris County District Clerk of Court, for the **152th** Judicial District Court docketing in events case removed to federal court. See Exhibit 27.

Harris County District Clerk of Court, for the **157th** Judicial District Court docketing in events case removed to federal court. See Exhibit 28.

Harris County District Clerk of Court, for the **164th** Judicial District Court docketing in events case removed to federal court. See Exhibit 29.

Harris County District Clerk of Court, for the **165th** Judicial District Court docketing in events case removed to federal court. See Exhibit 30.

Harris County District Clerk of Court, for the **189th** Judicial District Court docketing in events case removed to federal court. See Exhibit 31.

Harris County District Clerk of Court, for the **190th** Judicial District Court docketing in events case removed to federal court. See Exhibit 32.

Harris County District Clerk of Court, for the **215th** Judicial District Court docketing in events case removed to federal court. See Exhibit 33.

Harris County District Clerk of Court, for the **234th** Judicial District Court docketing in events case removed to federal court. See Exhibit 34.

Harris County District Clerk of Court, for the **269th** Judicial District Court docketing in events case removed to federal court. See Exhibit 35.

Harris County District Clerk of Court, for the **270th** Judicial District Court docketing in events case removed to federal court. See Exhibit 36.

Harris County District Clerk of Court, for the **281th** Judicial District Court docketing in events case removed to federal court. See Exhibit 37.

Harris County District Clerk of Court, for the **295th** Judicial District Court docketing in events case removed to federal court. See Exhibit 38.

Harris County District Clerk of Court, for the **333rd** Judicial District Court docketing in events case removed to federal court. See Exhibit 39.

Harris County District Clerk of Court, for the **334th** Judicial District Court docketing in events case removed to federal court. See Exhibit 40.

All of the Harris County District Clerks docket in their Judgment/Event record events that **have already transpired** in a case, including the removal of state court case to federal court. The docketed event recorded in 127th District Court record of its removal to federal is no different.

## III. ISSUES PRESENTED AND STANDARD OF REVIEW

**Issue 1**:

Whether the state trial court in the 127th Judicial District Court cases cause No. 2017-**82388** and cause No. 2017-**76078**, which were removed to this federal court, had any basis to take any actions in the state district trial court following the removal.

**Standard of Review**:

Once removal of a case to a federal court is effective, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

**Issue 2**:

Whether this Court should vacate all proceedings that occurred in the state trial court in the 127th Judicial District Court cases, cause No. 2017-**82388** and cause No. 2017-**76078**, after removal was effected.

**Standard of Review**:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [because among other] reasons . . . the judgment is void." FED R. CIV. P. 60(b)(4). The Fifth Circuit has "recognized two circumstances in which a judgment may be set aside under Rule 60(b)(4): [1] if the initial court lacked subject matter or personal jurisdiction; and [2] if the district court acted in a manner inconsistent with due process of law." *Callon Petroleum Co. v. Frontier Ins. Co.,* 351 F.3d 204, 208 (5th Cir. 2003) (citing *Jackson v. FIE Corp.,* **302 F.3d 515, 521-22** (5th Cir. 2002); *Carter v. Fenner,* **136 F.3d 1000, 1005** (5th Cir. 1998)). These two categories "allow enough room to capture within their reach situations where the parties' failure to follow

relevant law or procedure in securing the judgment will undermine its ultimate validity." *Carter,* **136 F.3d at 1006**. "While relief under Rule 60(b) is considered an extraordinary remedy, [the Fifth Circuit] has held that the rule should be construed in order to do substantial justice." *Id.* at 1007. "Moreover, [5th Circuit] case law makes clear that a federal district court can have jurisdiction to vacate a state court judgment." *Beighley v. F.D.I.C.*, **868 F.2d 776, 781** (5th Cir. 1989), superseded by statute on other grounds, 12 U.S.C. § 1823(e).

## IV. FACTS

It's an undisputed fact that the 127th Judicial District Court cases were removed to this U.S. District Court on June 5, 2018, under cause No. 2017-**76078,** and on June 6, 2018, under cause No. 2017-**82388**. The removal of these cases to this federal district court removed from state trial courts any basis on which it could take further action in either of the state court cases following removal, including state court's entering orders on June 18, 2018, in an attempt to restore its own jurisdiction in both cases; the 2017-**82388** Suit **and** the 2017-**76078** Suit**.** The only way a state court's jurisdiction can be restored in these two cases is though remand orders from this U.S. District Court that which had already been deemed denied.

On June 21, 2018, Plaintiff Miramar Lake counsel's law firm, Roberts Markel Weinberg PC., made an appearance on behalf of the parties in the 127th District Court ("the 2017-**82388** Suit"**) and** ("the 2017-**76078** Suit"**),** by filing a "**Motion to Remand**" [*See*: Doc.38], seeking among other relief that this court remand both of the above two cases back to the 127th District Court.

The Plaintiff's motion argued before the court that on April 16, 2018 Thomas filed a "Motion for Leave to File its Proposed Supplemental Counterclaim" for the court to take supplemental jurisdiction over the claims that were pending in the 127th Judicial District Court cause No. 2017-**76078**. On May 9, 2017, the Court signed its Order Granting Leave to file a "First Supplemental Complaint". On May 30, 2018, Thomas also filed her "Second Supplemental Counterclaim" requesting leave to add the related parties in the 127th Judicial District Court cause No. 2017-**82388** as parties to this federal court action. On June 6, 2018, Thomas filed an "Unopposed Counterclaim" against the Legacy opposing parties. The Remand Motion sought the following relief on behalf of the opposing parties in the 127th Judicial District Court cause No. 2017-**82388** and cause No. 2017-**76078** in federal court:

(i) To Strike Thomas' "counterclaims" these claims **were** pending in the 127th Judicial District Court under cause no. 2017-**82388;** and 127th Judicial District Court under cause no. 2017-**76078**;

(ii) The Association therefore respectfully requests that this Court deny Thomas's Motions for Leave, decline to exercise supplemental jurisdiction and the lawsuits **should be remanded**;

(iii) That Thomas has not complied with the requirements of § 1446(a) for removal of the 127th Judicial District Court cause no. 2017-**82388** and 127th Judicial District Court cause no. 2017-**76078** cases to this court.

On June 22, 2018, Thomas filed a "Response and Objection" [Doc. 39 ], to the "Motion to Remand" filed on behalf of the opposing parties in both of the removed cases from the 127th Judicial District Court under cause No. 2017-**82388** and cause No. 2017-**76078,** and notified the Court that this remand motion sought to deceive and trick the court into issuing a remand order to rectify the void June 18, 2018 order the state trial

court issued to itself in an attempt to reinstate jurisdiction in both state court disposed of cases.

Thomas' response pleadings in objection to the remand motion illustrated to this Court the gamesmanship and deceit being implemented upon the court by the opposing parties' seeking this court to remand the cases back immediately through the "Remand Motion" in this court; after they had filed their "Remand Motion" in the state trial court and the trial court has since issued an June 18, 2018 order which purports to have **re*stored its jurisdiction back from federal court to state court.*** See; [Doc. 30 and Doc. 31].

On June 25, 2018, this court granted only the Plaintiff Miramar Lake's Remand Motion that was filed on March 20, 2018, [Doc. 3], and the court declined to rule on the June 20, 2018, Motion to Remand [Doc. 38], filed by the Plaintiff's on behalf of the parties in the 127th District Court two cases ("the 2017 -82388 Suit") **and** ("the 2017-**76078** Suit")-----**as such effectively denied the remand motion** and all pending motion filed below [Doc. 3] and dismissed all claims pending before the court and closed the case.

## V. ARGUMENTS & AUTHORITIES

Despite lacking subject matter jurisdiction in the 127th District Court cases ("the 2017-**82388** Suit") **and** ("the 2017-**76078** Suit"), the state court has **on July 31, 2018,** surreptitiously, illegally, and improperly rendered a judgment against Elizabeth Thomas, Albert Perry III, Catrice Henry and Alvin R. Mullen II, by acting in a manner inconsistent with due process of law in ("the 2017 -**82388** Suit") and any basis in law.

The 127th state court, acting ex parte and without jurisdiction, inexplicably on June 18, 2018, "granted the Parties motions to remand the cases ("the 2017-**82388** Suit"**) and** ("the 2017-**76078** Suit"**),** from federal court back to state court despite the fact that Texas has no statutory or procedural law known that would grant a state court authority to grant such motions as such a motion is with the sole discretion the U.S. district court. § 1446(d); see *HBA East, Ltd. v. JEA Boxing Co.*, **796 S.W.2d 534, 537-38** (Tex. App.-Houston [1st Dist.] 1990, writ denied).

Under 28 U.S.C. § 1446, as it exists today, state courts from which a case is removed, ***is not itself involved in a removal proceeding***. See *Heilman v. Fla. Dep't of Revenue*, **727 So. 2d 958, 960** (Fla. 4th DCA 1998) "removal does not require *permission from state court* since removal is automatic. Removal can be contested, however, only by filing a "motion to remand" in Federal Court. *Standridge,* **945 F. Supp. at 254**.

Removal is governed by 28 U.S.C. § 1446 which states in relevant part that"

> [p]romptly after the filing of [a] notice of removal of a civil action [in the federal court] the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded. 28 U.S.C. § 1446(d).

Fifth Circuit case law consistently suggests that the state court is divested of jurisdiction when the state court receives either "**actual"** or "**constructive"** notice of the removal. *See Murray v. Ford Motor Co.,* **770 F.2d 461, 463** (5th Cir. 1985) (citing *Medrano v. State of Texas,* **580 F.2d 803, 804** (5th Cir. 1978)).

The Fifth Circuit case law has been quite consistent in holding that the state court ceases to have jurisdiction when the state court is given notice. *See, e.g.,* ***Butler v. King,***

**781 F.2d 486, 489** (5th Cir. 1986) (quoting 28 U.S.C. § 1446(e)) ("Once a copy of the removal petition is filed *with the clerk of the state court,* `the State court shall proceed no further unless and until the case is remanded.'") (emphasis added); *Dukes v. South Carolina Ins. Co.,* **770 F.2d 545, 547** (5th Cir. 1985).

Defendant Thomas asks this Court, pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(1), to vacate the Judgment and all post-removal orders, filings, and proceedings entered in the 127th District Court in both ("the 2017-**82388** Suit**") and** ("the 2017-**76078** Suit"**).**

A. **A FEDERAL COURT CAN VACATE STATE COURT ORDERS, FILINGS, AND PROCEEDINGS FOLLOWING POST-REMOVAL ACTIONS**

Defendant Thomas moves the court to vacate all post-removal actions, pleadings and filing inn both 127th District Court ("the 2017-**82388** Suit"**) and** ("the 2017-**76078** Suit"**).** It is well-established law that post-removal actions are void because they are *coram non judice.* 28 U.S.C. § 1446(d); ***Steamship Co. v. Tugman,* 106 U.S. 118, 122, 1 S. Ct. 58** (1882).

Defendant Thomas asks this Court, pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(1), to vacate all post-removal orders, filings, and proceedings entered after June 5, 2018, in the 127th District Court in ("the 2017-**82388** Suit"**); and**

Defendant Thomas asks this Court, pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(1), to vacate all post-removal orders, filings, and proceedings entered after June 6, 2018 in the 127th District Court in ("the 2017-**76078** Suit"**).** See: In *McAdams v. Medtronic, Inc.*, Dist. Court, SD Texas 2010, similar in principle to this case. The Fifth Circuit has upheld a district court's declaration that post-removal state court orders were void. *Adair*

*Pipeline Co. v. Pipeliners Local Union No. 798,* **325 F.2d 206, 207** (5th Cir. 1963) (per curium).

Once a state court action is removed, it is governed by federal, rather than state, procedure. The laws governing the removal of cases to federal court provide unequivocally that once removal has been effected, by the clerk the state court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). *Azzopardi v. Ocean Drilling & Exploration Co.*, **742 F.2d 890, 895** (5th Cir. 1984).

As recognized by Wright & Miller, numerous courts have concluded that "any post-removal proceedings in the state court are considered *coram non judice* and will be vacated by the federal court, even if the removal subsequently is found to have been improper and the case is remanded back to that state court." 4C Charles A. Wright, Arthur R. Miller, et al., **Federal Practice and Procedure §3736** (4th ed. 2010). Accordingly, *Resolution Trust Corp. v. Murray*, **935 F.2d 89, 92-93** (5th Cir. 1991) (state court has no power to proceed with a case which has been removed to federal court, citing 28 U.S.C. § 1446(d)); *Fox Valley AMC/Jeep, Inc. v. AM Credit Corp.*, **836 F.2d 366, 367** (7th Cir. 1988)(state court had lost jurisdiction to join non-diverse defendant after removal to federal court).

### B. THE STATE COURT JUNE 18, 2018, ORDER SHOULD BE VACATED UNDER RULE 60(B)(4) DUE TO LACK OF JURSUDUCUTON AND ACTING IN A MANNER INCONSISTENT WITH DUE PROCESS OF LAW

The Fifth Circuit has "recognized two circumstances in which a judgment or order may be set aside under Rule 60(b)(4): [1] if the initial court lacked subject matter or personal jurisdiction; and [2] if the district court acted in a manner inconsistent with due

process of law." *Callon Petroleum Co. v. Frontier Ins. Co.,* **351 F.3d 204, 208** (5th Cir. 2003) (citing *Jackson v. FIE Corp.,* **302 F.3d 515, 521-22** (5th Cir. 2002); *Carter v. Fenner,* **136 F.3d 1000, 1005** (5th Cir. 1998)). These two categories "allow enough room to capture within their reach situations where the parties' failure to follow relevant law or procedure in securing the judgment will undermine its ultimate validity." *Carter,* **136 F.3d at 1006**. "While relief under Rule 60(b) is considered an extraordinary remedy, [the Fifth Circuit] has held that the rule should be construed in order to do substantial justice." *Id.* at 1007.

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [because among other] reasons . . . the judgment or order is void." FED R. CIV. P. 60(b)(4).

Defendant Thomas alleges that on June 18, 2018 the 127th District Court has acted in a manner inconsistent with "due process of law" by ordering, despite the lack of subject matter jurisdiction, the reinstatement of the cases ("the 2017-**76078** Suit") **and** ("the 2017-**82388** Suit") from federal court back to state court after holding an ex parte unnoticed oral hearing on the "Remand Motions" all of which denied **Defendant Thomas** her procedural due process of law which requires proper notice for an opportunity to be heard in a court of competent jurisdiction pursuant to Rule 60(b)(4), Fed. R. Civ. P.

Defendant Thomas seeks to be relieved from the 127th District Court's June 18, 2018 void orders issued after the court no longer held subject matter jurisdiction. An order "is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law." *Williams v. New Orleans Pub. Serv., Inc.*, **728 F.2d 730, 735** (5th Cir. 1984); and the parties' failure to follow

relevant law or procedure in securing the order undermine its ultimate validity." *Carter,* **136 F.3d at 1006**.

On June 18, 2018, the 127th District Court acting ex parte and without jurisdiction, inexplicably "granted the Parties motions to remand the cases ("the 2017-**82388** Suit") **and** ("the 2017-**76078** Suit") from federal court back to state court despite the fact that Texas has no procedural state laws known of that would grant a state court authority to grant such motions. § 1446(d); see *HBA East, Ltd. v. JEA Boxing Co*., **796 S.W.2d 534, 537-38** (Tex. App.-Houston [1st Dist.] 1990, writ denied).

Under 28 U.S.C. § 1446, as it exists today, state courts from which a case is removed ***is not itself involved in a removal proceeding***. See *Heilman v. Fla. Dep't of Revenue*, **727 So. 2d 958, 960** (Fla. 4th DCA 1998) "removal does not require ***permission from state court*** since removal is automatic. Removal can be contested, however, only by filing a "motion to remand" in Federal Court. *Standridge,* **945 F. Supp. at 254**. Removal is governed by 28 U.S.C. § 1446 which states in relevant part that"

> [p]romptly after the filing of [a] notice of removal of a civil action [in the federal court] the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded. 28 U.S.C. § 1446(d).

Here the parties failed to follow relevant law and procedure in securing the June 18, 2018 order by erroneously filing their "Motions to Remand" for ("the 2017-82388 Suit") **and** ("the 2017-**76078** Suit") in 127th District Court. Not only did the court lack subject matter jurisdiction, relevant law under 28 U.S.C. § 1446 provides a procedure which requires such remand motion must be filed in federal court not state court.

The 127th District Court acted illegally and in a manner inconsistent with due process of law, e-mailing counsel that a "Conference" in both ("the 2017-82388 Suit") **and** ("the 2017-**76078** Suit") disposed of cases would be held by phone on June 18, 2018.

Because the Parties failed to follow relevant law and procedure by erroneously filing their "Motions to Remand" for ("the 2017-82388 Suit") **and** ("the 2017-**76078** Suit") in 127th District Court, counsel did not file any pleadings in response to the parties remand motion in the disposed of cases. Counsel was not present for the purported conference phone call ordered in the disposed of cases either.

To Counsel's shock and surprise, the June 18, 2018 phone call was not for a "conference" ***instead*** it was un-noticed ***oral*** **hearing** on the parties' erroneously filed "Motion to Remand" filed in the wrong court. After the state trial court's ex parte un-noticed private and ex parte oral hearing, an "order" was issued in both ("the 2017-**82388** Suit") **and** ("the 2017-**76078** Suit) remanding the cases from federal court back to state court. There is no record of this hearing.

Defendant Thomas was never provided with proper notice or an opportunity to be heard the 127th District Court's exercise of jurisdiction over these "Motions to Remand," which is "egregious" and amounts to a "plain usurpation of judicial power." The June 18, 2018, orders were entered in a manner inconsistent with due process as the state trial court lacked subject matter jurisdiction. Any proceedings or actions in state court after removal, including any orders entered by the state court, are void for lack of jurisdiction. A state court loses jurisdiction over a case once removed to federal court. 28 U.S.C. § 1446(d) and **Fed. R. Civ. P. 60(b)(4).**

The literal application of § 1441 (b) in this case would produce bizarre results that Congress could not have intended, and results that are demonstrably at odds with the objectives Congress did intend to effect.

Congress never intended for a state court to initiate hearing proceeding on a remand motion to decide the propriety of notice of removal as it's a question **entirely** reserved to the federal courts only. *See*: *Stewart Title Co.*, **731 S.W.2d at 739**. The question of whether a notice of removal is procedurally defective is a matter for which ***only a federal court can decide.*** See *Lewis*, **587 S.E.2d at 700**; see *Allis–Chalmers Mfg. Co*., **86 N.E.2d at 78** (state court "has no jurisdiction to finally determine ***whether or not the case*** was in fact remove"); *Gremillion*, **90 So.2d at 887** ("'The question whether a case has been properly removed is one for the consideration of the federal courts ***and is not controlled by State law or courts***.' 'Questions of law as well as issues of fact raised upon a notice for removal ***must be tried and determined by the Federal Court***.)'" (citations omitted)). Whether a notice of removal is procedurally defective is for a federal court to decide *Covington v. Indemnity Ins. Co.,* **251 F.2d 930, 932-33** (5th Cir. 1958).

The state court's "egregious" exercise of jurisdiction over a motion to remand a case from federal court back to state court was a "plain usurpation of judicial power." *In re Adams v. Sidney Schafer & Assoc's.*, **809 F.2d 1187, 1189** (5th Cir. 1987) (state court was without jurisdiction to enter order of voluntary non-suit after case had been removed); *Velazquez v. Four Star Industries*, Inc., **55 F. Supp.2d 91, 93** (D.P.R. 1999) (plaintiffs' motion to amend complaint in state court cannot be entertained after removal of action to federal court, citing 28 U.S.C. § 1446(d)); *Bowman v. Weeks Marine, Inc.*, **936 F. Supp.**

**329, 331** (D.S.C. 1996) (state court had no jurisdiction to enter default order after notice of removal had previously been filed in state court); *Coughlin v. Nationwide Mutual Ins. Co.*, **776 F. Supp. 626, 628** (D. Mass. 1991) (amended complaints filed in state court have no effect in cases previously removed to federal court).

This motion is based on void orders. Under rule 60(b)(4), "the district court has no discretion—the order is either void or it is not." *Jackson*, **302 F.3d at 522** (internal quotation marks and citation omitted). "If the order is void, the district court must set it aside." *Id.* (internal quotation marks and citation omitted). The Fifth Circuit has found jurisdictional errors warrant relief under Rule 60(b)(4) when "the initial court lacked subject matter or personal jurisdiction." *Callon Petroleum Co. v. Frontier Ins.*, **351 F.3d 204, 208** (5th Cir. 2003).

**CONCLUSION**

The facts and evidence in this case clearly demonstrate that the 127th District State Court June 18, 2018 order, and all other post-removal orders, filings, and proceedings in both ("the 2017-**82388** Suit") **and** ("the 2017-**76078** Suit") should be vacated as the state court had and has no subject matter jurisdiction over these cases.

The facts and evidence in this case clearly demonstrate that the 127th District State Court acted in a manner that is inconsistent with due process of law. As such, the Court can also vacate the June 18, 2018 order due to lack of jurisdiction.

**WHEREFORE, PREMISES CONSIDERED**, Elizabeth Thomas respectfully requests that the Court enter an Order:

1. Vacating the June 18, 2018 Order signed and entered by the 127th Judicial District Court of Harris County, Texas under cause no. 2017-**76078** remanding the case

back from federal court to state court as well as all other orders, filings, or proceedings after the June 5, 2018, removal to this federal court;

2. Vacating the June 18, 2018 Order signed and entered by the 127th Judicial District Court of Harris County, Texas under cause no. 2017-**82388** remanding the case back from federal court to state court as well as all other orders, filings, or proceedings after the June 6, 2018, removal to this federal court;

3. Awarding such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted

*/s/ Colleen M. McClure*

**Colleen M. McClure**
Attorney at Law
State Bar No. 24012121
4201 Cypress Creek Parkway
Suite 565
Houston, Texas 77068
(281) 440-1625 (Telephone)
(281) 946-5627 (Facsimile)
colleen.mcclure@att.net
**Attorney for Defendant**

**CERTIFICATE OF CONFERENCE**

Counsel for movant attempted to contact counsel for Plaintiffs to discuss this motion and the emergency relief sought by phone and by e-mail prior to filing but was unsuccessful. Due to the emergency nature of the relief sought, in that these cases have been re-filed and the state trial court still acts as if it has jurisdiction, counsel therefore filed this motion without a conference. Counsel for movant is available for a conference before the Court.

Certified to the 15th Day of August, 2018 by

*/ s / Colleen M. McClure*

**CERTIFICATE OF SERVICE**

I certify that on August 15 , 2018, the foregoing document was served on Counsel of

record via the Court's ECF electronic notification system.

*/ s / Colleen M. McClure*

6/5/2018 6:33 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25082545
By: janel gutierrez
Filed: 6/5/2018 6:33 PM

CAUSE NO. **2017-76078**

| | | |
|---|---|---|
| JAMES ALLEN<br>ROBERTO PEREZ<br>ELIZABETH THOMAS<br>MARIA DEJESUS PEREZ ET., AL.<br>PLAINTIFF'S<br>VS.<br><br>MERITAGE HOMES CORPORATION A MARYLAND CORPORATION F/K/A MERITAGE CORPORATION A MARYLAND CORPORATION F/K/A LEGACY MONTEREY HOMES LP. A ARIZONA LIMITED PARTNERSHIP; MERITAGE HOMES OF TEXAS LLC. A ARIZONA LIMITED LIABILITY COMPANY F/K/A MERITAGE HOMES OF TEXAS LP. A ARIZONA LIMITED PARTNERSHIP F/K/A LEGACY MONTEREY HOMES LP., AN ARIZONA; LIMITED PARTNERSHIP; MTH LENDING GROUP L.P., A TEXAS LIMITED PARTNERSHIP PRIMARY RESIDENTIAL MORTGAGE INC. A NEVADA CORPORATION; MARY A. LESTER A INDIVIDUAL; STEWART TITLE COMPANY SKYLAND INTERESTS LLC. F/K/A CADY CELA VENTURES I, LLC<br>DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT**<br><br>127TH **JUDICIAL DISTRICT COURT**<br><br>**HARRIS COUNTY, TEXAS** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, on March 18, 2018, Elizabeth Thomas counsel filed a Notice of Removal, pursuant to 28 U.S.C. § 1332 1441 and 1446, removing the cause number **2016-87941** from the 333rd Harris County District Court to the United States Court of the Southern District Texas; Houston Division under cause no. 18CV-00851. A true and correct copy of the Notice of Removal is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE that,** on May 10, 2018, the Honorable Judge David Hitter U.S.D.J., in the United States Federal District Court for the Southern District: Houston Division under cause no. 18CV-00851; granted Elizabeth Thomas'

**EXHIBIT 1**

**UNITED STATES FEDERAL DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MIRAMAR LAKE HOME OWNERS' ASSOCIATION** | § | |
| | § | **CIVIL ACTION NO.____________** |
| | § | |
| ***PLAINTIFFS,*** | § | (Formerly 333rd Harris County District COURT CAUSE NO. 2016-87941) |
| | § | |
| **VS.** | § | |
| | § | |
| **ELIZABETH THOMAS** | § | |
| | § | |
| ***DEFENDANTS.*** | § | |

**NOTICE OF REMOVAL**

Defendant Elizabeth Thomas hereby through counsel removes Case No. **2016-87941**, from **the 333rd** Harris County District Court, Texas to the United States District court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and as grounds for its removal states as follows:

**STATEMENT OF CASE**

*1.* On January 21, 2017, debt collectors Plaintiffs Miramar Lake Homeowners Association Inc., filed a petition in the in the 281th Judicial District Court of Harris County Texas under cause No. 2017-04089, entitled "*Miramar Lake Homeowners Association Inc., vs. Elizabeth Thomas*" (the "Original Case"). A copy of the petition is with exhibits is attached as Exhibit A.

2. Defendant Elizabeth Thomas family member accepted service of the citation and the petition on Ms. Thomas behalf on January 27, 2017, since Thomas resides in the State of Washington DC.

3. The petition purports for a cause of action that from 2011 to the present

Motion to further exercise supplemental jurisdiction over the pending state claims filed in the 127th Harris County District Court under cause no. **2017-76078** pursuant to 28 U.S.C., 1367 and upon the filing of this Notice of Removal with the Clerk of the Harris County District Courts for Harris County, Texas, the case in 127th Harris County District Court under cause no. **2017-76078** is affectedly removed and the District Court shall proceed no further in this action unless and until the case is remanded pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

By: /s/Colleen M. McClure
**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**
Texas Bar No. 24012121
4201 Cypress Creek Parkway Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net
**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2018, a true and correct copy of the above and foregoing document was served in accordance with Rule 21a via E-service and on counsel of record.

By: /s/Colleen M. McClure
**COLLEEN M. McCLURE**

Defendant Elizabeth Thomas failed to pay her yearly assessments fees. All of the Plaintiffs Miramar Lake Homeowners Association Inc., debt collection demands letters were sent to Defendant Thomas and James M. Andersen in their capacity as "Trustees" of the "Thomas Family Revocable Trust" to Ms. Thomas Washington D.C., mail box.

4. On February 22, 2017, Defendant Thomas through counsel filed a answer and counter-claim alleging claims.

5. On March 22, 2017, Plaintiffs Miramar Lake Homeowners Association Inc., had their case entitled *Miramar Lake Homeowners Association vs. Elizabeth Thomas,* in the $28^{ist}$ Judicial District Court of Harris County Texas under cause No. 2017-04089, consolidated with a case in the $33^{3rd}$ Judicial District Court of Harris County Texas, under cause No. 2016-87941 entitled Plaintiff's MARIA DEJEUSES PEREZ, ROBERTO PEREZ, ALBERT PERRY III, ALVIN MULLEN, ANGELA FREDRICKS, CATRIC HENRY, ELIZABETH THOMAS vs. defendant's Miramar Lake Homeowners Association Inc., Christopher Kotran, Donald Richardson, Donna Consemiu, Jim Bertus, Paul Kennington, JDH Managements Company and Stewart Guaranty.

6. The cause of action filed in the 333rd Judicial District Court of Harris County Texas, under cause No. 2016-87941, on December 26, 2016, by the plaintiff's stated above was for a declaratory judgment seeking the court to determine their rights and interested under recorded deeds in the Harris County Real Property from non-existent entity LEGACY/MONTERREY HOMES L.P., a purported Texas limited partnership were void and if so were they subject to the Miramar Lake Declaration.

7. While the cause of action regarding the Miramar Lake Declaration proceeded in the 333rd Judicial District Court of Harris County Texas, the cause of action between plaintiff's Miramar *Lake Homeowners Association vs. Defendant Elizabeth Thomas,* that had been consolidated on March 22, 2017, from the 281st Judicial District Court of Harris County Texas under cause No. 2017-04089, had been abated by agreement, so as the court could first sought to determine whether the Plaintiff's were subject to the Miramar Lake Deed Restrictions due to defects or void deeds.

8. From March 22, 2017, to December 27, 2017, the *plaintiff's* Miramar *Lake Homeowners Association vs. Defendant Elizabeth Thomas,* cause of action had been abated as there had been no activity in the case such as of discovery, motions for summary judgment or motions seeking any relief or orders issued by the court in regard to whether Defendant Thomas owed assessment fees.

9. On October 19, 2017, the Plaintiff's MARIA DEJEUSES PEREZ, ROBERTO PEREZ and ELIZABETH THOMAS, after a hearing on their motion for declaratory judgment before the 333rd Judicial District Court of Harris County Texas, under cause No. 2016-8794, non-suited, their lawsuit against defendant's Miramar Lake Homeowners Association Inc., Christopher Kotran, Donald Richardson, Donna Consemiu, Jim Bertus, Paul Kennington, JDH Managements Company and Stewart Title Company after the court acknowledged that there were defects in the deeds that he believe could be fixed by filing corrections deeds the problem was an HOA and Stewart Guaranty were not a party to the deeds could file the corrections.

10. After the October 19, 2017, non-suit between Plaintiff's MARIA DEJEUSES PEREZ, ROBERTO PEREZ, ALBERT PERRY III, ALVIN MULLEN, ANGELA FREDRICKS, CATRIC HENRY, ELIZABETH THOMAS vs. defendant's Miramar Lake Homeowners Association Inc., Christopher Kotran, Donald Richardson, Donna Consemiu, Jim Bertus, Paul Kennington, JDH Managements Company and Stewart Guaranty. Plaintiff's Miramar *Lake Homeowners Association* Inc., in effort to defeat and delay removal to federal court raised the issue that there are **pending** claims and parties from an April 24, 2017, "First Supplemental Petition" before the 333rd Judicial District Court that were never non-suited, because the defendant's non-suited themselves instead of the plaintiff's and Texas Civ. Prac. Rule 162 does not provide a means for defendant's to non-suit themselves, in order to defeat diversity jurisdiction.

11. On February 19, 2018, held a hearing on several matters before the court and clarified that parties named plaintiff's "supplemental petition" never became parties to the lawsuit. As a result the only cause of action and parties before the court were *plaintiff's* Miramar *Lake Homeowners Association vs. Defendant Elizabeth Thomas, t*he case was not longer abated the court issued a new docket control order.

12. On February 19, 2018, with the case out of abatement it became removable pursuant to Section 1446(b)(3) which permits a defendant to file a notice of removal "within 30 days after receipt . . . of a copy of an pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

13. As of February 19, 2018, the only parties remaining in the 333rd Judicial District Court of Harris County Texas, under cause No. 2016-87941, presently are only Defendant *Elizabeth Thomas*, a resident of the State of Washington D.C., and debt collectors Plaintiff's "*Miramar Lake Homeowners Association Inc., a* resident of the State of Texas.

**Grounds for Removal: DIVERSITY**

14. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is now complete diversity of citizenship between debt collectors Plaintiff's Miramar Lake Homeowners Association Inc., and Defendant Elizabeth Thomas and more than $75,000.00 exclusive of interest and costs is at stake.

15. Plaintiffs Miramar Lake Homeowners Association Inc., *a*re residents of the State of Texas and their primary residents are in the State of Texas.

16. Defendant Elizabeth Thomas is a primary resident of the State of Washington D.C. Therefore there is complete diversity between Plaintiffs and Defendant in this action.

17. Plaintiff's Miramar Lake Homeowners Association Inc., in this action is seeking damages in the amount of $100,000.00 and unspecified amounts in attorney's fees and costs which well over $75,000 is in controversy and jurisdictional threshold under 28 U.S.C. § 1332(a), is satisfied.

**PLAINTIFF'S BATH FAITH ACTIONS TO AVIOD FEDERAL JURISDCITION**

18. On February 27, 2018, defendant Elizabeth Thomas had filed a prior removal to federal court under cause No. **18-cv-00622.**

19. On March 8, 2018, plaintiff's Miramar Lake Homeowners Association Inc., *filed a*

*motion to remand and seeking emergency relief by* making arguments that can only be described as fraud on the court, indeed the plaintiff's improperly imputed to the court that Thomas was the original plaintiff's under original proceeding in case entitled *Miramar Lake Homeowners Association vs. Elizabeth Thomas,* in the 281st Judicial District Court of Harris County Texas under cause No. 2017-04089, as such could not move the case to federal with the full knowledge that these statements to the court was materially false because they file the lawsuit they remain the plaintiffs in the case.

20. Secondly, plaintiff's Miramar Lake Homeowners Association Inc., *statements in their motion to remand and seeking emergency relief* materially misrepresented to the court that Defendant Thomas, was a vexatious litigant that had filed two other lawsuits in the 234th Judicial Harris County District and the 270th Judicial Harris County District; and hearing was scheduled to be heard on March 19, 2018, so that the court can consolidate those cases into the 333rd judicial Harris County District for the express purpose to further convenience and avoid prejudice, and thus promote the ends of justice is also materially false.

21. Plaintiff's Miramar Lake Homeowners Association Inc., *is not named as a party in any of these pending lawsuit. The* 234th Judicial Harris County District, Texas case is class action mortgage origination fraud lawsuit and the case pending in the 270th Judicial Harris County District, Texas, consist of one hundred forty-five (145) plaintiff's seeking a determination deeds neither of these cases have anything do with whether Defendant Thomas owes an yearly assessment fee. A trial court may consolidate actions that relate to substantially the same transaction, occurrence, subject matter, or question. Crestway

Care Ctr., Inc. v. Berchelmann, 945 S.W.2d 872, 873-74 (Tex. App.-San Antonio 1997, orig. proceeding) (op. on rehearing) (en banc); Lone Star Ford, Inc., 838 S.W.2d at 737. The actions should be so related that the evidence presented will be material, relevant, and admissible in each case. Owens-Corning Fiberglas Corp. v. Martin, 942 S.W.2d 712, 716 (Tex. App.-Dallas 1997, no pet.); Crestway Care Ctr., Inc., 945 S.W.2d at 873-74. A trial court may abuse its discretion by "incorrectly resolving the relatedness issue" or by consolidating cases when the consolidation results in prejudice to the complaining party. Crestway Care Ctr., Inc., 945 S.W.2d at 874 (citing Lone Star Ford, 838 S.W.2d at 738).

22. Plaintiff's Miramar Lake Homeowners Association Inc., *had no hearing scheduled on March 19, 2018,* none of these cases where going to be consolidated with the 333rd Judicial Harris County District Court. In order to avoid federal court.

23. The question actually present in the plaintiff's Motion to Remand is; may a plaintiff's deprive a diverse defendant like Ms. Thomas of her right to litigate in federal court by aggregating dozens of unrelated claims, by and against unrelated parties, based on distinct and unrelated transactions and occurrences to defeat federal court jurisdiction the answer is: they may not.

25. Diversity exists between Defendant Elizabeth Thomas and Plaintiff's Miramar Lake Homeowners Association this case was properly removed on February 27, 2018, on the basis of diversity jurisdiction. Plaintiff's bad faith attempt to get other cases consolidated unrelated to their own case to evade federal jurisdiction by fraudulent joiner and misjoinder of claims and parties. This case present a textbook illustration of why these

doctrines exist. Plaintiff's motion was filed in bad faith to defeat federal court jurisdiction.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

26. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a true and correct copies of all process, pleadings, order and documents from the State Court Action which have been served upon Defendant Elizabeth Thomas are being filed with this Notice of Removal.

27. This Notice of Removal has been filed within thirty (30) days of becoming removable pursuant to Section 1446(b)(3) which permits a defendant to file a notice of removal "within 30 days after receipt . . . of a copy of an pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable this case as of February 19, 2018 is no longer abated.

28. Defendant Thomas is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the Clerk of Harris County District Court, Harris County Texas, under cause No. 2016-87941, a copy of this Notice of Removal will also be served on the Plaintiff's.

**THE PLAINTIFFS IS NOT ENTITLED TO RECEIVE COSTS AND FEES**.

29. Regardless of the outcome of the Motion to Remand, the Plaintiff's is not entitled to costs and fees. The decision whether to award costs and fees under § 1447(c) rests in the Court's discretion, but that discretion should rarely be exercised in favor of an award: Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

30. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The proper inquiry is whether the removing party had a legitimate, fair, or objectively reasonable basis for removing the case. Id. at 136. Defendants had a legitimate, fair, or objectively reasonable basis for removing this case.

**CONCLUSION**

For the reasons set forth above, the defendant prays that upon the plaintiff's filing a motion to remand that the defendant be avoided and fair and just opportunity to respond and for any relief the court deems fair and just

Respectfully submitted,

By: /s/Colleen M. McClure

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**
Texas Bar No. 24012121
4201 Cypress Creek Parkway Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing NOTICE OF REMOVAL WITH EXHIBITS WAS SENT Via United States mail on the 19th day of MARCH 2018, postage prepaid thereon to:

Roberts, Markel, Wenberg, Butler & Haley
2800 Post Oak Boulevard Suite 5777
Houston Tx., 77056
Attorney for Plaintiff's

**UNITED STATES FEDERAL DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MIRAMAR LAKE HOME OWNERS' ASSOCIATION** | § | |
| | § | **CIVIL ACTION NO.____________** |
| | § | |
| ***PLAINTIFFS,*** | § | (Formerly 333rd Harris County District COURT CAUSE NO. 2016-87941) |
| | § | |
| **VS.** | § | |
| | § | |
| **ELIZABETH THOMAS** | § | |
| | § | |
| ***DEFENDANTS.*** | § | |

## DEFENDANT'S INDEX OF MATERIALS ATTACHED TO NOTICE OF REMOVAL

| No. | Date filed or Entered | Document |
|---|---|---|
| 1. | 1/20/2017 | Civil Information Sheet |
| 2. | 1/20/2017 | Plaintiff Original Petition and Request for Disclosure filed in the 281st Judicial District Court Harris County; |
| 3. | 1/27/2017 | Citation of Service on Defendant Elizabeth Thomas |
| 4. | 1/23/2017 to 2/18/2018 | No activity Case is Abated. |

**UNITED STATES FEDERAL DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MIRAMAR LAKE HOME OWNERS' ASSOCIATION** | § | |
| | § | **CIVIL ACTION NO.____________** |
| | § | |
| ***PLAINTIFFS,*** | § | (Formerly 333rd Harris County District COURT CAUSE NO. 2016-87941) |
| | § | |
| **VS.** | § | |
| | § | |
| **ELIZABETH THOMAS** | § | |
| | § | |
| ***DEFENDANTS.*** | § | |

---

## LIST OF COUNSEL OF RECORD

Roberts, Markel, Wenberg, Butler & Haley
2800 Post Oak Boulevard Suite 5777
Houston Tx., 77056
Attorney for Plaintiff's

By: /s/*Colleen M. McClure*
**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**
Texas Bar No. 24012121
4201 Cypress Creek Parkway Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att
**ATTORNEYS FOR DEENDANT**

Motion to further exercise supplemental jurisdiction over the pending state claims filed in the 127th Harris County District Court under cause no. **2017-76078** pursuant to 28 U.S.C., 1367 and upon the filing of this Notice of Removal with the Clerk of the Harris County District Courts for Harris County, Texas, the case in 127th Harris County District Court under cause no. **2017-76078** is affectedly removed and the District Court shall proceed no further in this action unless and until the case is remanded pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

By: /s/Colleen M. McClure
**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**
Texas Bar No. 24012121
4201 Cypress Creek Parkway Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net
**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2018, a true and correct copy of the above and foregoing document was served in accordance with Rule 21a via E-service and on counsel of record.

By: /s/Colleen M. McClure
**COLLEEN M. McCLURE**

**UNITED STATES FEDERAL DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MIRAMAR LAKE HOME OWNERS' ASSOCIATION Inc. | § | CIVIL ACTION NO. 4:18-CV-00851 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| ELIZABETH THOMAS | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE ITS PROPOSED SUPPLEMENTAL COUNTERCLAIM SUPPORTING MEMORANDUM AND THE PROPOSED PLEADING**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Elizabeth Thomas hereinafter (the "Defendant"), in the above-reference and styled cause moves for leave to file its proposed "Supplemental Counterclaim and/or Amended Counterclaim" ("the proposed pleading"). Defendant makes this motion pursuant to claims pursuant to 28 U.S.C. § 1367, and pursuant to Rule 15(a) and (c), Federal Rules of Civil Procedure, and the bases this motion the following supporting Memorandum, and on all pleadings and papers on file and on such oral argument as the Court may allow.

Under Rule 15(a), leave to amend a petition is to be "freely given when justice so requires." The emphasis is on "freely given", and courts have repeatedly explained that this provision governing amended pleadings is to be liberally construed in favor of permitting amendments. Absent factors counseling against permitting the amendment, such as filing in bad faith, or efforts to cause undue delay in the pending proceedings,

then pleading amendments should be permitted. The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility, of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). An outright refusal to grant leave to amend without a justifying reason is, however, an abuse of discretion. *Id*.

## MEMORANDUM OF POINT AND AUTHORITIES

### A. Background

1. Since the removal of this case from the 333rd District Court to this Federal Court on March 18, 2018, counsel has been unable to obtain any relief in the 234$^{th}$District Court of any kind. For example, no party is able to file motions and set them to be heard, file emergency restraining orders, or seek protection orders before the court. As a result, a Plaintiff in the lower court has had to file whole new pleadings on the same issues that are pending and just sitting in the 234th District Court. This pleading was filed in order to obtain a restraining order.

2. The ongoing war in the 234th District Court to transfer the case to the 333rd District Court was commenced and still ongoing by the Plaintiff's together with the Defendant's in the 234th District Court with the hopes of getting a pre-determine decision in the case while defeating diversity.

3. At the time this case was removed from state court, original jurisdiction in the underlying lawsuit was founded solely upon diversity, pursuant to 28 U.S.C. § 1332. This statute provides, in relevant part, that:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States . . . .

28 U.S.C. § 1332(a). Thus, § 1332 requires that the matter in controversy exceed $75,000.00, and that the action be between citizens of different states. *See id.*; Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) (noting that the Supreme Court has "consistently interpreted § 1332 as requiring complete diversity").

3. At the time of removal the Association Plaintiffs were and are Texas citizens while Defendant Thomas is a Washington D.C., citizen. There is complete diversity of citizenship, and the record is clear that the amount in controversy exceeds $75,000.00, fulfilling the requirements of § 1332(a). The Defendant's now seeks the court to exercise supplemental jurisdiction over her remaining claims in state court having no other remedy at law.

**B. Applicability of § 1367 to Thomas Remaining State Claims**

4. If a district court has original jurisdiction over at least one claim in a case, it must look to what was traditionally known as "pendent" or "ancillary" jurisdiction to assess whether it has jurisdiction over any remaining claims over which it would otherwise lack original jurisdiction. *See, e.g.,* City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 164-65 (1997) (federal question context).

5. Congress has codified the concepts of pendent and ancillary jurisdiction in the supplemental jurisdiction statute, 28 U.S.C. § 1367. *Id.* at 165 ("Congress has codified those principles in the supplemental jurisdiction statute, which combines the doctrines of pendent and ancillary jurisdiction under a common heading. 28 U.S.C. § 1367."); *Walter Fuller Aircraft Sales, Inc. v. Republic of Phil.*, 965 F.2d 1375, 1389 n.13 (5th Cir. 1992) ("[T]he intent of § 1367(a) was to codify the doctrines of pendent and ancillary jurisdiction.") (citations omitted).

6. Defendant Thomas argues § 1367 is applicable to her claims because the suit was removed to the district court pursuant to § 1332(a). This action was removed pursuant to § 1441(a), and the district court' has original jurisdiction founded solely on § 1332. Moreover, the Supreme Court has explicitly stated that § 1367(a) "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction.'" *City of Chi.*, 522 U.S. at 165 (quoting 28 U.S.C. § 1441(a)).

**C. Supplemental Jurisdiction under § 1367**

7. Statutory Framework Section 1367(a) reads as follows:

> (a) *Except as provided in subsections (b) and (c)* or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis added).

The Supreme Court has held that:

> [s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction. The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties.

*Exxon Mobil*, 545 U.S. at 558.

8. Defendant Thomas seeks leave to file her "supplemental counterclaim and/or amended counterclaim" to add additional parties and claims pending in the State District Court for which defendant presently has no remedy at law or equal access to the courts to pursue. The Plaintiff's although not named in the pending claims in the Districts Courts would still suffer an adverse negative effect if a decision is rendered in the defendant favor as such in collaboration with the Defendants in the 234th District continue to wage war including threatening harm to individuals in Miramar Lake if they don't get the cases in transferred to the 333rd to in order to get a pre-determined decision in their favor and to defeat diversity, since plaintiffs never served Thomas personally with said lawsuit.

9. The supplemental or amended petition would afford the defendant to bring all of her claims before one single while the others can file a motion of intervention there are matters of the supplemental part of the proposed pleadings which adds allegations regarding events occurring since the removal to this court.

10. Rule 15 (a) governs amendment of pleadings and provides that leave to amend is required "leave shall be freely given when justice so requires." Rule 15 (d) governs supplemental pleadings and provides that this Court "may upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the

pleading sought to be supplemented."

11. The important action has required (and will continue to require) a sorting through the challenges issues of massive fraud that is being sought to conceal. In short, this is a case where justice requires leave to amend and supplement.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays for the Court to grant this motion and order, allow Plaintiff to file a supplemental and/or amended counterclaim Petition to be filed by the Clerk, and for whatever further the Court deems just and proper in the premises.

Dated: April 12, 2018

Respectfully submitted,

By: /s/*Colleen M. McClure*

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**
Texas Bar No. 24012121
4201 Cypress Creek Parkway Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net
**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2018, I electronically filed the foregoing document with the Clerk of Court and all counsel of record using the ECF system.

By: /s/*Colleen M. McClure*

**UNITED STATES FEDERAL DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**MIRAMAR LAKE HOMEOWNERS ASSOCIATION Inc.**

Plaintiff,

vs.

ELIZABETH THOMAS

Defendant.

.

ELIZABETH THOMAS.

Counterclaimant

vs.

MERITAGE HOMES CORPORATION A MARYLAND CORPORATION F/K/A MERITAGE CORPORATION A MARYLAND CORPORATION F/K/A LEGACY MONTEREY HOMES LP. A ARIZONA LIMITED PARTNERSHIP; MERITAGE HOMES OF TEXAS LLC. A ARIZONA LIMITED LIABILITY COMPANY F/K/A MERITAGE HOMES OF TEXAS LP. A ARIZONA LIMITED PARTNERSHIP F/K/A LEGACY MONTEREY HOMES LP., A ARIZONA; LIMITED PARTNERSHIP; MTH LENDING GROUP L.P., A TEXAS LIMITED PARTNERSHIP PRIMARY RESIDENTIAL MORTGAGE INC. A NEVADA CORPORATION; MARY A. LESTER A TEXAS INDIVIDUAL; STEWART TITLE COMPANY A TEXAS CORPORATION;SKYLAND INTERESTS LLC. F/K/A CADY CELA VENTURES I, LLC., A TEXAS LIMITED LIABILITY COMPANY;

Counterdfefendants.

4:18-CV-00851

**DEFENDANT'S MOTION FOR LEAVE TO FILE ITS PROPOSED SUPPLEMENTAL COUNTERCLAIM SUPPORTING MEMORANDUM AND THE PROPOSED PLEADING**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Elizabeth Thomas seeking leave of this court to file an " First Supplemental or Amended Counterclaim" against counterdefendants MERITAGE HOMES OF TEXAS LLC. F/K/A MERITAGE HOMES OF TEXAS LP., F/K/A LEGACY MONTEREY HOMES LP., MTH LENDING GROUP L.P., PRIMARY RESIDENTIAL MORTGAGE INC., MARY A. LESTER, MERITAGE HOMES CORPORATION, F/K/A MERITAGE CORPORATION F/K/A LEGACY/MONTEREY HOMES L.P., STEWART TITLE COMPANY, SKYLAND INTERESTS LLC. F/K/A CADY CELA VENTURES I, LLC., and for cause will show the Court as follows:

**Proposed Allegations**

Thomas and others are victims of the Mortgage Refinance Ponzi scheme implemented and designed by the counterdefendant's and other unnamed co-conspirators whom fraudulently lured Thomas and other victims into thier illegal ponzi scheme under the false pretense and promise that she, or they could purchase various lots of land in but not limited to Miramar Lake a subdivision in Harris County, Texas, for a small down payment of $1,000 to $2,000, and get mortgages for the unpaid portion of the purchase price since the builder own its on mortgage company.

Thomas and other victims in the scheme have since discovered that the purported lots of land they allegedly purchase are grantor entities MERITAGE HOMES OF TEXAS LLC, a limited liability company f/k/a MERITAGE HOMES OF TEXAS LP., f/k/a LEGACY/MONTERREY HOMES L.P., a Texas limited partnership; all of whom according to the Texas Secretary of State has never even existed. See **Exhibits A, B, and C** attached hereto.

The fraudulent purpose of the lure to purchase land was to deceived Thomas and other victims into believing that they could "mortgages" as in seller financing "credit sales" for the unpaid portion of the purchase.

Unbeknownst to Thomas and other victims in the scheme at the time is that there was never any intent of a sale of any land nor was there ever any intent to finance the transaction: instead the claimantdefendant's merely sought to obtained access to Thomas and other victims personal and financial confidential information to unlawfully use without their knowledge or consent to file false and fraudulent consumer loan applications to Fannie Mae and Freddie Mac investors seeking advance cash under the false pretense that said cash would be used to fund a consumer real property purchase price and the property would secure the investors investment and upon receipt of the cash the claimantdefendants divert and laundered to refinance billions of dollars in outstanding business commercial debts the mortgage fraud refinance ponzi is reproduce below:

A. **How Defendants Meritage Homes of Texas LLC. f/k/a Meritage Homes of Texas L.P., f/k/a Legacy/Monterey Homes of Texas L.P., and its Lender MTH Lending Group L.P., Mortgage Fraud Scheme works;**

. On September 12, 2007 Defendants Meritage Homes of Texas LLC., f/k/a Meritage Homes of Texas LP., f/k/a Legacy/Monterey Homes LP. ("Meritage Homes") material represented to Ms. Thomas and her family that for $2,000 down payment, they could qualify for an seller financing extension of credit mortgage loan from its Lender MTH Lending Group L.P., a Texas limited partnership located of **550 Westcott, STE 450, Houston Tex. 77007**, in the amount of $229,400.00, for the balance of her purchase price.

On September 12, 2007, when Meritage Homes lender, MTH Lending Group L.P., loan officer employee e-mailed Ms. Thomas a loan application soliciting her social security number, driver's license for identity, credit score and other personal confidential information including her household income information, under pretenses and promises that said information would only be used in determining whether or not Ms. Thomas qualified for "an extension of credit" based on her household income, that this was a material false misrepresentation.

On September 24, 2007, Meritage Homes lender MTH Lending Group L.P., loan officer employee notified Ms. Thomas that she had been approved for an "**extension of credit**" (a **Seller Financing type of loan**) in the amount of **$235,262.47** under loan **1000786762** upon the signing certain final loan agreements and mandatory loan disclosures (pursuant to Section 26.02 (b) of the Texas Business and Commerce Code), for the unpaid portion of her purchase price.[1]

**Unbeknownst** to Ms. Thomas, until around the year 2015, is that a extension of credit is a Texas Home Equity loan, that is used for someone who already owns property with equity and seeks to convert that equity into spendable cash; and since Thomas own no real property she could have never used this type of financing to purchase real property nor did lender, MTH Lending Group L.P., located at 550 **Westcott, STE 450, Houston Tex, 77007,** notify

---

[1]. **Seller Extending Credit –**If the seller is a creditor in the transaction, the transaction is a credit sale and the special credit sale disclosures (that is, the disclosures under § 226.18(j)) must be given). This applies even if there is more than one creditor in the transaction and the creditor making the disclosures is not the seller. (See the commentary to § 226.17(d).

**Truth in Lending ("Regulation Z") Definitions Section 226.** 12 defines Consumer ***credit*** means credit offered or extended to a consumer primarily for personal, family, or household purposes. **Section 226.**13 defines ***Consummation*** means the time that a consumer becomes contractually obligated on a credit transaction. **Section 226.**16 ***Credit sale*** **means a sale in which the seller is a creditor**. See also: http://www.fdic.gov/regulations/laws/rules/6500-1360.html

Thomas that is type of financing is what they were licensed for by the Office of Consumer Credit, as "Regulated Lender" for 342-G/A6-mortgage/Home Equity loans or 342-E-General/Sub E loans and under the license, as implied in Chapter 342 of the Tex. Fin. Code, such type of loans applies only to **secondary** mortgage loans, and fraudulently told Ms. Thomas a purported new home buyer and thousands of victims that they could fund finance their purchase prices with extensions of credit.. **See Exhibits D, E, F, and G.**

Thomas's has since discovered on or about the year of 2106, that the Counterclaimants Meritage Homes, lender MTH Lending Group L.P., sham offer of funding with extension of credit i.e., was merely a scheme to obtain access to her and other victims in the scheme confidential information in order to file fraudulent consumer loans in her name to Fannie Mae without her knowledge or consent for the sole purpose of laundering the proceeds to refinance business commercial debts.

**B. Thomas discover that Counterdefendants MTH Lending Group L.P., and Primary Residential Mortgage Inc., unlawfully used their Confidential Personal and Financial Information to File False and Fraudulent Loan Applications to Fannie Mae and Freddie Mac Investors in their names seeking advance cash:**

In the year of 2016, Claimant Thomas discovered that their existed a undisclosed whole secondary fraudulent loan file due to a fraudulent consumer loan application being submitted to Fannie Mae in her name that was supported with fake pay stubs and a false employment history seeking $239,400.00 seeking advance cash which was approved under loan number **568200031.**

**A. ELIZABETH THOMAS**

On November 16, 2016, Claimant Thomas discovered Meritage Homes lender MTH Lending Group L.P., and Primary Residential Mortgage Inc., together unlawfully used

Thomas' personal and confidential financial information without her knowledge or consent, to file a fraudulent loan application to Fannie Mae investors seeking advance cash and after the loan was approved took affirmative steps to fraudulently conceal this loan for years.

On November 16, 2016, Thomas discovered that on October 16, 2007, without Ms. Thomas' knowledge or consent, Meritage Home's lender MTH Lending Group L.P., and Primary Residential Mortgage Inc., together unlawfully used Ms. Thomas social security number, credit score and a fake employment history, supported by fake pay stubs and a false and fraudulent employment verification and use it to electronically file using Fannie "Desktop Originator®, a false and fraudulent loan application with Fannie Mae seeking her investors' approval for advance cash under loan number **568200031**.

On November 16, 2016, Plaintiff's Thomas discovered that Meritage Home's lender MTH Lending Group L.P., and/or Primary Residential Mortgage Inc., loan processor, employee Kathi Lewis, on October 17, 2007, prepared or caused to be prepared a false and fraudulent 1003 loan application which contains a false and fraudulent employment history in Plaintiff Thomas's name in that she worked as Regional Sales Agent in the State of Texas since 2004, when in fact Ms. Thomas, did not reside in the State of Texas in the year 2004. This is also despite the fact Plaintiff Thomas never had any communications with a loan processor, named Kathi Lewis.

On November 16, 2016, Plaintiff's Thomas discovered that instead of being provided with an extension of credit (seller-financing loan), that the extension of credit was pursuant to Section 50(a)(6), Article XVI, Texas Constitution evidence by a copy of a

Affidavit of Acknowledgement of Fair Market Value of Homestead prepared and notarized by Nicole Smith escrow agent employee of MTH Title Company L.C., this fraudulent affidavit gives the false appearance on paper that Thomas already owned said property an October 19, 2007, when in fact Plaintiff Thomas did not;

On November 16, 2016, Plaintiff's Thomas discovered this fraudulent Fannie Mae loan was discovered by Republic Mortgage Insurance Company on April 23, 2010, who had canceled the PMI mortgage insurance due the fraudulent employment work history that was submitted to Fannie Mae for the loan. This information has also been intentionally concealed from Plaintiff Thomas, but made known to Dave Zitting of Primary Residential Mortgage Inc.

On March 21, 2016, , J.P. Morgan Chase Bank N.A, employee Joseph A. Garcia requested confirmed for Ms. Thomas, that Chase was servicing her Texas home equity loan/mortgage account. See **Exhibit H and I** attached hereto.

**C. Thomas discover that "Fannie Mae and Freddie Mac" Investors Cash was unlawfully use for a business purpose to "Refinance and Reduce" MERITAGE CORPORATION f/k/a LEGACY/MONTEREY HOMES LP., outstanding business commercial debts.**

In the year of 2015, each of the Plaintiff's discovered from Texas Abstract Services Inc., that on August 5, 1997, Legacy/Monterey Homes L.P., an Arizona limited partnership, filed a "Master Form Deed of Trust" that was executed by Richard T. Morgan and recorded it in the Harris County Real Property Records to secure its indebtedness and obligations, of (Revolving Equity Loans and Letters of Credit" the "Indebtedness"), thereby GRANT, BARGAIN, SELL, ASSIGN, and CONVEY the Land ("LAND") in Harris

County, Texas, unto Thomas M. Covert, in trust for the benefit of GUARANTY FEDERAL BANK F.S.B. **See Exhibit** J attached hereto.

The Plaintiff's alleges that the cash obtained by unlawfully using Thomas confidential information to file false and fraudulent consumer loan applications to Fannie Mae/Freddie Mac investors without their knowledge or consent in her names; **was upon approval** paid directly to **GUARANTY FEDERAL BANK F.S.B.**, to "refinance and reduce" **Meritage Corporation f/k/a Legacy/Monterey Homes L.P.**, outstanding business commercial debts.

The truth-lending act provides whenever there is a challenge to the use of funds stemming for a mortgage loan, courts have uniformly and consistently held that in order to determine whether the cash proceeds from a mortgage loan was used by a natural person (consumer) to acquire property, which is the subject or purpose of the loan; **or instead**, used for commercial business purposes; the **"use of funds"** is the controlling, factor in determining the transaction.[2]

### A. Elizabeth Thomas

> **Use of Fannie Mae Investors cash Funds**—in the year of 2015, Thomas received a set of alleged closing documents from Stewart Title Company through a discovery device which contained records from an purported October 19, 2007, closing at MTH Title Company L.P., which evidence that the illegal cash proceeds obtained from the Fannie Mae loan by unlawfully using Thomas

[2].. The consumer Truth –in-Lending Act ("TILA"), does not apply to business transactions and these loans are not consumer transactions because TILA requires a consumer loan to be made (1) to a natural person and (2) for a consumer purpose. The fact that a loan is made to a natural person does not render the loan a consumer loan; both requirements must be met the fact that a creditor or servicer treats a transaction as a consumer transaction does not prove that it is a consumer transaction; even if the loan is secured by a consumer homes still does **not make it a consumer transaction** if the **funds were used for business purposes**. See: People's Bank of Arlington Heights v. Atlas, No. 1-13-3775, 2015 WL 3826237 (Ill. App. Ct. June 18, 2015).

confidential personal and financial information supported with a false and fake employment history and fake paystubs was approved and funded, in the amount of **$234,948.60** and disbursed to **Primary Residential Mortgage Inc**., who paid this cash by wire directly to "**Guaranty Federal Bank** in the amount of **$218,038.00.** Upon receipt of these cash funds, **Guaranty Federal Bank** issued a credit to **Meritage Corporation f/k/a Legacy/Monterey Homes L.P.'s** corporate account to refinance and reduce its outstanding business commercial debt in the amount of **$222,012.32**; and this was a business transaction **not** a consumer transaction.

This cash stemming from the Fannie Mae loan was used for a business purpose to "**refinanced and reduced**" Meritage Corporation's f/k/a Legacy/Monterey Homes L.P., undisclosed pre-existing "First Lien Mortgage Loan" secured by the August 5, 1997, "Master Deed of Trust" for millions of dollars in outstanding business commercial debt for "**Revolving Line of Equity Credit**" outstanding and owed to **Guaranty Federal Bank.** This was a business commercial transaction in 98% of the illegal Freddie Mac cash proceeds was used to refinance business commercial debts and this was not a consumer transaction.

**Primary Residential Mortgage Inc**., unlawfully accessed and used unbeknownst to Ms. Thomas her identity confidential personal and financial information without her knowledge or consent applied for and received a loan using fake pay stubs and false employment history in Thomas name and upon receipt of the illegal cash, paid it by wire directly to **Guaranty Federal Bank**. (a wire transfer unlike when one deposits money in someone account, there is no physical cash movement with this option, only the balance in each account is modified since the identification of both the parties is confirmed prior to the transfer). Ms. Thomas was not indebted to **Guaranty Federal Bank**;

**See Exhibit K and L attached hereto.**

Thomas states that, contrary to the fraudulent loan application supported by fake pay stubs and false employment history submitted to Fannie Mae:

- Thomas never provided or approved for her personal or financial information to be accessed or used by Primary Residential Mortgage Inc., nor did Plaintiff Thomas submit a loan application or sign or enter into any financial written loan contracts or loan agreements with Primary pursuant to Tex. Bus. § Com. Code §26.02. She only dealt with MTH Lending Group L.P., concerning financial matters; and,

- Thomas did not believe she was refinancing a pre-existing first lien mortgage loan for outstanding business debts. She thought she was purchasing a real estate parcel lot of land with the improvement; and,

- Thomas never conducted any business with Meritage Corporation a holding company with no independent assets or business operations and Thomas was not indebted to Guaranty Federal Bank for any prior debts: and,

- Thomas never applied for and received cash from a cash out refinance loan from Fannie Mae via Primary Residential Mortgage Inc. due to owning no real property with equity to cash out and refinance.

**D. The Captive Title Companies executes falsified fraudulent closings documents at each of Plaintiff's alleged closing in Order to Intentionally Conceal the Fraud:**

MTH Title Company L.C.,( the "Captive Title Company") was created by Stewart Title Company employees "Title Agent E.D. Lester" (a V.P. for "Stewart Guaranty Company"), Jack Mahoney (a Stewart Title/Escrow Agent) and Mary Alice Gonzalez-Lester (a Stewart Tile Escrow/Agent) all of whom were members and Meritage Homes Corporation f/k/a Meritage Corporation f/k/a Legacy/Monterey Homes L.P., its then executive member Richard T. Morgan ("as V.P. of Legacy/Monterey Homes L.P.,") and its then general partner Michael J. Pizzitola Jr. of ("of MTH-Texas L.P") who where members together on December 19, 2002 **Richard T. Morgan** and **Michael J. Pizzitola Jr.**, served as unlicensed "title agents."

Meritage Homes Corporation f/k/a Meritage Corporation held a 49% interest in MTH Title Company L.C., and Stewart Title Company held controlling 51% interest.

Mary A. Lester while a member of MTH Title Company L.C., caused this LLC to used to "perpetrate an actual fraud" ... and did perpetrate an actual fraud on Thomas and other victims s primarily for the direct personal benefit of the considered Meritage Corporation and Stewart Title Company" See: Tex. Bus. Orgs. Code §21.223(b), in the alternative the LLC is merely the alter ego of the individuals behind it.

Mary A. Lester, while a member of MTH Title Company L.C., used to the LLC to perpetrate

an actual fraud on the Thomas's by providing closing escrow and title services which consisted of (i) falsifying Thomas s HUD-1 Settlement Statements to give the false appearance on paper that cash was received from purported lenders that are in fact non-existent (ii) falsifying Thomas HUD-1 Settlement Statements to give the false appearance on paper that this mystical advance cash received from non-lenders was disbursed to an alleged seller; (ii) fraudulently executed non-funded advance cash purchase money promissory notes and naming payees as non-existent lenders (iv) fraudulently recorded or caused to be recorded deeds of trust securing non-existent advance money purchase loans to non-existent Lender/beneficiaries, and named Tilwa L. Grooms as the fake Trustee (v) fraudulently prepared and/or executed several sets of closing loan documents as part of a switch and bait scheme described below:

i. **Bait**--- by materially misrepresenting at Thomas and other victims each purported settlement closing that they were executing loan documents (the "**First Mortgage Loan**") to lenders, MTH Lending Group L.P., a Texas limited partnership; lender branch located at **550 Westcott, STE 450, Houston Tex, 77007;** and/or_MTH Lending Group L.P., a corporation organized and existing under the laws of the State of Texas or the Law of the State of Utah ; lender licensed branch located of 4750 West Wiley Way, STE 206, Salt Lake City Utah 84116; under the false pretense to fund consummate the sale and purchase of various lots of land in Miramar Lake; fully aware that no such transaction was transpiring;

ii. **Switch**---Instead unbeknownst to Thomas is that she was secretly closing an undisclosed Fannie Mae or Freddie Mac; loans (the "**Second Mortgage Loan**"), that had unknowingly been taken out in the plaintiffs names; and upon approval was used to "**refinance and reduce**" billions of dollars of business commercial debts of Meritage Corporation f/k/a Legacy/Monterey Homes L.P., that was secured by the undisclosed pre-existing "First Lien Mortgage Loan"; and

iii. **Concealment**------Thereinafter counterDefendant's would fraudulently concealed the existence of (the "First Mortgage Loan") and the existence of (the "Second Mortgage Loan"), by unbeknownst the Plaintiff's finalizing each of settlement closings with an undisclosed fraudulent ("**Third Mortgage Loan**") which gives the false appearance on paper that Thomas and each of

the other victims purchase prices were funded with "advance cash purchase money loans" from "Lenders" that in fact are non-existent as detailed below:

Mary A. Lester, while a member of MTH Title Company L.C., used to the LLC to perpetrate an actual fraud on the Thomas s through the "bait and switch" for the sole purpose of fraudulently inducing the Thomas 's and other victims in the scheme to defraud to participate in the fraudulent closings under the false pretenses that they were executing final closing loan documents (**"First Mortgage Loans"**) with lender MTH Lending Group for whom they had entered into final written loan agreements with;

**while instead** Thomas s were secretly closing on the false and fraudulent consumer Fannie Mae or Freddie Mac loans **"Second Mortgage Loans"**)that were unlawfully unbeknownst to Thomas 's taken out in her name and illegally embezzled and/or laundered and used to "refinance and reduce" the billions of dollars of business commercial debts of Meritage Homes Corporation f/k/a Legacy/Monterey Homes L.P., owing to Guaranty Federal Bank F.S.B, and

To conceal and cover-up the mortgage fraud origination scheme manufactured at Thomas each of the other victims closing executed false and fraudulent closing documents (**"Third Mortgage Loans"**) many of which bare forged signatures of Thomas name as well forge signatures of other victims in the fraudulent scheme to defraud. The closing documents gives the false and fraudulent appearance on paper that lenders who no legal existence whatsoever advance mystical cash (purchase money loans) and funded Thomas and thousands of consumers across the State of Texas purchase prices represents fraud the method and manner in the **"bait and switch"** scheme operates is reproduced below **to wit**.

**The Bait**: On November 16, 2016, Thomas discovered that on October 19, 2007, when she executed final written loan documents for the funding of an **"extension of credit"** (seller-

financing loan) mortgage loan from Meritage Homes lender MTH Lending Group LP., in the amount of **$235,262.47** under loan number **1000786762**, to purchase of lot twenty –five (25), in Miramar Lake subdivision; as this transaction in fact never transpired as material misrepresented :**instead** Thomas was made a victim to **"bait and switch"** fraudulent illegal mortgage laundering ponzi scheme whereas concealed was a another set of loans documents for a Fannie Mae that had been taken out in her name without her knowledge or consent and unbeknownst to Ms. Thomas this fraudulent loan was switched and the one closed on October 19, 2007. See **Exhibit D** attached hereto.

**The Switch**: unbeknownst to Ms. Thomas, until on or about the year of 2016, is that on October 19, 2007, the loan closed on was an undisclosed illegal fraudulent Fannie Mae loan (the "**Second Mortgage Loan**") that had been taken out in her name by Primary Residential Mortgage Inc., on October 16, 2007, in the amount of **$239,400.00**, and was approved under loan number **568200031;** See **Exhibit E** attached hereto

**The Concealment**: Unbeknownst to Thomas, until on or about the year 2016, is that to cover-up and conceal the existence of the fraudulent illegal fraudulent Fannie Mae under loan number **568200031;** taken out in her name; another fictitious set of fraudulent loan documents (**"Third Mortgage Loan"**) under loan number **56820004,** in the amount of **$239,400.00**, from lender **FLAGSTONE LENDING GROUP**, a corporation organized and existing under the laws of the **State of Utah** with lender branch location being 4750 West Wiley Way, STE 206, Salt Lake City Utah 84116 , had been executed baring her **forged signature.** See **Exhibit M** attached hereto

This fraudulent fictitious **"third set of loan documents"** prepared by Twila L. Grooms or some other lawyer operating out of her office baring the forged signature of Ms. Thomas,

for an advance cash purchase money in the amount of **$239,400.00**, under loan number **56820004**, **gives** the false appearance on paper that lender **FLAGSTONE LENDING GROUP**, a purported **"Utah Corporation"** had advance cash and funded Ms. Thomas purchase price on October 19, 2007.

However on November 16, 2016, the Utah Secretary of State issued a certificate of non-existence for lender **FLAGSTONE LENDING GROUP**, nullifying its existence as a "corporation" under the laws of the **State of Utah**. Hence, according to the Utah Residential Mortgage Practices and Licensing Act and Rule R162-2c., of Utah Residential Mortgage Practices and Licensing Rules,[5] **FLAGSTONE LENDING GROUP** is not licensed as a lender or authorized under the laws of the **State of Utah** to legally extend loans to consumers from the branch location of 4750 West Wiley Way, STE 206, Salt Lake City Utah 84116; See Exhibits

Under laws of the State of Utah pursuant Utah Residential Mortgage Practices and Licensing Act[6] and Rule R162-2c., and Utah Residential Mortgage Practices and Licensing Rules,[5] operating without a license violates division (A)(1) or (2) of section 1322.02, Title 13 XIII Uniform Commercial Code division (E), (F), or (G) of section 1322.07, division (B)(1) or (2) of section 1322.071, or section 1322.08 of the Revised Code is a felony of the fifth degree.

. This fictitious non-existing advance cash money loans from non-existence Lender **FLAGSTONE LENDING GROUP**, a purported **Utah corporation** is not isolated to just Ms. Thomas as there are thousands of other consumers in Harris County and across Texas that also have fraudulent liens (" deeds of trust") secured to non-existent lender which names Twila L. Grooms as Trustee for non-existent beneficiaries as part of mortgage fraud ponzi scheme to defraud and cause Thomas and other consumers financial harm and damages.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this district under 28 U.S.C. § 1391.

## CAUSES OF ACTION

**Count-1 Fraud by Misrepresentation against Counterdefendants Meritage Homes of Texas LLC. f/k/a Meritage Homes of Texas LP., f/k/a Legacy/Monterey Homes LP., lender MTH Lending Group L.P.**

Thomas incorporates the allegations stated above as if fully restated below.

On September 24 2007, the conduct of the counterdefendants during the transaction, discovered by counterclaimant Thomas, on November 16, 2016, is that counterdefendants made false promises and material misrepresentation that she had been approved for extension of credit in the amount of **$235,262.47** under loan number **1000786762**; to fund her **purchase price**;

Counterdefendants made false promises to Thomas that she was approved for a extension of credit mortgage that was material and made with the intention of not fulfilling it; made to Thomas for the purpose of inducing her into enter a contract; and (d) Thomas justifiably relied on counterdefendants false promise by entering into the contract.

Pursuant to Section 27.01(b) of the Texas Business and Commerce Code, because of the false representations and false promises made by counterdefendants are liable for Thomas actual damages.

Pursuant to Section 27.01 (c) of the Texas Business and Commerce Code, because counterdefendants made the false representation and false promises with actual awareness of the falsity thereof, they are liable for exemplary damages.

Pursuant to Section 27.01 ((1) of the Texas Business and Commerce Code, because Defendants had actual awareness of the falsity or the representations and promises made to Thomas and counterdefendants benefitted from the false representations and promises, as such they are liable for exemplary damages.

Pursuant to Section 27 .01(e) of the Texas Business and Commerce Code, ounterdefendants are liable for the reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court incurred by Thomas s. Fletcher v. Edwards, 26 S.W.3d 66, 77 (Tex. App.—Waco 2000, pet. denied).

**Count 2-Common Law Fraud against Counterdefendants Meritage Homes of Texas LLC., f/k/a Meritage Homes of Texas LP., f/k/a Legacy/Monterey Homes LP., lender MTH Lending Group L.P.**

Counterclaimant incorporates the allegations stated above as if fully restated below.

On November 16, 2016, Thomas discovered that on September 24 2007, counterdefendant made a material false misrepresentation in that they had been approved for an extension of credit in the amount of **$235,262.47** under loan number **1000786762**; to fund the **purchase price**; knowing this representation was false and made with the intent to deceive with no intention of performing as represented at the time the representation was made. Formosa, 960 S.W.2d at 48; Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex. 1986).

The representation was false when the representation was made, and the counterdefendants knew it was false or made it recklessly without any knowledge of the

truth and as a positive assertion; the Counterdefendant's made the representation with the intent that the other party should act upon it;

Thomas, acted in reliance on the Counterdefendants' representation on September 24 2007, in that she has been approved for an extension of credit in the amount of **$235,262.47** under loan number **1000786762; to** fund her purchase price **and** plaintiffs has thereby suffered injury. In re First Merit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001) (orig. proceeding).

Thomas seeks the actual amount of claim a loss of 5 Million Dollars for her proximately loss resulting from the cunterdefendant's fraudulent conduct." Tilton v. Marshall, 925 S.W.2d 672, 680 (Tex. 1996); and to recover reasonable cost and necessary attorney fees.

**COUNT-3 Violation of Texas Deceptive Trade Practice Act against Countrerdefendants Meritage Homes of Texas LLC., f/k/a Meritage Homes of Texas LP., f/k/a Legacy/Monterey Homes LP., lender MTH Lending Group L.P.**

Counterclaimant incorporates the allegations stated above as if fully restated below.

Elizabeth Thomas, are consumers as defined in the DTPA, each of whom sought the financial services of the defendants that was to be furnished in connection with funding the sale of goods. § 17.45(2). See: Section 17.45(4), (the sale of real property and financing were inextricably intertwined). Texas DTPA and Tex. Bus. & Com. Code Ann. § 17.45(1) (services).

On November 16, 2016, Thomas discovered that on September 24 2007, counterdefendant's made a material misrepresentation that she had been approved for an extension of credit in the amount of **$235,262.47** under loan number **1000786762**; to fund her **purchase price;** and counterdefendants representation was made with the intent to deceive and with no intention of performing as represented at the time the

representation was made. Formosa, 960 S.W.2d at 48; Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex. 1986).

Counterdefendant's used false misleading and deceptive acts and practices to mislead plaintiffs into believing that they were approved for the financial services of extensions of credit that could and would be used to fund Thomas  acquisition of goods for which consumer status is established. 17.46(b)(24) of the DTPA.   See, e.g., Flenniken v. Longview Bank & Trust Co., 661 S.W.2d 705, 708 (Tex. 1983) (DTPA applied to financing for purchase of a property  because purchaser "did not seek to borrow money; they sought to acquire land and a house."); Brown v. Bank of Galveston, 930 S.W.2d 140, 143 (Tex. App.-Houston [14 Dist.] 1996) ("Where the extension of credit is incident to the sale of goods or services and the conduct of the party extending the credit is intertwined in the transaction, and the borrower is a consumer with respect to the creditor, as well as to the seller of the goods.").

Under Section 17.45(4), the defendants made false promises and material misrepresentations, including those as described in this petition, which were false, misleading and deceptive in that the representations violates subdivisions (5) and (7) of Section 17.46 of Texas Deceptive Trade Practices Act designed to ensure the accuracy of descriptions of goods and services.  This covers both general and specific descriptions in that they constitute representations that particular goods and services are of certain qualities which in this case was inaccurate or false, or the goods and services have certain qualities, uses or benefits for which they did not have; and

Counterclaimants as alleged above, has in the course of trade and commerce engaged in false misleading and deceptive acts and practices declared unlawful in §§ 17.46 (a) and (b) of  the DTPA. Without limiting the foregoing, Counterdefendants engaged in the following

misconduct:

A.  §17.46(a) false, misleading, or deceptive acts or practices in the course of trade or commerce.

B.  §17.46(b)(3) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another.

C.  §17.46(b)(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not.

D.  §17.46(b)(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are another.

E.  §17.46(b) (12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

F.  §17.46(b) (24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

Thomas  at the time were unsophisticated first-time homebuyers of real property who had little or no prior real property finance experience and no legal expertise.  Thomas had no reason to doubt the material representations of the counterdefendants  in that their purchase price could and would be finance with "extensions of credit" seller finance type loans; knowing defendant's had no intention of nor could have funded Thomas  purchase price with a Texas Equity Loan; and Thomas  detrimentally relied on the false, misleading, or deceptive act or practice,

Counterdefendants unconscionable act or practice by taking advantage of the consumer'/plaintiffs lack of knowledge, ability, experience or capacity to a grossly unfair degree; and violates Sec. 17.50(a)(3), of Texas Deceptive Trade Practices Act and was the producing cause of actual economic damages and  damages for mental anguish suffered by

Thomas. Thomas should recover an actual damages of Five (5) Million for Thomas and a additional sum of three (3) times actual damages.

In the alternative Counterdefendants actions and omissions set forth above were, and each was, in violation of §17.46(a) in that said practice was false, misleading, or deceptive acts or practices in the course of trade or commerce, and the producing cause of actual, economic damages and for mental anguish to the Thomas /or pecuniary loss sustained by the plaintiff,. Further said acts and practices were committed knowingly, for which the Plaintiffs should recover an additional sum of three (3) times actual damage. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 649 (Tex.1996). The prevailing party is to be awarded court costs and reasonable and necessary attorney's fees.

**COUNT-4 Fraud by Non-Disclosure against Counterdefendants Meritage Homes of Texas LLC., f/k/a Meritage Homes of Texas LP., f/k/a Legacy/Monterey Homes LP., lender MTH Lending Group L.P.**

Counterclaimant incorporates the allegations stated above as if fully restated below.

Counterdefendant Meritage Homes Lender MTH Lending Group L.P., and each of the plaintiff's had a confidential or fiduciary relationship wherein Thomas would ' voluntarily disclosed her personal and confidential information for evaluations for "extension of credit seller financing" approvals to fund the unpaid portion of their purchases; shortly after applying defendants' material represented to Thomas that she would not need any financial institutional loan as they had been "APPROVED" for said extensions of credit seller financing and; the counterdefendants ailed to disclose "**new information**" in that Thomas confidential personal and financial information had been unlawfully used to file false and fraudulent consumer loan application unknowingly in their names to Fannie Mae/Freddie Mac investors one or two before each of their alleged closing; and the cash for these approved fraudulent

consumer Fannie Mae/Freddie Mac loans was paid directly to **GUARANTY FEDERAL BANK** to "**refinance and reduce**" **MERITAGE CORPORATION F/K/A LEGACY/MONTEREY HOMES LP.**, millions if not billions outstanding business commercial debts; the defendants was aware of the undisclosed Fannie Mae/Freddie Mac loans and the use of funds which makes the earlier representation misleading or untrue; and conveys a false impression, which gives rise to the duty to speak had personal and superior knowledge and knew that Thomas was ignorant of facts.

Counterdefendant Meritage Homes lender MTH Lending Group L.P., deliberately remained silent when they had a duty to speak. (quoting . *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992) *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex. 1998), knew that Thomas at the time lacked any knowledge of the fact that she had a fraudulent Fannie Mae loan in her name and that Thomas would not and did not have an equal opportunity to discover these facts.

This information was material in that "a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction in question." Italian Cowboy, 2011 WL 1445950, at *10. (citing Smith v. KNC Optical, Inc., 296 S.W.3d 807, 812 (Tex.App.-Dallas 2009, no pet.)). For which plaintiff's has been denied for years.

Thomas relied to her own detriment on CountedDefendant Meritage Homes lender MTH Lending Group L.P., nondisclosure, and concealment in that there real property purchase prices were funded extension of credit; **when in fact they were not** and as a result the plaintiff's have been injured by acting without this knowledge. 7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., 245 S.W.3d 488, 507 n. 27 (Tex. App.-Houston [14th Dist.]

2007, pet. denied). Horizon Shipbuilding, Inc. v. BLYN II HOLDING, LLC, 324 S.W.3d 840 (Tex. App. 2010). See; In re Int'l Profit Assocs. Inc., 274 S.W.3d 672, 678 (Tex.2009)( Failing to disclose information is equivalent to a false representation).

Thomas has been injured by acting without knowledge and seeks actual damages in the amount of Five (5) Million Dollars, Attorney fees in the amount of $130,000 in cost and $250,000.00, for seven (7) years of unnecessary litigation cost with debtor collectors.

The wrongful conduct of Counterdefendants proximately caused Thomas to suffer damages and was committed knowingly in callous disregard for Thomas as such entitles Thomas to not only actual of damages but also exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a). See: Reservoir Syst., Inc., v. TGS-Nopec Geophysical Co., L.P., 335 S.W.3rd 297,306 (Tex. App.-Houston [14th Dist.] 2010, Pet. Denied).

**COUNT-5 Violation of Identity Theft Enforcement and Protection Act., Texas Bus. & Com Code § 521.001 et seq, against Counterdefendants Meritage Homes of Texas LLC., f/k/a Meritage Homes of Texas LP., f/k/a Legacy/Monterey Homes LP., lender MTH Lending Group L.P., and Primary Residential Mortgage Inc.**

Counterclaimant incorporates the allegations stated above as if fully restated below.

Counterdefendants' conduct, both individually and collectively as described above, constitutes one or more violations of the Texas Theft Liability Act (TLA), §§134.001 et. seq. of the TCPRC.

A violation of the Identity Theft Enforcement and Protection Act occurs when a person has had their identity taken and used without their consent with intent to obtain a good, a service, insurance, an extension of credit, or any other thing of value in the other person's name, described by Section 31.03, 31.04, 31.05, 31.06, 31.07, 31.11, 31.12, 31.13, or 31.14, of the Texas Penal Code Tex. Civ. Prac. & Rem. Code Ann. §§ 134.001-134.005.

Thomas is a consumer as defined in the DTPA, whom on September 12, 2007, sought the financial services of counterdefendant Meritage Homes, lender MTH Lending Group L.P., for a mortgage loan in connection with funding for sale of goods. § 17.45(2), which was purportedly approved on **September 24, 2007**, for with an extension of credit seller financing in the amount of **$235,262.47** under loan number **1000786762;**

. However on or about March 16, 2017, Thomas, discovered that on October 16, 2007, Primary Residential Mortgage Inc., whom Thomas has never transacted any business with never filed a loan application to or sought any type of financial services from had unlawfully used her identity and personal and financial confidential information supported with false employment history and fake pay stubs and without her knowledge or consent and filed a false and fraudulent consumer loan application to Fannie Mae; that was approved on October 19, 2007, in the amount of **$239,400.00**, under loan number **568200031;** and secretly thereinafter used said cash funds to **"refinance and reduce"** Meritage Homes parent company Mertiage Corporation f/k/a Legacy/Monterey Homes L.P., millions if not billions of dollars in outstanding business commercial debts by paying said illegal laundered cash directly to Meritage lien-holder **Guaranty Federal Bank** in violation of the Identity Theft Enforcement and Protection Act Tex. Bus. & Com. Code § 521.001 et., seq.

The tie-in states "[a] violation of Section 521.051 is a deceptive trade practice actionable under Subchapter E, Chapter 17. Identity theft is a deceptive trade practice under the DTPA Section 17.50(h) which makes it actionable under the DTPA to "obtain, possess, transfer, or use personal identifying information of another person without the other person's consent and with intent to obtain a good, a service, insurance, an extension of credit, or any other thing of value in the other person's name." Tex. Bus. &

Com. Code § 521.051.

Counterdefendants unconscionable act or practice of obtaining, possess, transfer, or use of Thomas personal identifying information without their consent and with intent to obtain a good, a service, insurance, an extension of credit, or any other thing of value in their names violated Sec. 17.50(a)(3), of Texas Deceptive Trade Practices Act and Thomas is not limited to recovery of economic damages only, Thomas may recover any actual damages of Five (5) Million Dollars, Attorney fees in the amount of $30,000 in cost and $250,000.00, for seven (7) years of unnecessary litigation for the collection of this fraudulent Fannie Mae; without regard to whether the conduct of the counterdefendant committed intentionally which includes economic damages to be determined before trial and damages for mental anguish to the Thomas. Thomas seek to recover an additional sum of three (3) times its actual damages.

The prevailing party is to be awarded court costs and reasonable and necessary attorney's fees. Tex. Civ. Prac. & Rem. Code Ann. § 134.005(a)(1), (b). Texas Civil Practice & Remedies Code Section 41.003(a), and reasonable attorney fees.

**Count-6 Fraud- Misrepresentation against Counterdefendant's Meritage Homes Corporation f/k/a Meritage Corporation f/k/a Legacy/Monterey Homes L.P., ("MTH") its partner Stewart Title Company and former President Mary A. Lester a member of "MTH Title Company L.P."**

Counterclaimant incorporates the allegations stated above as if fully restated below.

On November 16, 2016 Thomas discovered that on October 19, 2007, counterdefendants made a material misrepresentation that Thomas was closing on a loan for an extension of credit "seller financing" from lender MTH Lending Group LP., a Texas limited partnership from lender licensed branch location of 550 Westcott, STE

450, Houston Tex, 77007, to consummate the sale and purchase of real estate lot twenty-five (25) in Miramar Lake subdivision.

These representation were false and the counterdefendant's knew the representation was false when made or made it recklessly without any knowledge of the truth and/or as a positive assertion; the defendant made the representation with the intention that it should be acted upon; the representation was in fact justifiably relied upon by Thomas when deciding to sign and execute certain loan documents to said lenders and participate in the closing under the false pretenses that they were consummating the purchase price of real estate lots in Miramar Lake when in fact they were not. . See Grant Thornton LLP v. Prospect High Income Fund, 314 S.W.3d 913, 923 (Tex. 2010); see also Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co., 51 S.W.3d 573, 575 (Tex. 2001).

Counterdefendants proximately caused the actual damages to Thomas in the amount of Five (5) Million Dollars, Attorney fees in the amount of $30,000 in cost and $250,000.00, for seven (7) years of unnecessary litigation for the collection of this fraudulent Fannie Mae; including exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a), and reasonable attorney fees.

**COUNT-7-Breach of Fiduciary Duty against** Counterd**efendant's Meritage Homes Corporation f/k/a Meritage Corporation f/k/a Legacy/Monterey Homes L.P., ("MTH") its partner Stewart Title Company and former President Mary A. Lester of "MTH Title Company L.P.**

Counterlclaimant incorporates the allegations stated above as if fully restated below.

A special relationship of trust and confidence existed between the Counterdefendants and the Thomas.

The Counterdefendants had fiduciary obligations and duties to Thomas including the duty to refrain from self-dealing, a duty of good faith, a duty of full disclosure, a duty of fairness and honesty in dealings with each other, and a duty to refrain from fraud.

Counterdefendants breached their fiduciary obligations to Thomas as stated more fully above "by (a) fraudulently inducing each of the plaintiffs' to execute one set of final written loan agreement/documents for extensions of credit seller financing (**"First Mortgage Loan"**)from lender MTH Lending Group L.P.,(at various branch location) under material false misrepresentations said transaction would consummate the sale and purchase of real estate lots of land in Miramar Lake; knowing no said transaction was transpired instead; (b) defendants were fraudulently concealing the closing of undisclosed false and fraudulent Fannie Mae/Freddie Mac the (**"Second Mortgage Loan"**), unknowingly taken in the plaintiffs named and used for business commercial purposes; and thereinafter (c) fraudulently concealed the existence of both the (**"First Mortgage Loan"**) and (**"Second Mortgage Loan"**) by executing an undisclosed ("Third Mortgage Loan") fraudulent fabricated advance cash purchase money loan transactions from non-existent lenders.

The counterdefendant's breach proximately caused injury to the plaintiff or benefit to the defendant. Jones v. Blume, 196 S.W.3d 440, 447 (Tex.App.- Dallas 2006, pet. denied).

Thomas is entitled to exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a), and reasonable attorney fees.

**COUNT 8: SINGLE BUSINESS ENTERPRISE LIABILITY**

Claimant incorporates the allegations stated above as if fully restated below.

Pleading further and in the alternative, if necessary, Thomas assert that the Counterdefendants Stewart Title Company, Meritage Homes Corporation, member Mary L.

Lester a controlling member of MTH Title Company L.C., are liable for the causes of action asserted herein on the basis of their relationship with one another and/or the single business enterprise theory. They operated a single business enterprise. On information and belief, they maintained common employees, common offices, centralized accounting. Additionally, these named Counterdefendants have unclear profit allocations, common contact information, services rendered by employees of one entity for another entity, and payment of wages by one entity for another entity's employees.

As a result, they should be regarded as the same entity for liability purposes as the resources have been integrated to achieve a common business purpose.

**COUNT 9: JOINT ENTERPRISE AND/OR JOINT VENTURE**

Pleading further and in the alternative, if necessary, Thomas allege the Counterdefendants Stewart Title Company, Meritage Homes Corporation, and MTH Title Company were engaged in a joint enterprise and/or joint venture: there existed between all or a combination: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest; (4) an equal right to a voice in the direction of the enterprise.

As a result, the above referenced Counterdefendants are liable to Thomas for the acts and omissions causing the Thomas damages.

**COUNT 10: ALTER EGO**

Pleading further and in the alternative if necessary, Thomas allege that, upon information and belief, Ms. Mary L. Lester, individually was the alter ego of one or more of the other defendants. All corporate protection has been and should be lost by these Counterdefendants.

**Count -12 Forgery against Counterdefendant's Meritage Homes Corporation f/k/a Meritage Corporation f/k/a Legacy/Monterey Homes L.P., ("MTH") its partner Stewart Title Company and former President Mary A. Lester of "MTH Title Company L.P.**

**Thomas** incorporates the allegations stated above as if fully restated below.

Thomas discovered in the year of 2016, that the Counterdefendant's on October 19, 2007, has actually executed a fraudulent "**Third Mortgage Loan**" in the amount of **$239,400.00**, under loan number **56820004**, for a advance cash purchase loan purportedly from non-existent lender FLAGSTONE LENDING GROUP, a purported "**Utah Corporation**" and forged Thomas signature on all of the loan documents, promissory note and deed of trust securing a loan to Flagstone despite the fact that this lender is non-existent.

Under Texas law forgery, is "the signing must be by one who purports to act as another." Id. at 926; cf. TEX. PENAL CODE ANN. § 32.21(a)(1)(A)(i) (West 2011) (defining "forge" as "to alter, make, complete, execute, or authenticate any writing so that it purports . . . to be the act of another who did not authorize that act.").

Counterdefendants' fraudulent conduct of executing these fictitious forged and fraudulent final written loan agreements is proximately the cause Thomas to suffer actual damages and be bankrupt this is the type of conduct for which exemplary damages may be awarded. Thomas seeks actual damages in the amount of Five (5) Million Dollars and is entitled to exemplary damages from Counterdefendants.

**COUNT 13: Execution of Fraudulent Instruments Tex. Bus. & Com. Code § 3.303(b)**

Thomas incorporates the allegations stated above as if fully restated below.

Thomas discovered on or about November 16, 2016, that on October 19, 2007, the counterdefendant's executed, a forged promissory note in the amount of **$239,400.00**, for a advance cash purchase loan from lender **FLAGSTONE LENDING GROUP**, a purported

corporation existing and organized under the laws of the **State of Utah**; **when in fact** said lender is non-existent; a defense if the fraudulent instrument is issued without consideration); id. § 3.305(a));

Counterdefendants' fraudulent conduct is the type of conduct for which actual and exemplary damages may be awarded. Plaintiff seeks and is entitled to exemplary damages from Defendants.

**COUNT-14 Violations of the Texas Insurance Code against Counterdefendant's Meritage Homes Corporation f/k/a Meritage Corporation f/k/a Legacy/Monterey Homes L.P., ("MTH") its partner Stewart Title Company and former President Mary A. Lester of "MTH Title Company L.P.**

Thomas incorporates the allegations stated above as if fully restated below.

Counterdefendants violated Procedural Rule P-27 as provided for in Article 9.39 of the Texas Insurance Code which requires that "**Good Funds**" be received and deposited before the Title Agent nay disburse from its Trust Account, as detailed above the defendant's fabricated and falsified Plaintiff's HUD-1's of the receipt and disburse of cash from

Counterdefendants executed contracts at each of the plaintiff's purported settlement closings with unlicensed non-existent lenders that are "illegal, void and unenforceable" cannot be performed without violating the law contravenes public policy and is void as detailed in this "first amended petition" violated the Texas Insurance Code Sec. 541.061 by the following provisions:

a.    Making an untrue statement of material fact Sec. 54.061(1) of the Texas Insurance Code;

b.    Leaving out material fact so that other statements are rendered misleading. Article 21.21. Section 4(11)(b) (now Sec. 54.061(2) of the Texas Insurance Code; and

c.    Making a statement in a way that would mislead a reasonable prudent person to a false conclusion about a material facts. Article 21.21. Section

4(11)(b) (now Sec. 54.061(3) of the Texas Insurance Code.

d.     Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code. Sec. 54.061(6) of the Texas Insurance Code.

e.     The foregoing violations also violate Sec. 17.46(b), and 7.50(a)(4), (Violation of Chapter 541 of the Texas Insurance Code).

.     The act and omissions of Counterdefendant's Meritage Homes Corporation f/k/a Meritage Corporation f/k/a Legacy/Monterey Homes L.P., ("MTH") its partner Stewart Title Company and former President Mary A. Lester of "MTH Title Company L.P., also violated Section 17.50(h) (tie-in)of the Texas Business and Commerce Code which prohibits their conduct as defined in The Business & Commerce Code, Section 17.46(b) of the DTPA for the false,         misleading         or         deceptive         acts         as         follows:

a.     **Section 17.46(b)(2)** – causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

b.     **Section 17.46(b)(5)** – representing that goods or services have ... benefits, ... which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not.

c.     **Section 17.46(b)(12)** – representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

d.     **Section 17.46(b)(24)** – the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

e.     **Section 17.50(a)(4)**, by use and employment of an agreement that was and is illegal and violative of Chapter 4102 of the Texas Insurance Code, which constituted an act or practice in violation of Chapter 541 of the insurance code.

A plaintiff who prevails in a cause of action under article 541.151 of the insurance code may obtain "the amount of actual damages" and mental anguish, and distress, physical pain, loss of consortium, disfigurement, physical impairment, or loss of companionship and

isolation from society of such nature, duration and severity that would permit the recovery of damages recoverable to ensure that Thomas is made whole.

Pursuant to Section 17.50(b) of the Texas Business and Commerce Code, Thomas is Plaintiff's are entitled to court costs and reasonable and necessary attorneys' fees." If the Court finds that the defendant knowing committed the act complained of, the court may award an amount not to exceed three the amount of actual damages. Tex. Ins. Code Art. 451.152(a) and (b).

In the alternative Pursuant to DTPA Section 17.50(a)(3) (Unconscionability) Thomas brings a claim against the Counterdefendants unconscionable action or course of action which constitutes the producing cause of their economic damages. See Tex. Bus. & Com. Code Ann. § 17.50(a)(3). Thomas alleges that the Counterdefendant's "[u]nconscionable action or course of action" as "an act or practice which, to their own detriment, by taking advantage of their lack of knowledge, ability, experience, or capacity of the plaintiff's to a grossly unfair degree." Id. § 17.45(5) (West 2011).

Dated: April 11, 2018

Respectfully submitted,

By: /s/Colleen M. McClure

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**
Texas Bar No. 24012121
4201 Cypress Creek Parkway Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net
**ATTORNEY FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 11, 2018, I electronically filed the foregoing document with the Clerk of Court and all counsel of record using the ECF system.

By: /s/<u>Colleen M. McClure</u>

United States District Court
Southern District of Texas
**ENTERED**
May 10, 2018
David J. Bradley, Clerk

**UNITED STATES FEDERAL DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MIRAMAR LAKE HOME OWNERS' ASSOCIATION Inc. | § | CIVIL ACTION NO. 4:18-CV-00851 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| ELIZABETH THOMAS | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING LEAVE TO AMEND PETITION

**THIS MATTER** coming before the Court this 9 day of May 2017 upon the Motion of the Plaintiffs requesting Leave to file a Second Amended Petition and the Court having read the Motion and Amended Petition and being otherwise fully advised in the premises **FINDS AND IT IS THEREFORE ORDERED**:

That the motion is well taken and therefore granted. It is hereby ordered that the Clerk of the Court file the proposed Supplemental Counterclaim and/or Amended Counterclaim.

[signature]
US DISTRICT JUDGE

HCDistrictclerk.com ALLEN, JAMES vs. MTH LENDGING GROUP L P 7/7/2018
Cause: 201776078 CDI: 7 Court: 127

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 6/29/2018 | ORDER SIGNED COMPELLING PRODUCTION | 6/29/2018 | | 2 | | | |
| 6/29/2018 | ORDER SIGNED COMPELLING DEPOSITION APPEARANCE | 6/29/2018 | | 2 | | | |
| 6/29/2018 | ORDER DENYING OBJECTION TO DISCOVERY REQUEST SIGNED | 6/29/2018 | | 2 | | | |
| 6/29/2018 | ORDER GRANTING PRODUCTION OF DOCUMENTS SIGNED | 6/29/2018 | | 2 | | | |
| 6/29/2018 | ORD SGN DENYING PROTECTION FROM DISCOVERY REQUEST | 6/29/2018 | | 2 | | | |
| 6/25/2018 | ORDER SIGNED DENYING MOTION TO QUASH DEPOSITION | 6/25/2018 | | 1 | | | |
| 6/25/2018 | ORDER SIGNED COMPELLING DEPOSITION APPEARANCE | 6/25/2018 | | 1 | | | |
| 6/25/2018 | ORDER APPROVING STIPULATION SIGNED | 6/25/2018 | | 1 | | | |
| 6/18/2018 | STATUS CONFERENCE HELD | | | 0 | | | |
| 6/18/2018 | ORDER SIGNED GRANTING ENTRY OF TEMPORARY ORDERS | 6/18/2018 | | 2 | | | |
| 6/5/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 5/22/2018 | FIRST AMENDED ANSWER FIRST AMENDED ORIGINAL PETITION | | | 0 | | HOLIDY, DALE MARETT | MTH LENDGING GROUP L P |
| 5/22/2018 | COUNTER CLAIM | | | 0 | | HOLIDY, DALE MARETT | MTH LENDGING GROUP L P |
| 5/11/2018 | ANSWER COUNTER CLAIM | | | 0 | | MCCLURE, COLLEEN M CLEAR | PEREZ, ROBERTO |
| 5/11/2018 | ANSWER COUNTER CLAIM | | | 0 | | MCCLURE, COLLEEN M CLEAR | PEREZ, MARIA DEJESUS |
| 5/11/2018 | ANSWER COUNTER CLAIM | | | 0 | | MCCLURE, COLLEEN M CLEAR | THOMAS, ELIZABETH |
| 5/11/2018 | ANSWER COUNTER CLAIM | | | 0 | | MCCLURE, COLLEEN M CLEAR | ALLEN, JAMES |
| 5/3/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 5/3/2018 | | 1 | | | |
| 5/3/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 5/3/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | | 0 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 4/26/2018 | ORDER SIGNED RECUSING JUDGE | 4/26/2018 | 1 | | |
| 4/23/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | 0 | | |
| 4/23/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 4/23/2018 | 1 | | |
| 4/23/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | 0 | | |
| 3/28/2018 | SECOND AMENDED ORIGINAL PETITION | | 0 | MCCLURE, COLLEEN M CLEAR | PEREZ, MARIA DEJESUS |
| 3/28/2018 | SECOND AMENDED ORIGINAL PETITION | | 0 | MCCLURE, COLLEEN M CLEAR | PEREZ, ROBERTO |
| 3/28/2018 | SECOND AMENDED ORIGINAL PETITION | | 0 | MCCLURE, COLLEEN M CLEAR | THOMAS, ELIZABETH |
| 3/28/2018 | SECOND AMENDED ORIGINAL PETITION | | 0 | MCCLURE, COLLEEN M CLEAR | ALLEN, JAMES |
| 3/16/2018 | FIRST AMENDED ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS LLC. F/K/A MERITAGE HOMES OF TEXAS LP., F/K/A |
| 3/16/2018 | FIRST AMENDED COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS LLC. F/K/A MERITAGE HOMES OF TEXAS LP., F/K/A |
| 2/12/2018 | COUNTER CLAIM | | 0 | MCKINNEY, ANDREW TODD IV | PRIMARY RESIDENTIAL MORTGAGE INC. |
| 2/12/2018 | ORDER SIGNED SETTING HEARING | 2/12/2018 | 2 | | |
| 2/12/2018 | FIRST AMENDED ANSWER ORIGINAL PETITION | | 0 | MCKINNEY, ANDREW TODD IV | PRIMARY RESIDENTIAL MORTGAGE INC. |
| 2/12/2018 | ORDER SIGNED GRANTING CONTINUANCE | 2/12/2018 | 2 | | |
| 1/26/2018 | ANSWER ORIGINAL PETITION | | 0 | HOLIDY, DALE MARETT | MTH LENDGING GROUP L P |
| 1/25/2018 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 1/25/2018 | 5 | | |
| 1/23/2018 | DESIGNATED TRIAL READY | | 0 | | |
| 1/19/2018 | ANSWER FIRST AMENDED ORIGINAL PETITION | | 0 | KOEPKE, JOHN A. | LESTER, MARY A |
| 1/16/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS LLC. F/K/A MERITAGE HOMES OF TEXAS LP., F/K/A |
| 1/16/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES CORPORATION F/K/A MERITAGE |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | COPORATION F/K/A LEGACY/MONT |
| 1/16/2018 | ANSWER ORIGINAL PETITION | | 0 | MCKINNEY, ANDREW TODD IV | PRIMARY RESIDENTIAL MORTGAGE INC. |
| 1/16/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS LLC. F/K/A MERITAGE HOMES OF TEXAS LP., F/K/A |
| 1/16/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES CORPORATION F/K/A MERITAGE COPORATION F/K/A LEGACY/MONT |
| 1/12/2018 | ANSWER ORIGINAL PETITION | | 0 | KOEPKE, JOHN A. | STEWART TITLE COMPANY |
| 12/14/2017 | ORDER GRANTING SUBSTITUTED SERVICE SIGNED | 12/14/2017 | 3 | | |
| 12/4/2017 | JURY FEE PAID (TRCP 216) | | 0 | | |
| 12/4/2017 | FIRST AMENDED ORIGINAL PETITION | | 0 | MCCLURE, COLLEEN M CLEAR | PEREZ, MARIA DEJESUS |
| 12/4/2017 | FIRST AMENDED ORIGINAL PETITION | | 0 | MCCLURE, COLLEEN M CLEAR | PEREZ, ROBERTO |
| 12/4/2017 | FIRST AMENDED ORIGINAL PETITION | | 0 | MCCLURE, COLLEEN M CLEAR | THOMAS, ELIZABETH |
| 12/4/2017 | JURY FEE PAID (TRCP 216) | | 0 | | |
| 12/4/2017 | FIRST AMENDED ORIGINAL PETITION | | 0 | MCCLURE, COLLEEN M CLEAR | ALLEN, JAMES |
| 11/13/2017 | ORIGINAL PETITION | | 0 | | ALLEN, JAMES |

 ## 201776078 - ALLEN, JAMES vs. MTH LENDGING GROUP L P (Court 127)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Click column headings to sort. Click again to toggle direction. Print Settings

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 1/21/2019 08:30 AM | 234 | | Trial Setting | Trial on Merits | Passed | CASE REMOVED TO FED CRT 6/5/18 | |
| 7/13/2018 11:30 AM | 127 | | Law Day Docket | SUMMARY JUDGMENT - MOTION FOR FINAL (TRCP 166A) | | | HOLIDY, DALE MARETT |
| 7/10/2018 11:30 AM | 127 | | Law Day Docket | SUMMARY JUDGMENT - MOTION FOR FINAL (TRCP 166A) | Re-Set | ENTIRE DOCKET RESET | HOLIDY, DALE MARETT |
| 6/25/2018 10:00 AM | 127 | | Law Day Docket | QUASH DEPOSITIONS - MOTION TO (TRCP 166B) | Denied | ORDER SIGNED 6/25 | MCELHANEY, SCOTT MASUR |
| 6/11/2018 08:00 AM | 127 | | Submission Docket (Local Rule 12) | CASE CONSOLIDATION (TRCP 174) | Passed | NOTICE OF REMOVAL FILED 6/5 | MCCLURE, COLLEEN M CLEAR |
| 6/06/2018 09:30 AM | 127 | | Presetting Teleconference | DISCOVER - MOTION TO | Passed | NOTICE OF REMOVAL FILED 6/5 | MCCLURE, COLLEEN M CLEAR |
| 5/25/2018 10:00 AM | 127 | | Law Day Docket | MTN DEPOSIT FUNDS/REGISTER | Passed | MOVANT WITHDREW MTN 05.22.18 | HOLIDY, DALE MARETT |
| 5/25/2018 10:00 AM | 127 | | Law Day Docket | Sanctions (TRCP 215) | Passed | MOVANT WITHDREW MTN 05.22.18 | HOLIDY, DALE MARETT |
| 5/14/2018 08:00 AM | 127 | | Submission Docket (Local Rule 12) | MTN DEPOSIT FUNDS/REGISTER | Re-Set | ORAL HEARING APPROVED 5.21.18 | MCCLURE, COLLEEN M CLEAR |
| 5/07/2018 08:00 AM | 061 | | Submission Docket (Local Rule 12) | MTN PERMITTING PAYMENT BY INSTALLMENTS | Passed | RECUSAL OS 4/26 | MCCLURE, COLLEEN M CLEAR |
| 4/02/2018 09:30 AM | 234 | | Law Day Docket | MTN FOR PROTECTION | Hearing Held | | HOLIDY, DALE MARETT |
| 4/02/2018 09:30 AM | 234 | | Law Day Docket | MOTION TO EXTEND TIME TO RESPOND | Hearing Held | | MCKINNEY, ANDREW TODD IV |
| 4/02/2018 09:30 AM | 234 | | Law Day Docket | MOTION FOR ORAL HEARING | Hearing Held | | ALTSULER, KIMBERLY GOREL |
| 4/02/2018 09:30 AM | 234 | | Law Day Docket | Dismissal | Hearing Held | | BRYANT, JACK H. |
| 3/19/2018 09:30 AM | 234 | | Law Day Docket | MTN TO TRANSFER CASE TO ANOTHER DISTRICT COURT | Hearing Held | TAKEN U/A | MCKINNEY, ANDREW TODD IV |
| 3/19/2018 09:30 AM | 234 | | Law Day Docket | MTN DEPOSIT FUNDS/REGISTER | Passed | IN OPEN COURT 03/19 | MCCLURE, COLLEEN M CLEAR |
| 3/19/2018 09:30 AM | 234 | | Law Day Docket | SPECIAL EXCEPTIONS (TRCP 91) | Passed | IN OPEN COURT 03/19 | MCCLURE, COLLEEN M CLEAR |
| 3/06/2018 09:30 AM | 234 | | Law Day Docket | MTN TO TRANSFER CASE TO ANOTHER DISTRICT COURT | Re-Set | | MCKINNEY, ANDREW TODD IV |
| 2/12/2018 09:30 AM | 234 | | Law Day Docket | MOTION FOR CONTINUANCE (FAMILY) | Granted | O/S 02/12 | MCCLURE, COLLEEN M |

| | | | | | | | CLEAR |
|---|---|---|---|---|---|---|---|
| 2/12/2018 09:30 AM | 234 | | Law Day Docket | MTN DEPOSIT FUNDS/REGISTER | Re-Set | PER O/S 02/12 | MCCLURE, COLLEEN M CLEAR |

[WS5]

201776078 - ALLEN, JAMES vs. MTH LENDGING GROUP L P (Court 127)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet Add DocketSheet to Basket Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 11/13/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Quiet Title |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | 12/4/2017 |

| The Current Presiding Judge | |
|---|---|
| Current Court | 127th |
| Filing Court | 234th |
| Address | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686161 |
| JudgeName | R K SANDILL |
| Court Type | Civil |

[WS5]

6/6/2018 10:52 AM
Chris Daniel - District Clerk Harris County
Envelope No. 25091119
By: janel gutierrez
Filed: 6/6/2018 10:52 AM

Cause No. 2017-76078

| | | |
|---|---|---|
| MARIA DEJESUS PEREZ; ROBERTO PEREZ; ELIZABETH THOMAS; JAMES ALLEN et al., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| MERITAGE HOMES CORPORATION f/k/a Meritage Corporation, f/k/a Legacy Monterey Homes LP; MERITAGE HOMES OF TEXAS LLC f/k/a/ Meritage Homes of Texas LP f/k/a Legacy Monterey Homes LP; MTH LENDING GROUP L.P.; PRIMARY RESIDENTIAL MORTGAGE INC.; MARY LESTER f/k/a MTH Title Company L.P.; STEWART TITLE COMPANY, | § | HARRIS COUNTY, TEXAS |
| | § | |
| Defendants. | § | 127TH JUDICIAL DISTRICT |

**OBJECTION TO PLAINTIFF THOMAS' STATE COURT "NOTICE OF REMOVAL"**

Defendant Stewart Title Company presents this Objection to Plaintiff Thomas' State Court "Notice of Removal" and would show the Court as follows:

## I. INTRODUCTION AND SUMMARY

On Tuesday, June 5, 2018, Elizabeth Thomas (one of four plaintiffs in this case) filed in this case a document entitled "Notice of Removal," which claims that this No. 2017-76078 case pending in this Court has been removed to federal court. However, that filing does not, as it must, attach a copy of a federal-court-filed notice of removal that initiates *this case* as a removed action in federal court. The "Notice of Removal" document Thomas filed in this Court is thus on its face insufficient to effect the removal of this 2017-76078 case to federal court.

As discussed below, Thomas has not filed in a federal court a notice of removal that initiates this case as a federal action. She has not done so (and cannot do so) because she is a *plaintiff* in this case, and only *defendants* may remove. <u>*This Court still has jurisdiction over this*</u>

EXHIBIT B

case. Indeed, in order to properly complete a removal of a case from state court to federal court, the removing defendant must (a) take a copy of the federal-court-filed notice of removal that initiates the state court case as a removed case in federal court and assigns a federal court case number and (b) file that copy with the state court clerk. The federal statute that requires that state-court filing provides that the state-court filing of the copy of the federally-filed notice of removal "effect[s] the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

But because Thomas has not filed with the Clerk of this Court a copy of a notice of removal she filed in federal court that removed this 2017-76078 case to federal court, the requirement of § 1446(b) to "proceed no further" does not apply.

## II. BACKGROUND AND ANALYSIS

Thomas' lead "Notice of Removal" filing only (a) states that Judge Hittner of the U.S. District Court for the Southern District of Texas granted her motion to amend her pleading in a federal court case styled *Miramar Lake Homeowners' Association v. Elizabeth Thomas*, No. 18-cv-00851 (S.D. Tex.) and (b) claims that that order "affectedly [sic] removed" this 2017-76078 state court case to federal court. However the attachments to that lead filing show that Thomas' assertion that the 2017-76078 case in this case has been removed to federal court is baseless.

The first attachment to the lead "Notice of Removal" filing in this Court is a copy of the notice of removal in the *Homeowners' Association* case pending as No. 18-cv-00851 in the Southern District of Texas. Of course, that is a different case (and involves different parties).

The second attachment to the lead "Notice of Removal" filing in this Court is Thomas' motion for leave to file a proposed amended pleading in the *Homeowners' Association* case. In that motion, Thomas calls her proposed amended pleading a "Supplemental Counterclaim," and it alleges claims against new parties in the *Homeowners' Association* case—the same parties

who are the Defendants in the 2017-76078 case pending in this Court. The proposed amended pleading in the *Homeowners' Association* case is thus a motion to add third-party defendants.

The third attachment to the lead "Notice of Removal" filing in this Court is an unsigned version of the proposed order granting Thomas' motion for leave to file an amended pleading in the *Homeowners' Association* case.

Even assuming that Judge Hittner signed the proposed order allowing Thomas to amend her pleading in the *Homeowners' Association* case, her assertion in her lead "Notice of Removal" filing in this Court that this 2017-76078 case has been removed to federal court does *not* show that there has been a removal. At best, Judge Hittner allowed Thomas to amend her pleading in the *Homeowners' Association* case to assert claims in that case as third party claims against the same parties who are the Defendants in this 2017-76078 case.

However, Thomas' amendment to her pleading in the *Homeowners' Association* case to assert claims against new parties in that federal court case does not "effectively remove" the claims pending in the 2017-76078 case in this Court. Filing new claims in the federal court *Homeowners' Association* case just means that claims are pending in two separate courts.

To remove a case from a state court to a federal court, the removing party must file a "notice of removal" in federal court that initiates a new federal action. *See* 28 U.S.C. § 1446(a) (providing that a party in a state court case who wishes to remove the case "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . ."). Nothing in Thomas' "Notice of Removal" filing in this Court shows that she has filed a notice of removal *in federal court* to comply with the requirements of Section 1446(a) for the removal of the 2017-76078 case pending in this Court.

Nor could Thomas remove the 2017-76078 case to federal court. The federal removal statutes only allow *defendants* to remove a case to federal court. *See* 28 U.S.C. § 1441(a) (providing that cases for which a federal court would have original jurisdiction "may be removed by the defendant or defendants"); *see also* 28 U.S.C. § 1446(a) (stating that "[a] defendant or defendants desiring to remove any civil action" from state court to federal court must file a notice of removal to do so). Thomas is not the defendant in this action. She is one of the plaintiffs. She thus could not—consistent with Federal Rule of Civil Procedure 11—file a notice of removal of this case. The fact that there are counterclaims pending against her does not change anything. *See In re Crystal Power Co., Ltd*., 641 F.3d 82, 85 n.10 (5th Cir. 2011) ("The Supreme Court has been clear that when a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against it does not allow that party to invoke the right of removal conferred only on true defendants.") (citations omitted).

As noted above, the procedure for removing a case to federal court ultimately requires the removing defendant to file a copy of the federal court notice removal "with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Here, Thomas has not filed in this 2017-76078 case pending in this Court a copy of a notice of removal filed in federal court that removed this 2017-76078 case to federal court. This Court thus still has jurisdiction over this case.

WHEREFORE, Defendant Stewart Title Company prays that this Court continue with its jurisdiction over this case and proceed with the adjudication of all matters in this pending 2017-76078 case.

Case 4:18-cv-00851 Document 38-1 Filed in TXSD on 06/06/18 Page 5 of 5

Respectfully submitted,

/s/ Scott M. McElhaney

John A. Koepke
State Bar No. 11653200
Scott M. McElhaney
State Bar No. 00784555
**JACKSON WALKER L.L.P.**
2323 Ross Ave., Ste. 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (facsimile)
jkoepke@jw.com
smcelhaney@jw.com

Jennifer A. Bryant
State Bar No. 03276600
**JACKSON WALKER L.L.P.**
1401 McKinney St., Ste. 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 (facsimile)
jbryant@jw.com

**ATTORNEYS FOR DEFENDANT STEWART TITLE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that on this 6th day of June, 2018, a true and correct copy of the foregoing instrument was electronically filed and notice was sent to all counsel of record, including:

Colleen M. McClure
3648 Cypress Creek Pkwy, Ste. 229
Houston, Texas 77068
colleen.mcclure@att.net

/s/ Scott M. McElhaney

6/6/2018 4:55 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25112707
By: janel gutierrez
Filed: 6/6/2018 4:55 PM

CAUSE NO. 2017-82388

| | | |
|---|---|---|
| ELIZABETH THOMAS, ALBERT PERRY III CATRICE HENRY, ALVIN R. MULLIN II INTERESTED PARTIES IN **EXHIBIT A** *PLAINTIFFS,* | § § § § | IN THE DISTRICT COURT |
| | | 127TH JUDICIAL DISTRICT COURT |
| VS. | § § § | HARRIS COUNTY, TEXAS |
| MICHAEL J. PIZZITOLA JR., IN HIS SOLE CAPACITY AS PRESIDENT OR VICE PRESIDENT ; KEVIN MEUTH IN HIS SOLE CAPACITY AS VICE PRESIDENT; DAVID JORDAN IN HIS SOLE CAPACITY AS VICE PRESIDENT RODNEY B. HOWERTON IN HIS SOLE CAPACITY AS VICE PRESIDENT; DAVID MODLIN IN HIS SOLE CAPACITY AS VICE PRESIDENT; JEFF BARFIELD IN HIS SOLE CAPACITY AS VICE PRESIDENT; MICHAEL MATERNA IN HIS SOLE CAPACITY AS VICE PRESIDENT; CHRIS HUEBNER IN HIS SOLE CAPACITY AS VICE PRESIDENT; MELISSA HANNA IN HER SOLE CAPACITY AS DIRECTOR AS EXECUTIVE MEMBERS OF AN NON-EXISTENT LLC ENTITY. | § § § § § § § § § § § § § | |
| *DEFENDANTS* AND COUNTER-PLAINTIFF'S | § | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, March 18, 2018, Elizabeth Thomas counsel filed a Notice of Removal, pursuant to 28 U.S.C. § 1332 1441 and 1446, removing the cause number **2016-87941** from the 333rd Harris County District Court to the United States Court of the Southern District Texas; Houston Division under cause no. 18CV-00851.

**PLEASE TAKE FURTHER NOTICE that,** On June 6, 2018, the claims filed in the 127th Harris County District Court under cause no. **2017-82388;** pursuant to 28 U.S.C., 1367, has been filed in filed before the Honorable Judge David Hitter U.S.D.J., in the United States Federal District Court for the Southern District: Houston Division under cause no. 18CV-00851; to exercise supplemental jurisdiction over the pending state claims, that are related to the 333rd Harris County District case; and upon the filing of this Notice of

EXHIBIT
A

Removal with the Clerk of the Harris County District Courts for Harris County, Texas, the case in 127th Harris County District Court under cause no. **2017-82388** is affectedly removed and the District Court shall proceed no further in this action unless and until the case is remanded pursuant to 28 U.S.C. § 1446(d). See Exhibit A

Respectfully submitted,

By: /s/Colleen M. McClure
**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**
Texas Bar No. 24012121
4201 Cypress Creek Parkway Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net
**ATTORNEYS FOR PLAINTIFF'S**

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2018, a true and correct copy of the above and foregoing document was served via the United State Post Office upon:

**MICHAEL J. PIZZITOLA JR PRESIDENT**
13732 Trailville Dr.
Houston, TX 77077.
**KEVIN MEUTH**
5353 West Sam Houston Pkwy. Suite 100,
Houston Texas 77041.

**DAVID W. JORDAN VICE PRESIDENT**
2901 W. Sam Houston Pkwy N, Suite C-250,
Houston Tx. 77043

**RODNEY B. HOWERTON VICE PRESIDENT**
13111 Northwest Fwy.,
Houston Texas 77040.

**DAVID MODLIN VICE PRESIDENT**
9601 Katy Freeway Suite 475
Houston, Texas 77024

**JEFF BARFIELD VICE PRESIDENT**
10235 W Little York Rd Ste 200,
Houston, TX 77040
**MICHAEL MATERNA**
15903 Cumbria Dr
Spring, TX 77379.

**CHRIS HUEBNER VICE PRESIDENT**
2901 W Sam Houston Pkwy N, Suite C-250,
Houston, TX 77043

**MELISSA HANNA DIRECTOR**
5910 FM 2920
Spring, TX., 77388.

By: /s/Colleen M. McClure
**COLLEEN M. McCLURE**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

MIRAMAR LAKE HOMEOWNERS ASSOCIATION INC. | 4:18-CV-00851

Plaintiff

vs.

ELIZABETH THOMAS

Defendant

ELIZABETH THOMAS,

Counter-claimant

vs.

MICHAEL J. PIZZITOLA JR., IN HIS SOLE CAPACITY AS PRESIDENT OR VICE PRESIDENT ; KEVIN MEUTH IN HIS SOLE CAPACITY AS VICE PRESIDENT; DAVID JORDAN IN HIS SOLE CAPACITY AS VICE PRESIDENT RODNEY B. HOWERTON IN HIS SOLE CAPACITY AS VICE PRESIDENT; DAVID MODLIN IN HIS SOLE CAPACITY AS VICE PRESIDENT; JEFF BARFIELD IN HIS SOLE CAPACITY AS VICE PRESIDENT; MICHAEL MATERNA IN HIS SOLE CAPACITY AS VICE PRESIDENT; CHRIS HUEBNER IN HIS SOLE CAPACITY AS VICE PRESIDENT; MELISSA HANNA IN HER SOLE CAPACITY AS DIRECTOR AS EXECUTIVE MEMBERS OF AN NON-EXISTENT ENTITIES LLC.

Counter-defendants

**DEFENDANT UNPPOSED SECOND SUPPLEMENTAL COUNTER-CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Counter-claimant ELIZABETH THOMAS, seeks leave of the court to file a "Second Supplemental Counter-Claim" against Counter-defendants executives members Michael J. Pizzitola, (President) David W. Jordan (VP), Kevin Meuth (VP), Rodney B. Howerton (VP), Jeff Barfield (VP), Mike Materna (VP) Melissa Hanna (Dir.), and Chris Huebner (VP), (the "Executive Members Defendant's"), of non-defendant non-existent entities' Legacy/Monterrey Homes L.P., a "Texas limited partnership"; Meritage Homes of Texas L.P., a Texas limited partnership, and Meritage Homes of Texas L.LC., a Texas limited liability company (the Non-Defendants") and would show the court as follows:

PROPOSED ALLEGATIONS

**A. Land Fraud in but not limited to the Miramar Lake Subdivision:**

Counter/Claim Plaintiff's Elizabeth Thomas and Albert Perry III, Alvin R. Mullen II, Catrice Henry and One Hundred-Forty-Three ( 143) Interested Parties have discovered in the year of 2017, that they are victims of a land fraud scheme in the Miramar Lake subdivision in Harris County, Texas wherein the grantor named recited in their recorded deeds as Meritage Homes of Texas, LLC., a **Texas** limited liability company f/k/a Mertiage Homes of Texas L.P., a **Texas** limited partnership f/k/a Legacy/Monterrey Homes L.P., **Texas** limited partnership are in fact according to the Texas Secretary of State non-existent in that they have no legal existence as they were never duly formed.

Counter/Claim Plaintiff's Elizabeth Thomas and Albert Perry III, Alvin R. Mullen II, Catrice Henry and One Hundred-Forty-Three ( 143) Interested Parties brought this cause of action pursuant to the Texas Uniform Declaratory Judgments Act, as codified in Chapter 37 of the Texas Civil Practice and Remedies Code, seeking a judicial declaration

that deeds from said non-existent entities is void as this suit challenges the invalidity of the non- existent entities claim. See Longoria v. Lasater, 292 S.W.3d 156, 165 n.7 (Tex. App.—San Antonio 2009, pet. denied).

## FACTUAL ALLEGATIONS

On June 29, 2001, **ELAN DEVELOPMENT L.P.**, (the "Grantor"), conveyed an 81.6766 acre tract of land out of the Elizabeth Smith Survey Abstract 70 and James M. McGee Survey Abstract 588, (the land description for the **Miramar Lake** subdivision) by "Warranty Deed" recorded on July 3, 2001, in the Harris County Real Property Records under Clerk File **No. V-150900,** to LEGACY/**MONTERREY HOMES LP.**, (the "Grantee").

Beginning in the years of 2003 thru 2010, the Executive Members Counter-defendants Michael J. Pizzitola Jr., in his sole capacity as (**President**) David W. Jordan in his sole capacity (**VP**), Kevin Meuth in his sole capacity (**VP**), Rodney B. Howerton in his sole capacity (**VP**), Jeff Barfield in his sole capacity (**VP**), Mike Materna in his sole capacity (**VP**,) Melissa Hanna in her sole capacity (**Dir**.), and Chris Huebner in his sole capacity (**VP**), began executing and recorded deeds to the plaintiff's purporting to convey title to various lots of land out of said 81.6766 acre tract of the Elizabeth Smith Survey Abstract 70 and James M. McGee Survey Abstract 588, on behalf of non-existent grantor "Meritage Homes of Texas LLC., a Texas limited liability company f/k/a Mertiage Homes of Texas L.P., a Texas limited partnership f/k/a Legacy/Monterrey Homes of Texas L.P., a **Texas** limited partnership knowing that said entities were and remain fictitious non-existent entities' without any legal existence, that never held any title to said land in Miramar Lake to convey to any of the plaintiffs.

Unbeknownst to the Counter-Plaintiff's until the year of 2017, is that according to the Texas Secretary of State their this no record of the existence of Texas limited partnership or Texas limited liability company in the names of Meritage Homes of Texas LLC., a Texas limited liability company f/k/a Mertiage Homes of Texas L.P., a Texas limited partnership f/k/a Legacy/Monterrey Homes of Texas L.P., a **Texas** limited partnership.

Unbeknownst to the Counter-Plaintiff's until the year of 2017, is that the purported executive members Michael J. Pizzitola Jr., in his sole capacity as (**President**) David W. Jordan in his sole capacity (**VP**), Kevin Meuth in his sole capacity (**VP**), Rodney B. Howerton in his sole capacity (**VP**), Jeff Barfield in his sole capacity (**VP**), Mike Materna in his sole capacity (**VP**,) Melissa Hanna in her sole capacity (**Dir**.), and Chris Huebner in his sole capacity (**VP**), are in fact not "governing persons" or "authorized representatives" of said above-mention non-existent entities.

According to the Texas Secretary of State the Counter-Defendants Michael J. Pizzitola Jr., in his sole capacity as (**President**) David W. Jordan in his sole capacity (**VP**), Kevin Meuth in his sole capacity (**VP**), Rodney B. Howerton in his sole capacity (**VP**), Jeff Barfield in his sole capacity (**VP**), Mike Materna in his sole capacity (**VP**,) Melissa Hanna in her sole capacity (**Dir**.), and Chris Huebner in his sole capacity (**VP**), were and are not governing persons of the above-mentioned non-existent entities there is no record or any organizational documents, no company agreements, no by-laws, no minutes of the first meeting of members, no registered agent, no members, no managers

or employees or certificate of authority authorizing the operation of business for said above-mention domestic non-existent entities in the State of Texas.

Counter-Defendants Michael J. Pizzitola Jr., in his sole capacity as (**President**) David W. Jordan in his sole capacity (**VP**), Kevin Meuth in his sole capacity (**VP**), Rodney B. Howerton in his sole capacity (**VP**), Jeff Barfield in his sole capacity (**VP**), Mike Materna in his sole capacity (**VP**,) Melissa Hanna in her sole capacity (**Dir**.), and Chris Huebner in his sole capacity (**VP**), all of whom fraudulently and knowingly executed fake deeds to the plaintiff's in the names of non-existent entities despite the fact that Texas law prohibits a non-existent entity from holding title or interest in Texas Land.

The Counter-Plaintiff's holds (1) an interest in their specific property, (2) title to the property is affected by a claim by the non-existent entities and (3) the claim, although facially valid, is void and constitutes a cloud on the plaintiff's title.

**JURISDICTION AND VENUE**

This court has this court has supplemental jurisdiction over all of Defendant Thomas pending state claims asserted herein pursuant to 28 U.S.C. § 1367, as they are related to the claims already pending before this court. Venue in proper in this district under 28 U.S.C. 1391.

**V.**

**CAUSE OF ACTION**

**COUNT-I DECLARATORY RELIEF**

Counter-Plaintiff's Thomas incorporates the allegations stated above as if fully restated below;

Counter-Plaintiff's Thomas contends that the Texas Secretary of State has issue "certificates of facts" certifying the non-existence of Meritage Homes of Texas LLC., a Texas limited liability company f/k/a Meritage Homes of Texas L.P., a Texas limited partnership f/k/a Legacy/Monterrey Homes of Texas L.P., a **Texas** limited partnership as they were never duly form.

Counter-Plaintiff's Thomas therefore request a judicial determination whether a deed is void if the grantee is not in existence at the time the deed is executed in accord with *Parham Family Ltd. P'ship v. Morgan*, 434 S.W.3d 774, 787 (Tex. App.-Houston [14th Dist] 2014, no pet.

Counter-Plaintiff's Thomas request a judicial determination whether a deed for the conveyance of land can be made to a non-existent legal entity, in accord with *Sparks v.Humble Oil & Ref.*, 129 S.W.2d 468, 471 (Tex. Civ. App-Texarkana 1939, writ ref'd).

Counter-Plaintiff's Thomas therefore request a judicial determination whether their deeds convey title when no title vests in the grantors in accord with *Day Co., Inc. v. Texland Petroleum, Inc.*, 718 S.W.2d 384, 390 (Tex.App.-Amarillo 1986), *aff'd*, 786).

Counter-Plaintiff's Thomas therefore request a judicial determination whether a deed can be made only to grantees in existence or life, at the time of the execution of the deed.'" (quoting *Vineyard v. Heard*, 167 S.W. 22, 25-26 (Tex. Civ.App.-San Antonio 1914), *aff'd*, 212 S.W. 489 (Tex. Comm'n App.1919, judgm't adopted)

Counter-Plaintiff's Thomas request a judicial determination if their deeds from said non-existent entities conveyed title to their lots of land in Miramar Lake in dispute. See, e.g., Sunwest Operating Co. v. Classic Oil & Gas, Inc., 143 Fed. Appx. 614, 620 (5th Cir.

2005); Ruiz v. Stewart Mineral Corp., 202 S.W.3d 242, 247 (Tex. App. Tyler 2006, pet. Denied.

Counter-Plaintiff's Thomas request a judicial determination whether their deeds where executed by persons with authority to do so as Michael J. Pizzitola Jr., (**President**) David W. Jordan (**VP**), Kevin Meuth (**VP**), Rodney B. Howerton (**VP**), Jeff Barfield (**VP**), Mike Materna (**VP**,) Melissa Hanna (**Dir**.), and Chris Huebner (**VP**) were and are not "authorized agents" of said non-existent entities in accord with " *Citizens State Bank v. Caney Invs.*, 733 S.W.2d 581, 586 (Tex. App.—Houston [1st Dist.] 1987), *rev'd on other grounds by* 746 S.W.2d 477 (Tex. 1988);

Counter-Plaintiff's Thomas request a judicial determination if their deeds were eligible for recording was signed and acknowledged by the grantor or its agent in the presence of a notary. TEX.PROP. CODE ANN. § 12.001(b)(Vernon Supp.1994)." Bosewell v. Farm & Home Sav. Ass'n., 894 S.W.2d 761, 766-67 (Tex. App.—Fort Worth 1994, writ denied).

Counter-Plaintiff's Thomas request the decree declare and adjudge that the Third Party Plaintiff's are entitled to the exclusive possession of the properties.

Counter-Plaintiff's Thomas request the decree declare and adjudge that the Plaintiff's owns the property in fee simple and is entitled to quiet and peaceful possession of the real properties at issue in Miramar Lake.

**COUNT-II QUIET TITLE**

Counter-Plaintiff's Thomas incorporates the allegations stated above as if fully restated below;

Non-existent Meritage Homes of Texas LLC., a Texas limited liability company f/k/a Meritage Homes of Texas L.P., a Texas limited partnership f/k/a Legacy/Monterrey Homes of Texas L.P., a **Texas** limited partnership interest in plaintiff's property by virtue of a recorded deeds, which are adverse to plaintiffs in that said deeds are void and should be set aside as they constitute a cloud on plaintiff's title.

The clams of said non-existent entities are and were without any right whatsoever, and said above-mention non-existent entities have to right, title or any interest of any kind in or to the land or any part of the land in Miramar Lake at issue.

The claim of non-existent Meritage Homes of Texas LLC., a Texas limited liability company f/k/a Meritage Homes of Texas L.P., a Texas limited partnership f/k/a Legacy/Monterrey Homes of Texas L.P., a **Texas** limited partnership, claim some estate, right, title or interest in or to the various lots of Land in Miramar Lake adverse to plaintiff's title, and these claims constitute a cloud on plaintiff's title to said land at issue.

Counter-Plaintiff's Thomas seeks a declaratory judgment declaring that said Deeds recorded in the Harris County Real Property Records from non-existent Meritage Homes of Texas LLC., a Texas limited liability company f/k/a Meritage Homes of Texas L.P., a Texas limited partnership f/k/a Legacy/Monterrey Homes of Texas L.P., a **Texas** limited partnership, are void and ordering them removed from title to the property made subject of this litigation and quieting title in Counter-plaintiffs.

**PRAYER**

Third Party Plaintiff's request to have declaratory judgment as follows:

The Texas Secretary of State has issue "certificates of facts" certifying the non-existence of Meritage Homes of Texas LLC., a Texas limited liability company f/k/a Meritage Homes of Texas L.P., a Texas limited partnership f/k/a Legacy/Monterrey Homes of Texas L.P., a **Texas** limited partnership as they were never duly form.

(a) Counter-Plaintiff's therefore request a judicial determination whether a deed is void if the grantee is not in existence at the time the deed is executed;

(b) Counter-Plaintiff's request an judicial determination as to whether a deed for conveyance of land can be made to a non-existent legal entity;

(c) Counter-Plaintiff's request a judicial determination if their deeds from said non-existent entities conveyed title to their lots of land in Miramar Lake in dispute;

(d) Counter-Plaintiff's request a judicial determination whether their deeds where executed by persons with authority to do so such as Michael J. Pizzitola Jr., (**President**) David W. Jordan (**VP**), Kevin Meuth (**VP**), Rodney B. Howerton (**VP**), Jeff Barfield (**VP**), Mike Materna (**VP**,) Melissa Hanna (**Dir**.), and Chris Huebner (**VP**) alleged "authorized agents" of said non-existent entities;

(e) Counter-Plaintiff's request a judicial determination if their deeds were eligible for recording was signed and acknowledged by the grantor or its agent in the presence of a notary;

(f) Counter-Plaintiff's request the decree declare and adjudge that the Plaintiff's are entitled to the exclusive possession of the properties;

(g) The claim of non-existent Meritage Homes of Texas LLC., a Texas limited liability company f/k/a Meritage Homes of Texas L.P., a Texas limited partnership f/k/a Legacy/Monterrey Homes of Texas L.P., a **Texas** limited partnership, claim of estate, right, title or interest in or to various lots of Land in Miramar Lake is adverse to plaintiff's title, and these claims constitute a cloud on plaintiff's title;

(h) Declaring that the Deeds from non-existent Meritage Homes of Texas LLC., a Texas limited liability company f/k/a Meritage Homes of Texas L.P., a Texas limited partnership f/k/a Legacy/Monterrey Homes of Texas L.P., a **Texas** limited partnership, void and ordering them removed and stricken from the

Harris County Real Property Records and quieting title in plaintiff;

(i) Awarding the Counter-Plaintiff's judgment and attorney's fees and cost of suit, together with such other and further relief to which the Plaintiff's may be justly entitled.

Dated: May 30, 2018

Respectfully submitted,

By:/s/*James M. Andersen*
James M. Andersen
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (218)488-2800
Fax. (281)480-4851
E-Mail:jandersen.law@gmail.com
**ATTORNEYS FOR COUNTER- PLAINTIFFS**

By: /s/Colleen M. McClure
**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**
Texas Bar No. 24012121
4201 Cypress Creek Parkway Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net
**ATTORNEYS FOR COUNTER- PLAINTIFFS**

**EXHIBIT 1**

**UNITED STATES FEDERAL DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MIRAMAR LAKE HOME OWNERS' ASSOCIATION** | § | **CIVIL ACTION NO.____________** |
| | § | |
| ***PLAINTIFFS,*** | § | (Formerly 333rd Harris County District COURT CAUSE NO. 2016-87941) |
| | § | |
| **VS.** | § | |
| | § | |
| **ELIZABETH THOMAS** | § | |
| | § | |
| ***DEFENDANTS.*** | § | |

**NOTICE OF REMOVAL**

Defendant Elizabeth Thomas hereby through counsel removes Case No. **2016-87941**, from **the 333rd** Harris County District Court, Texas to the United States District court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and as grounds for its removal states as follows:

**STATEMENT OF CASE**

*1.* On January 21, 2017, debt collectors Plaintiffs Miramar Lake Homeowners Association Inc., filed a petition in the in the 281th Judicial District Court of Harris County Texas under cause No. 2017-04089, entitled "*Miramar Lake Homeowners Association Inc., vs. Elizabeth Thomas*" (the "Original Case"). A copy of the petition is with exhibits is attached as Exhibit A.

2. Defendant Elizabeth Thomas family member accepted service of the citation and the petition on Ms. Thomas behalf on January 27, 2017, since Thomas resides in the State of Washington DC.

3. The petition purports for a cause of action that from 2011 to the present

Defendant Elizabeth Thomas failed to pay her yearly assessments fees. All of the Plaintiffs Miramar Lake Homeowners Association Inc., debt collection demands letters were sent to Defendant Thomas and James M. Andersen in their capacity as "Trustees" of the "Thomas Family Revocable Trust" to Ms. Thomas Washington D.C., mail box.

4. On February 22, 2017, Defendant Thomas through counsel filed a answer and counter-claim alleging claims.

5. On March 22, 2017, Plaintiffs Miramar Lake Homeowners Association Inc., had their case entitled *Miramar Lake Homeowners Association vs. Elizabeth Thomas*, in the 28ist Judicial District Court of Harris County Texas under cause No. 2017-04089, consolidated with a case in the 33rd Judicial District Court of Harris County Texas, under cause No. 2016-87941 entitled Plaintiff's MARIA DEJEUSES PEREZ, ROBERTO PEREZ, ALBERT PERRY III, ALVIN MULLEN, ANGELA FREDRICKS, CATRIC HENRY, ELIZABETH THOMAS vs. defendant's Miramar Lake Homeowners Association Inc., Christopher Kotran, Donald Richardson, Donna Consemiu, Jim Bertus, Paul Kennington, JDH Managements Company and Stewart Guaranty.

6. The cause of action filed in the 333rd Judicial District Court of Harris County Texas, under cause No. 2016-87941, on December 26, 2016, by the plaintiff's stated above was for a declaratory judgment seeking the court to determine their rights and interested under recorded deeds in the Harris County Real Property from non-existent entity LEGACY/MONTERREY HOMES L.P., a purported Texas limited partnership were void and if so were they subject to the Miramar Lake Declaration.

7. While the cause of action regarding the Miramar Lake Declaration proceeded in the 333rd Judicial District Court of Harris County Texas, the cause of action between plaintiff's Miramar *Lake Homeowners Association vs. Defendant Elizabeth Thomas,* that had been consolidated on March 22, 2017, from the 281st Judicial District Court of Harris County Texas under cause No. 2017-04089, had been abated by agreement, so as the court could first sought to determine whether the Plaintiff's were subject to the Miramar Lake Deed Restrictions due to defects or void deeds.

8. From March 22, 2017, to December 27, 2017, the *plaintiff's* Miramar *Lake Homeowners Association vs. Defendant Elizabeth Thomas,* cause of action had been abated as there had been no activity in the case such as of discovery, motions for summary judgment or motions seeking any relief or orders issued by the court in regard to whether Defendant Thomas owed assessment fees.

9. On October 19, 2017, the Plaintiff's MARIA DEJEUSES PEREZ, ROBERTO PEREZ and ELIZABETH THOMAS, after a hearing on their motion for declaratory judgment before the 333rd Judicial District Court of Harris County Texas, under cause No. 2016-8794, non-suited, their lawsuit against defendant's Miramar Lake Homeowners Association Inc., Christopher Kotran, Donald Richardson, Donna Consemiu, Jim Bertus, Paul Kennington, JDH Managements Company and Stewart Title Company after the court acknowledged that there were defects in the deeds that he believe could be fixed by filing corrections deeds the problem was an HOA and Stewart Guaranty were not a party to the deeds could file the corrections.

10.     After the October 19, 2017, non-suit between Plaintiff's MARIA DEJEUSES PEREZ, ROBERTO PEREZ, ALBERT PERRY III, ALVIN MULLEN, ANGELA FREDRICKS, CATRIC HENRY, ELIZABETH THOMAS vs. defendant's Miramar Lake Homeowners Association Inc., Christopher Kotran, Donald Richardson, Donna Consemiu, Jim Bertus, Paul Kennington, JDH Managements Company and Stewart Guaranty. Plaintiff's Miramar *Lake Homeowners Association* Inc., in effort to defeat and delay removal to federal court raised the issue that there are **pending** claims and parties from an April 24, 2017, "First Supplemental Petition" before the 333rd Judicial District Court that were never non-suited, because the defendant's non-suited themselves instead of the plaintiff's and Texas  Civ. Prac. Rule 162 does not provide a means for defendant's to non-suit themselves, in order to defeat diversity jurisdiction.

11.     On February 19, 2018, held a hearing on several matters before the court and clarified that parties named plaintiff's "supplemental petition" never became parties to the lawsuit. As a result the only cause of action and parties before the court were *plaintiff's* Miramar *Lake Homeowners Association vs. Defendant Elizabeth Thomas,* the case was not longer abated the court issued a new docket control order.

12.     On February 19, 2018, with the case out of abatement it became removable pursuant to Section 1446(b)(3) which permits a defendant to file a notice of removal "within 30 days after receipt . . . of a copy of an pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

13. As of February 19, 2018, the only parties remaining in the 333rd Judicial District Court of Harris County Texas, under cause No. 2016-87941, presently are only Defendant *Elizabeth Thomas*, a resident of the State of Washington D.C., and debt collectors Plaintiff's "*Miramar Lake Homeowners Association Inc., a* resident of the State of Texas.

**Grounds for Removal: DIVERSITY**

14. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is now complete diversity of citizenship between debt collectors Plaintiff's Miramar Lake Homeowners Association Inc., and Defendant Elizabeth Thomas and more than $75,000.00 exclusive of interest and costs is at stake.

15. Plaintiffs Miramar Lake Homeowners Association Inc., *a*re residents of the State of Texas and their primary residents are in the State of Texas.

16. Defendant Elizabeth Thomas is a primary resident of the State of Washington D.C. Therefore there is complete diversity between Plaintiffs and Defendant in this action.

17. Plaintiff's Miramar Lake Homeowners Association Inc., in this action is seeking damages in the amount of $100,000.00 and unspecified amounts in attorney's fees and costs which well over $75,000 is in controversy and jurisdictional threshold under 28 U.S.C. § 1332(a), is satisfied.

**PLAINTIFF'S BATH FAITH ACTIONS TO AVIOD FEDERAL JURISDCITION**

18. On February 27, 2018, defendant Elizabeth Thomas had filed a prior removal to federal court under cause No. **18-cv-00622.**

19. On March 8, 2018, plaintiff's Miramar Lake Homeowners Association Inc., *filed a*

*motion to remand and seeking emergency relief by* making arguments that can only be described as fraud on the court, indeed the plaintiff's improperly imputed to the court that Thomas was the original plaintiff's under original proceeding in case entitled *Miramar Lake Homeowners Association vs. Elizabeth Thomas,* in the 281st Judicial District Court of Harris County Texas under cause No. 2017-04089, as such could not move the case to federal with the full knowledge that these statements to the court was materially false because they file the lawsuit they remain the plaintiffs in the case.

20. Secondly, plaintiff's Miramar Lake Homeowners Association Inc., *statements in their motion to remand and seeking emergency relief* materially misrepresented to the court that Defendant Thomas, was a vexatious litigant that had filed two other lawsuits in the 234th Judicial Harris County District and the 270th Judicial Harris County District; and hearing was scheduled to be heard on March 19, 2018, so that the court can consolidate those cases into the 333rd judicial Harris County District for the express purpose to further convenience and avoid prejudice, and thus promote the ends of justice is also materially false.

21. Plaintiff's Miramar Lake Homeowners Association Inc., *is not named as a party in any of these pending lawsuit. The* 234th Judicial Harris County District, Texas case is class action mortgage origination fraud lawsuit and the case pending in the 270th Judicial Harris County District, Texas, consist of one hundred forty-five (145) plaintiff's seeking a determination deeds neither of these cases have anything do with whether Defendant Thomas owes an yearly assessment fee. A trial court may consolidate actions that relate to substantially the same transaction, occurrence, subject matter, or question. Crestway

Care Ctr., Inc. v. Berchelmann, 945 S.W.2d 872, 873-74 (Tex. App.-San Antonio 1997, orig. proceeding) (op. on rehearing) (en banc); Lone Star Ford, Inc., 838 S.W.2d at 737. The actions should be so related that the evidence presented will be material, relevant, and admissible in each case. Owens-Corning Fiberglas Corp. v. Martin, 942 S.W.2d 712, 716 (Tex. App.-Dallas 1997, no pet.); Crestway Care Ctr., Inc., 945 S.W.2d at 873-74. A trial court may abuse its discretion by "incorrectly resolving the relatedness issue" or by consolidating cases when the consolidation results in prejudice to the complaining party. Crestway Care Ctr., Inc., 945 S.W.2d at 874 (citing Lone Star Ford, 838 S.W.2d at 738).

22. Plaintiff's Miramar Lake Homeowners Association Inc., *had no hearing scheduled on March 19, 2018,* none of these cases where going to be consolidated with the 333rd Judicial Harris County District Court. In order to avoid federal court.

23. The question actually present in the plaintiff's Motion to Remand is; may a plaintiff's deprive a diverse defendant like Ms. Thomas of her right to litigate in federal court by aggregating dozens of unrelated claims, by and against unrelated parties, based on distinct and unrelated transactions and occurrences to defeat federal court jurisdiction the answer is: they may not.

25. Diversity exists between Defendant Elizabeth Thomas and Plaintiff's Miramar Lake Homeowners Association this case was properly removed on February 27, 2018, on the basis of diversity jurisdiction. Plaintiff's bad faith attempt to get other cases consolidated unrelated to their own case to evade federal jurisdiction by fraudulent joiner and misjoinder of claims and parties. This case present a textbook illustration of why these

Case 4:18-cv-00851 Document 1 Filed in TXSD on 03/15/18 Page 8 of 12

doctrines exist. Plaintiff's motion was filed in bad faith to defeat federal court jurisdiction.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

26. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a true and correct copies of all process, pleadings, order and documents from the State Court Action which have been served upon Defendant Elizabeth Thomas are being filed with this Notice of Removal.

27. This Notice of Removal has been filed within thirty (30) days of becoming removable pursuant to Section 1446(b)(3) which permits a defendant to file a notice of removal "within 30 days after receipt . . . of a copy of an pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable this case as of February 19, 2018 is no longer abated.

28. Defendant Thomas is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the Clerk of Harris County District Court, Harris County Texas, under cause No. 2016-87941, a copy of this Notice of Removal will also be served on the Plaintiff's.

**THE PLAINTIFFS IS NOT ENTITLED TO RECEIVE COSTS AND FEES.**

29. Regardless of the outcome of the Motion to Remand, the Plaintiff's is not entitled to costs and fees. The decision whether to award costs and fees under § 1447(c) rests in the Court's discretion, but that discretion should rarely be exercised in favor of an award: Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

30. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The proper inquiry is whether the removing party had a legitimate, fair, or objectively reasonable basis for removing the case. Id. at 136. Defendants had a legitimate, fair, or objectively reasonable basis for removing this case.

**CONCLUSION**

For the reasons set forth above, the defendant prays that upon the plaintiff's filing a motion to remand that the defendant be avoided and fair and just opportunity to respond and for any relief the court deems fair and just

Respectfully submitted,

By: /s/Colleen M. McClure

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**
Texas Bar No. 24012121
4201 Cypress Creek Parkway Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing NOTICE OF REMOVAL WITH EXHIBITS WAS SENT Via United States mail on the 19th day of MARCH 2018, postage prepaid thereon to:

Roberts, Markel, Wenberg, Butler & Haley
2800 Post Oak Boulevard Suite 5777
Houston Tx., 77056
Attorney for Plaintiff's

**UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MIRAMAR LAKE HOME OWNERS' ASSOCIATION** | § | |
| | § | **CIVIL ACTION NO.____________** |
| | § | |
| ***PLAINTIFFS,*** | § | (Formerly 333rd Harris County District |
| | § | COURT CAUSE NO. 2016-87941) |
| **VS.** | § | |
| | § | |
| **ELIZABETH THOMAS** | § | |
| | § | |
| ***DEFENDANTS.*** | § | |

## DEFENDANT'S INDEX OF MATERIALS ATTACHED TO NOTICE OF REMOVAL

| No. | Date filed or Entered | Document |
|---|---|---|
| 1. | 1/20/2017 | Civil Information Sheet |
| 2. | 1/20/2017 | Plaintiff Original Petition and Request for Disclosure filed in the 281st Judicial District Court Harris County; |
| 3. | 1/27/2017 | Citation of Service on Defendant Elizabeth Thomas |
| 4. | 1/23/2017 to 2/18/2018 | No activity Case is Abated. |

**UNITED STATES FEDERAL DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MIRAMAR LAKE HOME OWNERS' ASSOCIATION** | § | |
| | § | **CIVIL ACTION NO.____________** |
| | § | |
| ***PLAINTIFFS,*** | § | (Formerly 333rd Harris County District |
| | § | COURT CAUSE NO. 2016-87941) |
| **VS.** | § | |
| | § | |
| **ELIZABETH THOMAS** | § | |
| | § | |
| ***DEFENDANTS.*** | § | |

## LIST OF COUNSEL OF RECORD

Roberts, Markel, Wenberg, Butler & Haley
2800 Post Oak Boulevard Suite 5777
Houston Tx., 77056
Attorney for Plaintiff's

By: /s/*Colleen M. McClure*

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**
Texas Bar No. 24012121
4201 Cypress Creek Parkway Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att
**ATTORNEYS FOR DEENDANT**

HCDistrictclerk.com THOMAS, ELIZABETH vs. PIZZITOLA, MICHAEL J 7/9/2018
Cause: 201782388 CDI: 7 Court: 127

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 6/25/2018 | ORDER SIGNED COMPELLING PRODUCTION | 6/25/2018 | | 2 | | | |
| 6/25/2018 | ORDER SIGNED COMPELLING DEPOSITION APPEARANCE | 6/25/2018 | | 2 | | | |
| 6/18/2018 | STATUS CONFERENCE HELD | | | 0 | | | |
| 6/18/2018 | ORDER SIGNED GRANTING ENTRY OF TEMPORARY ORDERS | 6/18/2018 | | 2 | | | |
| 6/6/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 5/29/2018 | FIRST AMENDED COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS, LLC |
| 5/29/2018 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS, LLC |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | HENRY, CATRICE |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | PERRY, ALBERT III |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | MULLEN, ALVIN R II |
| 5/3/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 5/3/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 5/3/2018 | | 1 | | | |
| 5/3/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 4/26/2018 | ORDER SIGNED RECUSING JUDGE | 4/26/2018 | | 1 | | | |
| 4/12/2018 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 4/12/2018 | | 8 | | | |
| 4/11/2018 | ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | MATERNA, MICHAEL |
| 4/11/2018 | COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | MATERNA, MICHAEL |
| 4/5/2018 | DESIGNATED TRIAL READY | | | 0 | | | |
| 4/4/2018 | ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | PIZZITOLA, MICHAEL J |
| 4/4/2018 | COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | PIZZITOLA, MICHAEL J |
| 3/22/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 3/22/2018 | | 2 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 3/22/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | 0 | | |
| 3/22/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | 0 | | |
| 3/16/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | BARFIELD, JEFF |
| 3/16/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | BARFIELD, JEFF |
| 3/15/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | HOWERTON, RODNEY B |
| 3/15/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | HOWERTON, RODNEY B |
| 3/8/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | HANNA, MELISSA |
| 3/8/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | HANNA, MELISSA |
| 3/5/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | MODLIN, DAVID |
| 3/5/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | MEUTH, KEVIN |
| 3/5/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | MODLIN, DAVID |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | "INTERESTED PARTIES" LISTED IN EXHIBIT A |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, MARIA DEJESUS |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, ROBERTO |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 1/3/2018 | ORDER SIGNED STRIKING PLEADING | 1/3/2018 | 2 | | |
| 12/12/2017 | JURY FEE PAID (TRCP 216) | | 0 | | |
| 12/12/2017 | ORIGINAL PETITION | | 0 | | THOMAS, ELIZABETH |

**HCDistrictclerk.com** THOMAS, ELIZABETH vs. PIZZITOLA, MICHAEL J 7/9/2018
Cause: 201782388 CDI: 7 Court: 127

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 5/10/2018 11:30 AM | 061 | | Law Day Docket | RE-HEARING - MOTION FOR | Passed | PER VIOLA/ALTSULER'S OFC | ALTSULER, KIMBERLY GOREL |
| 5/10/2018 11:30 AM | 061 | | Law Day Docket | SHOW AUTHORITY (TRCP 12) | Passed | RECUSAL OS 4/26 | ANDERSEN, JAMES MICHAEL |
| 1/28/2019 09:00 AM | 061 | | Trial Setting | Trial on Merits | | | |
| 5/25/2018 11:00 AM | 127 | | Law Day Docket | PLEA TO JURISDICTION (TRCP 120A) | Re-Set | NOTICE FILED 5.15.18 | MCCLURE, COLLEEN M CLEAR |
| 6/04/2018 08:00 AM | 127 | | Submission Docket (Local Rule 12) | PLEA TO JURISDICTION (TRCP 120A) | Passed | NOTICE OF REMOVAL FILED 06.06.18 | MCCLURE, COLLEEN M CLEAR |
| 6/08/2018 11:00 AM | 127 | | Law Day Docket | SHOW AUTHORITY (TRCP 12) | Passed | NOTICE OF REMOVAL FILED 6/6 | ANDERSEN, JAMES MICHAEL |
| 6/08/2018 11:00 AM | 127 | | Law Day Docket | SUMMARY JUDGMENT - MOTION FOR FINAL (TRCP 166A) | Passed | NOTICE OF REMOVAL FILED 6/6 | ALTSULER, KIMBERLY GOREL |
| 6/25/2018 10:00 AM | 127 | | Law Day Docket | Motion to Compel Production | Granted | ORDER SIGNED 6/25 | ALTSULER, KIMBERLY GOREL |
| 7/03/2018 10:30 AM | 127 | | Law Day Docket | SUMMARY JUDG - MTN PARTIAL (TRCP 166A) | Passed | CASE STAYED 07.03.18 | ALTSULER, KIMBERLY GOREL |
| 12/25/2017 08:00 AM | 270 | | Submission Docket (Local Rule 12) | STRIKE PLEAD - MTN TO (TRCP 168) | Granted | O/S 01/03 | HECHT, NATHAN L. |
| 3/26/2018 08:00 AM | 270 | | Submission Docket (Local Rule 12) | PLEA IN ABATEMENT (TRCP 120A) | Passed | CASE TRANSFERRED TO 61ST | ANDERSEN, JAMES MICHAEL |



201782388 - THOMAS, ELIZABETH vs. PIZZIT OLA, MICHAEL J (Court 127)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet Add DocketSheet to Basket Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 12/12/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Other Property |
| Next/Last Setting Date | 1/28/2019 |
| Jury Fee Paid Date | 12/12/2017 |

| The Current Presiding Judge | |
|---|---|
| Current Court | 127th |
| Filing Court | 270th |
| Address | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686161 |
| JudgeName | R K SANDILL |
| Court Type | Civil |

[WS6]

6/11/2018 3:30 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25203203
By: janel gutierrez
Filed: 6/11/2018 3:30 PM

**CAUSE NO. 2017-82388**

| | | |
|---|---|---|
| **ELIZABETH THOMAS, ROBERTO PEREZ, MARIA DEJESUS PEREZ, AND INTERESTED PARTIES** | § | **IN THE DISTRICT COURT OF** |
| *PLAINTIFFS* | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| **MICHAEL J. PIZZITOLA JR., KEVIN MEUTH, DAVID JORDAN, RODNEY B. HOWERTON, DAVID MODLIN, JEFF BARFIELD, MICHAEL MATERNA, CHRIS HUEBNER AND MELISSA HANNA, AS THE EXECUTIVE MEMBERS OF LEGACY/MONTERREY HOMES, LP., A TEXAS LIMITED PARTNERSHIP, MERITAGE HOMES OF TEXAS LP., A TEXAS LIMITED PARTNERSHIP; MERITAGE HOMES OF TEXAS LLC., A LIMITED LIABILITY COMPANY** | § | |
| *DEFENDANTS.* | § | **127TH JUDICIAL DISTRICT** |

**OBJECTION TO PLAINTIFF THOMAS' STATE COURT "NOTICE OF REMOVAL"**

Defendants Meritage Homes of Texas, LLC ("Meritage") and Pizzitola, Meuth, Howerton, Modlin, Barfield, Materna, and Hanna (the "Individual-Defendants") file this Objection to Plaintiff Thomas' State Court "Notice of Removal," respectfully showing as follows:

## I. INTRODUCTION AND SUMMARY

On Wednesday, June 6, 2018, Elizabeth Thomas (one of six plaintiffs and/or counter-defendants in this case) filed a document entitled "Notice of Removal," which claims that this Case No. 2017-82388 pending in this Court has been removed to federal court. However, that filing did not remove this case to federal court, so the requirement of 28 U.S.C. § 1446(b) to "proceed no further" does not apply, because:

1. Thomas has not filed a notice of removal in the federal court initiating this case as a removed action.

2. Thomas cannot remove this case because she is a plaintiff and only defendants may remove.

3. Thomas has not effectively filed any claims against the Individual-Defendants in her federal court case because she has not been granted leave to amend or supplement her pleadings to add the Individual-Defendants to the federal court case.

4. Only Elizabeth Thomas attempted "removal," and she only attempted to remove her claims against the Individual-Defendants. While the Thomas filings are not an actual removal, there is not even an attempted removal as to the other plaintiffs/counter-defendants Perry, Henry, Mullen and the Perezes or Defendant Meritage Homes of Texas, LLC.

## II. BACKGROUND AND ANALYSIS

Thomas' Notice of Removal filing in this Court states that the claims filed in this case (Cause No. 2017-82388) have been filed in the federal court in Cause No. 18-CV-00851 (the "federal court case") "to exercise supplemental jurisdiction" and upon filing of the Notice of Removal with this Court "the case in 127th Harris County District Court under cause no. 2017-82388 is affectedly [sic] removed." Plaintiff also attached to her Notice of Removal a federal court filing entitled "Defendant Unpposed [sic] Second Supplemental Counter-Claim." However, this case has not been removed.

**1. Thomas did not file a Notice of Removal in the federal court case.**

Attached as Exhibit "A" is the federal court case docket sheet. No Notice of Removal has been filed in that case. Furthermore, counsel searched the federal court records and found no Notice of Removal filed by Thomas related to this case.

To remove a case from a state court to a federal court, the removing party must file a "notice of removal" in federal court that initiates a new federal action. *See* 28 U.S.C. § 1446(a)

(providing that a party in a state court case who wishes to remove the case "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . ."). Because Thomas has not complied with the removal requirements, the case is not removed.

**2. Thomas is a plaintiff, so cannot remove the case.**

The federal removal statutes only allow *defendants* to remove a case to federal court. *See* 28 U.S.C. § 1441(a) (providing that cases for which a federal court would have original jurisdiction "may be removed by the defendant or defendants"); *see also* 28 U.S.C. § 1446(a) (stating that "[a] defendant or defendants desiring to remove any civil action" from state court to federal court must file a notice of removal to do so). Thomas is not the defendant in this action. She is one of the plaintiffs. She thus could not—consistent with Federal Rule of Civil Procedure 11—file a notice of removal of this case. The fact that there are counterclaims pending against her does not change anything. *See In re Crystal Power Co., Ltd.*, 641 F.3d 82, 85 n.10 (5th Cir. 2011) ("The Supreme Court has been clear that when a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against it does not allow that party to invoke the right of removal conferred only on true defendants.") (citations omitted).

**3. Thomas' pleading upon which she bases her alleged right to remove—a Second Supplemental Counterclaim filed in the federal court case—is ineffective because leave to file the pleading has not been granted.**

Thomas has attached to her Notice of Removal a document called "Defendant Unpposed [sic] Second Supplemental Counter-Claim." The federal court case docket sheet (Exb. "A") shows that on May 30, 2018 Thomas filed a Motion for Leave to File a Second Supplemental

Counterclaim (Doc. #14), but that Motion has not been granted. Nevertheless, Thomas filed the Second Supplemental Counterclaim on June 6, 2018 (attached as Exhibit "B").[1]

Federal Rule of Civil Procedure 15(a)(2) requires a plaintiff to obtain written consent from the opposing party or leave of court to file an amended pleading. Thomas did not obtain the written consent of her opposing party (the Miramar Lake HOA), even though she represented her motion and counterclaim as "unopposed." *See* Exhibit "C," Miramar Lake HOA's Objection to Counterclaim, in which its counsel states that Thomas did not confer regarding whether the HOA was unopposed and that the HOA is in fact opposed. In addition, Thomas has not been granted leave of court. Thomas' Second Supplemental Counterclaim against the Individual-Defendants is ineffective until leave of court is granted.

Even if Judge Hittner granted Thomas' Motion for Leave to File a Second Supplemental Counterclaim in the federal court case, that would not be a "removal." At best, it would be a grant of Thomas' motion to amend her pleading to assert claims in that case as third party claims against the same Individual-Defendants who are Defendants in this case, and would result in the claims against the Individual-Defendants pending in two separate courts.

**4. The attempted removal does not affect the remaining Plaintiffs/Counter-Defendants and Defendant Meritage.**

The docket sheet and the Second Supplemental Counterclaim from the federal court case show that the only "counter-claimant" in that case is Elizabeth Thomas and the defendants allegedly "removed" are only the Individual-Defendants. Defendant Meritage Homes of Texas, LLC, Defendant/Counter-Plaintiff in this case, is not part of the amended pleading, and Plaintiffs and/or Counter-Defendants Roberto Perez, Maria DeJesus Perez, Albert Perry, III, Catrice

[1] The pleading attached to Thomas' Notice of Removal is dated May 30, 2018 because it was attached to Thomas' May 30 Motion for Leave to file same, federal court case Doc. #14. However, the pleading was actually filed as an "Unopposed Counterclaim" on June 6, 2018, as noted on the docket sheet, Exhibit "A."

Henry, and Alvin R. Mullen, II are not counter-claimants in the federal court case. Therefore, there has not even been an attempted removal of those parties. Whether Elizabeth Thomas manages to properly remove her claims or not, the following motions and disputes previously presented to the Court should be re-set for hearing, since they should not have been affected by Thomas' removal attempts:

        a.  The Individual-Defendants' Motion for Summary Judgment;

        b.  The discovery dispute between the parties concerning the Plaintiffs' refusal to engage in any discovery.

## III. CONCLUSION

This Court still has jurisdiction over this case, and these proceedings should be unaffected by Elizabeth Thomas' attempts at removal. Thomas has not followed the rules of procedure in this court or the federal court and has not removed this case. Furthermore, should the Judge feel it is warranted, Defendants request that they be awarded their fees and costs incurred related to Plaintiff's improper filings.

WHEREFORE, Defendants Meritage Homes of Texas, LLC, Pizzitola, Meuth, Howerton, Modlin, Barfield, Materna, and Hanna pray that this Court continue with its jurisdiction over this case and proceed with the adjudication of all matters, and pray for any further relief to which they are justly entitled.

Respectfully submitted,

COATS ROSE, P.C.

By: */s/ Kimberly G. Altsuler*
Kimberly G. Altsuler
State Bar No. 00796656
Email: kaltsuler@coatsrose.com
Barry S. Rabon
State Bar No. 00792781
Email: brabon@coatsrose.com
9 East Greenway Plaza, Suite 1100
Houston, Texas 77046
Telephone: (713) 651-0111
Facsimile: (713) 651-0220

ATTORNEYS FOR DEFENDANTS/ COUNTER-PLAINTIFFS MELISSA HANNA, DAVID MODLIN, KEVIN MEUTH, RODNEY HOWERTON, JEFF BARFIELD, MICHAEL MATERNA, MICHAEL PIZZITOLA, AND MERITAGE HOMES OF TEXAS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2018, a true and correct copy of the foregoing document was served on all counsel of record electronically through the electronic filing manager pursuant to Tex. R. Civ. P. 21a(a)(1).

*/s/ Kimberly G. Altsuler*
Kimberly G. Altsuler

                                              **beth Woods <bethlegalassist@gmail.com>**

---

## Fw: Case: 201776078, ALLEN, JAMES v MTH LENDGING GROUP L P., [IWOV-JWDocs.FID3480714]

---

**Colleen McClure** <colleen.mcclure@att.net> Mon, Jun 11, 2018 at 9:44 AM
Reply-To: Colleen McClure <colleen.mcclure@att.net>
To: Beth Woods <bethlegalassist@gmail.com>

*Colleen M. McClure*
Attorney at Law
4201 Cypress Creek Parkway, Suite 565
Houston, Texas 77068
(281) 440-1625 Phone
(281) 946-5627 Fax

Mark 11:22 "Have Faith of God"

**CONFIDENTIALITY NOTE**

This e-mail and any attachments contain information from sender which may be confidential and/or legally privileged. This message and any attachments are intended for the individual or entity named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of these materials is strictly prohibited and review by any individual other than the intended recipient shall not constitute waiver of the attorney client privilege for any of the attorney clients of Colleen McClure. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system. Dissemination, distribution, or copying of this communication, in whole or in part, by any unintended or unauthorized recipient is prohibited and may subject you to liability under 18 U.S.C. sec. 2511.

----- Forwarded Message -----
**From:** "Mose, Janel (DCO)" <janel.mose@hcdistrictclerk.com>
**To:** 'Kim Altsuler' <kaltsuler@coatsrose.com>; "'Koepke, John'" <jkoepke@jw.com>; 'Colleen McClure' <colleen.mcclure@att.net>
**Cc:** "Bryant, Jennifer" <jbryant@jw.com>; Jamelda Burton-Domino <jburton-domino@coatsrose.com>; "'mckinney@litchfieldcavo.com'" <mckinney@litchfieldcavo.com>; Barry Rabon <brabon@coatsrose.com>; "Rowland, CJ" <crowland@jw.com>; "'Rett Holidy (rholidy@germer.com)'" <rholidy@germer.com>; "McElhaney, Scott" <SMcElhaney@jw.com>
**Sent:** Monday, June 11, 2018 9:40 AM
**Subject:** RE: Case: 201776078, ALLEN, JAMES v MTH LENDGING GROUP L P., [IWOV-

JWDocs.FID3480714]

Good Morning,

There will be a conference call next Monday, 6/18/18 @ 10:30 am regarding the notice of removal in 2017-76078. There will also be a conference call for case number 2017-82388 the same day, Monday, 6/18/18 @ 10:50 am. Please make sure all parties are attached to this email. The conference line phone number is 832-927-8888 access code: 3686161.

Message Per Judge:
Please let everyone know that I want to see the supplemental Orders by the federal court by Wednesday at close of business.

I want it filed and emailed by COB on Wednesday.

Thank you,

Janel Mose
113th/127th Senior Civil Court Clerk
District Clerk Harris County, Texas
201 Caroline, 10th Floor
832-927-2575 (113th)/ 832-927-2525 (127th)
Janel.mose@hcdistrictclerk.com
www.hcdistrictclerk.com

---

**From:** Kim Altsuler [mailto:kaltsuler@coatsrose.com]
**Sent:** Friday, June 08, 2018 4:24 PM
**To:** Mose, Janel (DCO); 'Koepke, John'; 'Colleen McClure'
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

6/18/2018 2:32:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 25365393
By: WILLIAMS, CAROL
Filed: 6/18/2018 2:32:00 PM
Pgs-2

ENTX

Cause No. 2017-76078

| | | |
|---|---|---|
| MARIA DEJESUS PEREZ; ROBERTO PEREZ; ELIZABETH THOMAS; JAMES ALLEN et al.,<br><br>Plaintiffs,<br>v. | § | IN THE DISTRICT COURT OF |
| MERITAGE HOMES CORPORATION f/k/a Meritage Corporation, f/k/a Legacy Monterey Homes LP; MERITAGE HOMES OF TEXAS LLC f/k/a/ Meritage Homes of Texas LP f/k/a Legacy Monterey Homes LP; MTH LENDING GROUP L.P.; PRIMARY RESIDENTIAL MORTGAGE INC.; MARY LESTER f/k/a MTH Title Company L.P.; STEWART TITLE COMPANY, | § | HARRIS COUNTY, TEXAS |
| Defendants. | § | 127TH JUDICIAL DISTRICT |

**ORDER ON PLAINTIFF ELIZABETH THOMAS' PURPORTED "NOTICE OF REMOVAL"**

On Monday, June 18, 2018, at 10:30 a.m., after due and proper notice from the Court, the Court held a hearing on the effect of Plaintiff Elizabeth Thomas' purported "Notice of Removal" filed June 5, 2018.

Based on the Notice, Defendants' Objection, and the evidence and argument of counsel, the Court ORDERS as follows:

1. The purported "Notice of Removal" filed by Plaintiff Elizabeth Thomas is improper and a nullity based on procedural deficiencies on its face and did not effect the removal of this case to federal court; accordingly, this Court maintains jurisdiction over this cause.

2. Defendants are directed to serve a notice of hearing of discovery matters for Monday, June 25, 2018 at 10:00 a.m. in the 127th Judicial District Court, located at 201 Caroline St., 10th Floor, Houston, TX 77002.

3. Defendant MTH Lending Group L.P's Traditional Motion for Summary Judgment Against Elizabeth Thomas, filed May 18, 2018, remains set for hearing on Tuesday, July 10, 2018 at 11:30 a.m. in the 127th Judicial District Court, located at 201 Caroline St., 10th Floor, Houston, TX 77002.

IT IS SO ORDERED.

SIGNED on this _____day of_______________, 2018.

Signed:
6/18/2018

JUDGE PRESIDING



**beth Woods <bethlegalassist@gmail.com>**

# Fw: Case: 201776078, ALLEN, JAMES v MTH LENDGING GROUP L P., [IWOV-JWDocs.FID3480714]

**Colleen McClure** <colleen.mcclure@att.net> Mon, Jun 11, 2018 at 9:44 AM
Reply-To: Colleen McClure <colleen.mcclure@att.net>
To: Beth Woods <bethlegalassist@gmail.com>

*Colleen M. McClure*
Attorney at Law
4201 Cypress Creek Parkway, Suite 565
Houston, Texas 77068
(281) 440-1625 Phone
(281) 946-5627 Fax

Mark 11:22 "Have Faith of God"

**CONFIDENTIALITY NOTE**

This e-mail and any attachments contain information from sender which may be confidential and/or legally privileged. This message and any attachments are intended for the individual or entity named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of these materials is strictly prohibited and review by any individual other than the intended recipient shall not constitute waiver of the attorney client privilege for any of the attorney clients of Colleen McClure. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system. Dissemination, distribution, or copying of this communication, in whole or in part, by any unintended or unauthorized recipient is prohibited and may subject you to liability under 18 U.S.C. sec. 2511.

----- Forwarded Message -----
**From:** "Mose, Janel (DCO)" <janel.mose@hcdistrictclerk.com>
**To:** 'Kim Altsuler' <kaltsuler@coatsrose.com>; "'Koepke, John'" <jkoepke@jw.com>; 'Colleen McClure' <colleen.mcclure@att.net>
**Cc:** "Bryant, Jennifer" <jbryant@jw.com>; Jamelda Burton-Domino <jburton-domino@coatsrose.com>; "'mckinney@litchfieldcavo.com'" <mckinney@litchfieldcavo.com>; Barry Rabon <brabon@coatsrose.com>; "Rowland, CJ" <crowland@jw.com>; "'Rett Holidy (rholidy@germer.com)'" <rholidy@germer.com>; "McElhaney, Scott" <SMcElhaney@jw.com>
**Sent:** Monday, June 11, 2018 9:40 AM
**Subject:** RE: Case: 201776078, ALLEN, JAMES v MTH LENDGING GROUP L P., [IWOV-

JWDocs.FID3480714]

Good Morning,

There will be a conference call next Monday, 6/18/18 @ 10:30 am regarding the notice of removal in 2017-76078. There will also be a conference call for case number 2017-82388 the same day, Monday, 6/18/18 @ 10:50 am. Please make sure all parties are attached to this email. The conference line phone number is 832-927-8888 access code: 3686161.

Message Per Judge:
Please let everyone know that I want to see the supplemental Orders by the federal court by Wednesday at close of business.

I want it filed and emailed by COB on Wednesday.

Thank you,

Janel Mose
113th/127th Senior Civil Court Clerk
District Clerk Harris County, Texas
201 Caroline, 10th Floor
832-927-2575 (113th)/ 832-927-2525 (127th)
Janel.mose@hcdistrictclerk.com
www.hcdistrictclerk.com

---

**From:** Kim Altsuler [mailto:kaltsuler@coatsrose.com]
**Sent:** Friday, June 08, 2018 4:24 PM
**To:** Mose, Janel (DCO); 'Koepke, John'; 'Colleen McClure'
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]



201776078 - ALLEN, JAMES vs. MTH LENDGING GROUP L P (Court 127)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 11/13/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Quiet Title |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | 12/4/2017 |

| The Current Presiding Judge | |
|---|---|
| Current Court | 127th |
| Filing Court | 234th |
| Address | 201 CAROLINE (Floor: 10)<br>HOUSTON, TX 77002<br>Phone:7133686161 |
| JudgeName | R K SANDILL |
| Court Type | Civil |

[WS5]

6/18/2018 3:19:09 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 25368553
By: WILLIAMS, CAROL
Filed: 6/18/2018 3:19:09 PM

Pgs-2

CAUSE NO. 2017-82388

| | | |
|---|---|---|
| **ELIZABETH THOMAS, ROBERTO PEREZ, MARIA DEJESUS PEREZ, AND INTERESTED PARTIES**<br><br>*PLAINTIFFS* | § § § § § § | **IN THE DISTRICT COURT OF** |
| **vs.** | § § § | **HARRIS COUNTY, TEXAS** |
| **MICHAEL J. PIZZITOLA JR., KEVIN MEUTH, DAVID JORDAN, RODNEY B. HOWERTON, DAVID MODLIN, JEFF BARFIELD, MICHAEL MATERNA, CHRIS HUEBNER AND MELISSA HANNA, AS THE EXECUTIVE MEMBERS OF LEGACY/MONTERREY HOMES, LP., A TEXAS LIMITED PARTNERSHIP, MERITAGE HOMES OF TEXAS LP., A TEXAS LIMITED PARTNERSHIP; MERITAGE HOMES OF TEXAS LLC., A LIMITED LIABILITY COMPANY**<br><br>*DEFENDANTS.* | § § § § § § § § § § § § | **127TH JUDICIAL DISTRICT** |

**ORDER ON PLAINTIFF ELIZABETH THOMAS' PURPORTED "NOTICE OF REMOVAL"**

On Monday, June 18, 2018, at 10:50 a.m., after due and proper notice from the Court, the Court held a hearing on the effect of Plaintiff Elizabeth Thomas' purported "Notice of Removal" filed June 6, 2018.

Based on the Notice, Defendants' Objection, and the evidence and argument of counsel, the Court ORDERS as follows:

1. The purported "Notice of Removal" filed by Plaintiff Elizabeth Thomas is improper and a nullity based on procedural deficiencies on its face and did not effect the removal of this case to federal court; accordingly, this Court maintains jurisdiction over this cause.

2. Defendants are directed to serve a notice of hearing of discovery matters for Monday, June 25, 2018 at 10:00 a.m. in the 127th Judicial District Court, located at 201 Caroline St., 10th floor, Houston, Texas 77002.

3. Defendants Michael J. Pizzitola, Jr., Kevin Meuth, Rodney B. Howerton, David Modlin, Jeff Barfield, Michael Materna, and Melissa Hanna are directed to serve a notice of hearing on their Motion for Summary Judgment filed on May 18, 2018, setting such Motion for hearing on July 3, 2018 at 10:30 a.m. in the 127th Judicial District Court, located at 201 Caroline St., 10th floor, Houston, Texas 77002.

IT IS SO ORDERED.

SIGNED: ______________________

Signed:
6/18/2018

______________________
JUDGE PRESIDING

                                          beth Woods <bethlegalassist@gmail.com>

---

# Fw: Case: 201776078, ALLEN, JAMES v MTH LENDGING GROUP L P., [IWOV-JWDocs.FID3480714]

---

**Colleen McClure** <colleen.mcclure@att.net> Mon, Jun 11, 2018 at 9:44 AM
Reply-To: Colleen McClure <colleen.mcclure@att.net>
To: Beth Woods <bethlegalassist@gmail.com>

*Colleen M. McClure*
Attorney at Law
4201 Cypress Creek Parkway, Suite 565
Houston, Texas 77068
(281) 440-1625 Phone
(281) 946-5627 Fax

Mark 11:22 "Have Faith of God"

**CONFIDENTIALITY NOTE**

This e-mail and any attachments contain information from sender which may be confidential and/or legally privileged. This message and any attachments are intended for the individual or entity named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of these materials is strictly prohibited and review by any individual other than the intended recipient shall not constitute waiver of the attorney client privilege for any of the attorney clients of Colleen McClure. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system. Dissemination, distribution, or copying of this communication, in whole or in part, by any unintended or unauthorized recipient is prohibited and may subject you to liability under 18 U.S.C. sec. 2511.

----- Forwarded Message -----
**From:** "Mose, Janel (DCO)" <janel.mose@hcdistrictclerk.com>
**To:** 'Kim Altsuler' <kaltsuler@coatsrose.com>; "'Koepke, John'" <jkoepke@jw.com>; 'Colleen McClure' <colleen.mcclure@att.net>
**Cc:** "Bryant, Jennifer" <jbryant@jw.com>; Jamelda Burton-Domino <jburton-domino@coatsrose.com>; "'mckinney@litchfieldcavo.com'" <mckinney@litchfieldcavo.com>; Barry Rabon <brabon@coatsrose.com>; "Rowland, CJ" <crowland@jw.com>; "'Rett Holidy (rholidy@germer.com)'" <rholidy@germer.com>; "McElhaney, Scott" <SMcElhaney@jw.com>
**Sent:** Monday, June 11, 2018 9:40 AM
**Subject:** RE: Case: 201776078, ALLEN, JAMES v MTH LENDGING GROUP L P., [IWOV-

JWDocs.FID3480714]

Good Morning,

There will be a conference call next Monday, 6/18/18 @ 10:30 am regarding the notice of removal in 2017-76078. There will also be a conference call for case number 2017-82388 the same day, Monday, 6/18/18 @ 10:50 am. Please make sure all parties are attached to this email. The conference line phone number is 832-927-8888 access code: 3686161.

Message Per Judge:
Please let everyone know that I want to see the supplemental Orders by the federal court by Wednesday at close of business.

I want it filed and emailed by COB on Wednesday.

Thank you,

Janel Mose
113th/127th Senior Civil Court Clerk
District Clerk Harris County, Texas
201 Caroline, 10th Floor
832-927-2575 (113th)/ 832-927-2525 (127th)
Janel.mose@hcdistrictclerk.com
www.hcdistrictclerk.com

---

**From:** Kim Altsuler [mailto:kaltsuler@coatsrose.com]
**Sent:** Friday, June 08, 2018 4:24 PM
**To:** Mose, Janel (DCO); 'Koepke, John'; 'Colleen McClure'
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

201782388 - THOMAS, ELIZABETH vs. PIZZIT OLA, MICHAEL J (Court 127)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 12/12/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Other Property |
| Next/Last Setting Date | 1/28/2019 |
| Jury Fee Paid Date | 12/12/2017 |

| The Current Presiding Judge | |
|---|---|
| Current Court | 127th |
| Filing Court | 270th |
| Address | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686161 |
| JudgeName | R K SANDILL |
| Court Type | Civil |

[WS6]

**HCDistrictclerk.com** THOMAS, ELIZABETH vs. PIZZITOLA, MICHAEL J 7/9/2018
Cause: 201782388 CDI: 7 Court: 127

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 5/10/2018 11:30 AM | 061 | | Law Day Docket | RE-HEARING - MOTION FOR | Passed | PER VIOLA/ALTSULER'S OFC | ALTSULER, KIMBERLY GOREL |
| 5/10/2018 11:30 AM | 061 | | Law Day Docket | SHOW AUTHORITY (TRCP 12) | Passed | RECUSAL OS 4/26 | ANDERSEN, JAMES MICHAEL |
| 1/28/2019 09:00 AM | 061 | | Trial Setting | Trial on Merits | | | |
| 5/25/2018 11:00 AM | 127 | | Law Day Docket | PLEA TO JURISDICTION (TRCP 120A) | Re-Set | NOTICE FILED 5.15.18 | MCCLURE, COLLEEN M CLEAR |
| 6/04/2018 08:00 AM | 127 | | Submission Docket (Local Rule 12) | PLEA TO JURISDICTION (TRCP 120A) | Passed | NOTICE OF REMOVAL FILED 06.06.18 | MCCLURE, COLLEEN M CLEAR |
| 6/08/2018 11:00 AM | 127 | | Law Day Docket | SHOW AUTHORITY (TRCP 12) | Passed | NOTICE OF REMOVAL FILED 6/6 | ANDERSEN, JAMES MICHAEL |
| 6/08/2018 11:00 AM | 127 | | Law Day Docket | SUMMARY JUDGMENT - MOTION FOR FINAL (TRCP 166A) | Passed | NOTICE OF REMOVAL FILED 6/6 | ALTSULER, KIMBERLY GOREL |
| 6/25/2018 10:00 AM | 127 | | Law Day Docket | Motion to Compel Production | Granted | ORDER SIGNED 6/25 | ALTSULER, KIMBERLY GOREL |
| 7/03/2018 10:30 AM | 127 | | Law Day Docket | SUMMARY JUDG - MTN PARTIAL (TRCP 166A) | Passed | CASE STAYED 07.03.18 | ALTSULER, KIMBERLY GOREL |
| 12/25/2017 08:00 AM | 270 | | Submission Docket (Local Rule 12) | STRIKE PLEAD - MTN TO (TRCP 168) | Granted | O/S 01/03 | HECHT, NATHAN L. |
| 3/26/2018 08:00 AM | 270 | | Submission Docket (Local Rule 12) | PLEA IN ABATEMENT (TRCP 120A) | Passed | CASE TRANSFERRED TO 61ST | ANDERSEN, JAMES MICHAEL |

HCDistrictclerk.com THOMAS, ELIZABETH vs. PIZZITOLA, MICHAEL J 7/9/2018
Cause: 201782388 CDI: 7 Court: 127

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 6/25/2018 | ORDER SIGNED COMPELLING PRODUCTION | 6/25/2018 | | 2 | | | |
| 6/25/2018 | ORDER SIGNED COMPELLING DEPOSITION APPEARANCE | 6/25/2018 | | 2 | | | |
| 6/18/2018 | STATUS CONFERENCE HELD | | | 0 | | | |
| 6/18/2018 | ORDER SIGNED GRANTING ENTRY OF TEMPORARY ORDERS | 6/18/2018 | | 2 | | | |
| 6/6/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 5/29/2018 | FIRST AMENDED COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS, LLC |
| 5/29/2018 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS, LLC |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | HENRY, CATRICE |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | PERRY, ALBERT III |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | MULLEN, ALVIN R II |
| 5/3/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 5/3/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 5/3/2018 | | 1 | | | |
| 5/3/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 4/26/2018 | ORDER SIGNED RECUSING JUDGE | 4/26/2018 | | 1 | | | |
| 4/12/2018 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 4/12/2018 | | 8 | | | |
| 4/11/2018 | ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | MATERNA, MICHAEL |
| 4/11/2018 | COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | MATERNA, MICHAEL |
| 4/5/2018 | DESIGNATED TRIAL READY | | | 0 | | | |
| 4/4/2018 | ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | PIZZITOLA, MICHAEL J |
| 4/4/2018 | COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | PIZZITOLA, MICHAEL J |
| 3/22/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 3/22/2018 | | 2 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 3/22/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | 0 | | |
| 3/22/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | 0 | | |
| 3/16/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | BARFIELD, JEFF |
| 3/16/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | BARFIELD, JEFF |
| 3/15/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | HOWERTON, RODNEY B |
| 3/15/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | HOWERTON, RODNEY B |
| 3/8/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | HANNA, MELISSA |
| 3/8/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | HANNA, MELISSA |
| 3/5/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | MODLIN, DAVID |
| 3/5/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | MEUTH, KEVIN |
| 3/5/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | MODLIN, DAVID |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | "INTERESTED PARTIES" LISTED IN EXHIBIT A |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, MARIA DEJESUS |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, ROBERTO |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 1/3/2018 | ORDER SIGNED STRIKING PLEADING | 1/3/2018 | 2 | | |
| 12/12/2017 | JURY FEE PAID (TRCP 216) | | 0 | | |
| 12/12/2017 | ORIGINAL PETITION | | 0 | | THOMAS, ELIZABETH |

**HCDistrictclerk.com** THOMAS, ELIZABETH vs. PIZZITOLA, MICHAEL J 7/9/2018
Cause: 201782388 CDI: 7 Court: 127

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 5/10/2018 11:30 AM | 061 | | Law Day Docket | RE-HEARING - MOTION FOR | Passed | PER VIOLA/ALTSULER'S OFC | ALTSULER, KIMBERLY GOREL |
| 5/10/2018 11:30 AM | 061 | | Law Day Docket | SHOW AUTHORITY (TRCP 12) | Passed | RECUSAL OS 4/26 | ANDERSEN, JAMES MICHAEL |
| 1/28/2019 09:00 AM | 061 | | Trial Setting | Trial on Merits | | | |
| 5/25/2018 11:00 AM | 127 | | Law Day Docket | PLEA TO JURISDICTION (TRCP 120A) | Re-Set | NOTICE FILED 5.15.18 | MCCLURE, COLLEEN M CLEAR |
| 6/04/2018 08:00 AM | 127 | | Submission Docket (Local Rule 12) | PLEA TO JURISDICTION (TRCP 120A) | Passed | NOTICE OF REMOVAL FILED 06.06.18 | MCCLURE, COLLEEN M CLEAR |
| 6/08/2018 11:00 AM | 127 | | Law Day Docket | SHOW AUTHORITY (TRCP 12) | Passed | NOTICE OF REMOVAL FILED 6/6 | ANDERSEN, JAMES MICHAEL |
| 6/08/2018 11:00 AM | 127 | | Law Day Docket | SUMMARY JUDGMENT - MOTION FOR FINAL (TRCP 166A) | Passed | NOTICE OF REMOVAL FILED 6/6 | ALTSULER, KIMBERLY GOREL |
| 6/25/2018 10:00 AM | 127 | | Law Day Docket | Motion to Compel Production | Granted | ORDER SIGNED 6/25 | ALTSULER, KIMBERLY GOREL |
| 7/03/2018 10:30 AM | 127 | | Law Day Docket | SUMMARY JUDG - MTN PARTIAL (TRCP 166A) | Passed | CASE STAYED 07.03.18 | ALTSULER, KIMBERLY GOREL |
| 12/25/2017 08:00 AM | 270 | | Submission Docket (Local Rule 12) | STRIKE PLEAD - MTN TO (TRCP 168) | Granted | O/S 01/03 | HECHT, NATHAN L. |
| 3/26/2018 08:00 AM | 270 | | Submission Docket (Local Rule 12) | PLEA IN ABATEMENT (TRCP 120A) | Passed | CASE TRANSFERRED TO 61ST | ANDERSEN, JAMES MICHAEL |

Case 4:18-cv-00851 Document 46 Filed in TXSD on 08/15/18 Page 145 of 219

201782388 - THOMAS, ELIZABETH vs. PIZZIT OLA, MICHAEL J (Court 127)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 12/12/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Other Property |
| Next/Last Setting Date | 1/28/2019 |
| Jury Fee Paid Date | 12/12/2017 |

| The Current Presiding Judge | |
|---|---|
| Current Court | 127th |
| Filing Court | 270th |
| Address | 201 CAROLINE (Floor: 10)<br>HOUSTON, TX 77002<br>Phone:7133686161 |
| JudgeName | R K SANDILL |
| Court Type | Civil |

[WS6]

HCDistrictclerk.com THOMAS, ELIZABETH vs. PIZZITOLA, MICHAEL J 7/9/2018
Cause: 201782388 CDI: 7 Court: 127

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 6/25/2018 | ORDER SIGNED COMPELLING PRODUCTION | 6/25/2018 | | 2 | | | |
| 6/25/2018 | ORDER SIGNED COMPELLING DEPOSITION APPEARANCE | 6/25/2018 | | 2 | | | |
| 6/18/2018 | STATUS CONFERENCE HELD | | | 0 | | | |
| 6/18/2018 | ORDER SIGNED GRANTING ENTRY OF TEMPORARY ORDERS | 6/18/2018 | | 2 | | | |
| 6/6/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 5/29/2018 | FIRST AMENDED COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS, LLC |
| 5/29/2018 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS, LLC |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | HENRY, CATRICE |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | PERRY, ALBERT III |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | MULLEN, ALVIN R II |
| 5/3/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 5/3/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 5/3/2018 | | 1 | | | |
| 5/3/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 4/26/2018 | ORDER SIGNED RECUSING JUDGE | 4/26/2018 | | 1 | | | |
| 4/12/2018 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 4/12/2018 | | 8 | | | |
| 4/11/2018 | ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | MATERNA, MICHAEL |
| 4/11/2018 | COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | MATERNA, MICHAEL |
| 4/5/2018 | DESIGNATED TRIAL READY | | | 0 | | | |
| 4/4/2018 | ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | PIZZITOLA, MICHAEL J |
| 4/4/2018 | COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | PIZZITOLA, MICHAEL J |
| 3/22/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 3/22/2018 | | 2 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 3/22/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | 0 | | |
| 3/22/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | 0 | | |
| 3/16/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | BARFIELD, JEFF |
| 3/16/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | BARFIELD, JEFF |
| 3/15/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | HOWERTON, RODNEY B |
| 3/15/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | HOWERTON, RODNEY B |
| 3/8/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | HANNA, MELISSA |
| 3/8/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | HANNA, MELISSA |
| 3/5/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | MODLIN, DAVID |
| 3/5/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | MEUTH, KEVIN |
| 3/5/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | MODLIN, DAVID |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | "INTERESTED PARTIES" LISTED IN EXHIBIT A |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, MARIA DEJESUS |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, ROBERTO |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 1/3/2018 | ORDER SIGNED STRIKING PLEADING | 1/3/2018 | 2 | | |
| 12/12/2017 | JURY FEE PAID (TRCP 216) | | 0 | | |
| 12/12/2017 | ORIGINAL PETITION | | 0 | | THOMAS, ELIZABETH |

**HCDistrictclerk.com** THOMAS, ELIZABETH vs. PIZZITOLA, MICHAEL J 7/9/2018
Cause: 201782388 CDI: 7 Court: 127

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 5/10/2018 11:30 AM | 061 | | Law Day Docket | RE-HEARING - MOTION FOR | Passed | PER VIOLA/ALTSULER'S OFC | ALTSULER, KIMBERLY GOREL |
| 5/10/2018 11:30 AM | 061 | | Law Day Docket | SHOW AUTHORITY (TRCP 12) | Passed | RECUSAL OS 4/26 | ANDERSEN, JAMES MICHAEL |
| 1/28/2019 09:00 AM | 061 | | Trial Setting | Trial on Merits | | | |
| 5/25/2018 11:00 AM | 127 | | Law Day Docket | PLEA TO JURISDICTION (TRCP 120A) | Re-Set | NOTICE FILED 5.15.18 | MCCLURE, COLLEEN M CLEAR |
| 6/04/2018 08:00 AM | 127 | | Submission Docket (Local Rule 12) | PLEA TO JURISDICTION (TRCP 120A) | Passed | NOTICE OF REMOVAL FILED 06.06.18 | MCCLURE, COLLEEN M CLEAR |
| 6/08/2018 11:00 AM | 127 | | Law Day Docket | SHOW AUTHORITY (TRCP 12) | Passed | NOTICE OF REMOVAL FILED 6/6 | ANDERSEN, JAMES MICHAEL |
| 6/08/2018 11:00 AM | 127 | | Law Day Docket | SUMMARY JUDGMENT - MOTION FOR FINAL (TRCP 166A) | Passed | NOTICE OF REMOVAL FILED 6/6 | ALTSULER, KIMBERLY GOREL |
| 6/25/2018 10:00 AM | 127 | | Law Day Docket | Motion to Compel Production | Granted | ORDER SIGNED 6/25 | ALTSULER, KIMBERLY GOREL |
| 7/03/2018 10:30 AM | 127 | | Law Day Docket | SUMMARY JUDG - MTN PARTIAL (TRCP 166A) | Passed | CASE STAYED 07.03.18 | ALTSULER, KIMBERLY GOREL |
| 12/25/2017 08:00 AM | 270 | | Submission Docket (Local Rule 12) | STRIKE PLEAD - MTN TO (TRCP 168) | Granted | O/S 01/03 | HECHT, NATHAN L. |
| 3/26/2018 08:00 AM | 270 | | Submission Docket (Local Rule 12) | PLEA IN ABATEMENT (TRCP 120A) | Passed | CASE TRANSFERRED TO 61ST | ANDERSEN, JAMES MICHAEL |



201782388 - THOMAS, ELIZABETH vs. PIZZIT OLA, MICHAEL J (Court 127)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet Add DocketSheet to Basket Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 12/12/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Other Property |
| Next/Last Setting Date | 1/28/2019 |
| Jury Fee Paid Date | 12/12/2017 |

| The Current Presiding Judge | |
|---|---|
| Current Court | 127th |
| Filing Court | 270th |
| Address | 201 CAROLINE (Floor: 10)<br>HOUSTON, TX 77002<br>Phone:7133686161 |
| JudgeName | R K SANDILL |
| Court Type | Civil |

[WS6]

201776078 - ALLEN, JAMES vs. MTH LENDGING GROUP L P (Court 127)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 11/13/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Quiet Title |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | 12/4/2017 |

| The Current Presiding Judge | |
|---|---|
| Current Court | 127th |
| Filing Court | 234th |
| Address | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686161 |
| JudgeName | R K SANDILL |
| Court Type | Civil |

[WS5]

HCDistrictclerk.com THOMAS, ELIZABETH vs. PIZZITOLA, MICHAEL J 7/9/2018
Cause: 201782388 CDI: 7 Court: 127

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 5/10/2018 11:30 AM | 061 | | Law Day Docket | RE-HEARING - MOTION FOR | Passed | PER VIOLA/ALTSULER'S OFC | ALTSULER, KIMBERLY GOREL |
| 5/10/2018 11:30 AM | 061 | | Law Day Docket | SHOW AUTHORITY (TRCP 12) | Passed | RECUSAL OS 4/26 | ANDERSEN, JAMES MICHAEL |
| 1/28/2019 09:00 AM | 061 | | Trial Setting | Trial on Merits | | | |
| 5/25/2018 11:00 AM | 127 | | Law Day Docket | PLEA TO JURISDICTION (TRCP 120A) | Re-Set | NOTICE FILED 5.15.18 | MCCLURE, COLLEEN M CLEAR |
| 6/04/2018 08:00 AM | 127 | | Submission Docket (Local Rule 12) | PLEA TO JURISDICTION (TRCP 120A) | Passed | NOTICE OF REMOVAL FILED 06.06.18 | MCCLURE, COLLEEN M CLEAR |
| 6/08/2018 11:00 AM | 127 | | Law Day Docket | SHOW AUTHORITY (TRCP 12) | Passed | NOTICE OF REMOVAL FILED 6/6 | ANDERSEN, JAMES MICHAEL |
| 6/08/2018 11:00 AM | 127 | | Law Day Docket | SUMMARY JUDGMENT - MOTION FOR FINAL (TRCP 166A) | Passed | NOTICE OF REMOVAL FILED 6/6 | ALTSULER, KIMBERLY GOREL |
| 6/25/2018 10:00 AM | 127 | | Law Day Docket | Motion to Compel Production | Granted | ORDER SIGNED 6/25 | ALTSULER, KIMBERLY GOREL |
| 7/03/2018 10:30 AM | 127 | | Law Day Docket | SUMMARY JUDG - MTN PARTIAL (TRCP 166A) | Passed | CASE STAYED 07.03.18 | ALTSULER, KIMBERLY GOREL |
| 12/25/2017 08:00 AM | 270 | | Submission Docket (Local Rule 12) | STRIKE PLEAD - MTN TO (TRCP 168) | Granted | O/S 01/03 | HECHT, NATHAN L. |
| 3/26/2018 08:00 AM | 270 | | Submission Docket (Local Rule 12) | PLEA IN ABATEMENT (TRCP 120A) | Passed | CASE TRANSFERRED TO 61ST | ANDERSEN, JAMES MICHAEL |

HCDistrictclerk.com THOMAS, ELIZABETH vs. PIZZITOLA, MICHAEL J 7/9/2018
Cause: 201782388 CDI: 7 Court: 127

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 6/25/2018 | ORDER SIGNED COMPELLING PRODUCTION | 6/25/2018 | | 2 | | | |
| 6/25/2018 | ORDER SIGNED COMPELLING DEPOSITION APPEARANCE | 6/25/2018 | | 2 | | | |
| 6/18/2018 | STATUS CONFERENCE HELD | | | 0 | | | |
| 6/18/2018 | ORDER SIGNED GRANTING ENTRY OF TEMPORARY ORDERS | 6/18/2018 | | 2 | | | |
| 6/6/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 5/29/2018 | FIRST AMENDED COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS, LLC |
| 5/29/2018 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | MERITAGE HOMES OF TEXAS, LLC |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | HENRY, CATRICE |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | PERRY, ALBERT III |
| 5/10/2018 | THIRD AMENDED ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | MULLEN, ALVIN R II |
| 5/3/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 5/3/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 5/3/2018 | | 1 | | | |
| 5/3/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 4/26/2018 | ORDER SIGNED RECUSING JUDGE | 4/26/2018 | | 1 | | | |
| 4/12/2018 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 4/12/2018 | | 8 | | | |
| 4/11/2018 | ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | MATERNA, MICHAEL |
| 4/11/2018 | COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | MATERNA, MICHAEL |
| 4/5/2018 | DESIGNATED TRIAL READY | | | 0 | | | |
| 4/4/2018 | ANSWER ORIGINAL PETITION | | | 0 | | ALTSULER, KIMBERLY GOREL | PIZZITOLA, MICHAEL J |
| 4/4/2018 | COUNTER CLAIM | | | 0 | | ALTSULER, KIMBERLY GOREL | PIZZITOLA, MICHAEL J |
| 3/22/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 3/22/2018 | | 2 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 3/22/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | 0 | | |
| 3/22/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | 0 | | |
| 3/16/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | BARFIELD, JEFF |
| 3/16/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | BARFIELD, JEFF |
| 3/15/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | HOWERTON, RODNEY B |
| 3/15/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | HOWERTON, RODNEY B |
| 3/8/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | HANNA, MELISSA |
| 3/8/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | HANNA, MELISSA |
| 3/5/2018 | ANSWER ORIGINAL PETITION | | 0 | ALTSULER, KIMBERLY GOREL | MODLIN, DAVID |
| 3/5/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | MEUTH, KEVIN |
| 3/5/2018 | COUNTER CLAIM | | 0 | ALTSULER, KIMBERLY GOREL | MODLIN, DAVID |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | "INTERESTED PARTIES" LISTED IN EXHIBIT A |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, MARIA DEJESUS |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, ROBERTO |
| 1/30/2018 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 1/3/2018 | ORDER SIGNED STRIKING PLEADING | 1/3/2018 | 2 | | |
| 12/12/2017 | JURY FEE PAID (TRCP 216) | | 0 | | |
| 12/12/2017 | ORIGINAL PETITION | | 0 | | THOMAS, ELIZABETH |



201782388 - THOMAS, ELIZABETH vs. PIZZIT OLA, MICHAEL J (Court 127)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 12/12/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Other Property |
| Next/Last Setting Date | 1/28/2019 |
| Jury Fee Paid Date | 12/12/2017 |

| The Current Presiding Judge | |
|---|---|
| Current Court | 127th |
| Filing Court | 270th |
| Address | 201 CAROLINE (Floor: 10)<br>HOUSTON, TX 77002<br>Phone:7133686161 |
| JudgeName | R K SANDILL |
| Court Type | Civil |

[WS6]

**HCDistrictclerk.com** DHI HOLDINGS LP vs. WMC MORTGAGE CORP 7/14/2018
Cause: 201806668 CDI: 7 Court: 127

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 4/5/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 4/2/2018 | ANSWER ORIGINAL PETITION | | | 0 | | SHIRAZI, SAHAR HAIDARI | WELLS FARGO BANK N A |
| 4/2/2018 | ANSWER ORIGINAL PETITION | | | 0 | | SHIRAZI, SAHAR HAIDARI | AMERICA'S SERVICING COMPANY |
| 2/13/2018 | ANSWER ORIGINAL PETITION | | | 0 | | MILLIRON, NATHAN JOSEPH | DEUTSCHE BANK NATIONAL TRUST COMPANY (AS TRUSTEE FOR MORGAN STANLEY |
| 2/13/2018 | ANSWER ORIGINAL PETITION | | | 0 | | MILLIRON, NATHAN JOSEPH | DEUTSCHE BANK NATIONAL TRUST COMPANY (AS TRUSTEE FOR MORGAN STANLEY |
| 2/2/2018 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 2/2/2018 | | 3 | | | |
| 2/2/2018 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 2/2/2018 | ORDER SETTING BOND SIGNED | 2/2/2018 | | 3 | | | |
| 2/2/2018 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 2/2/2018 | ORDER SIGNED SETTING HEARING | 2/2/2018 | | 3 | | | |
| 1/31/2018 | ORIGINAL PETITION | | | 0 | | JACKSON, JEFFREY CRAIG | DHI HOLDINGS LP |



# 201806668 - DHI HOLDINGS LP vs. WMC MORTGAGE CORP (Court 127)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 1/31/2018 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Quiet Title |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 127th |
| Filing Court | 127th |
| Address | 201 CAROLINE (Floor: 10)<br>HOUSTON, TX 77002<br>Phone:7133686161 |
| JudgeName | R K SANDILL |
| Court Type | Civil |

[W96]

HCDistrictclerk.com MOISIUC, LILIANA vs. ARGENT MORTGAGE COMPANY LLC 7/14/2018

Cause: 201807511 CDI: 7 Court: 127

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 2/9/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 2/9/2018 | ANSWER ORIGINAL PETITION | | | 0 | | REEVES, PHILIP CHRISTOPHER | WELLS FARGO BANK N A AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF PARK PLA |
| 2/5/2018 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 2/5/2018 | | 3 | | | |
| 2/5/2018 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 2/5/2018 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 2/5/2018 | ORDER SETTING BOND SIGNED | 2/5/2018 | | 3 | | | |
| 2/5/2018 | ORIGINAL PETITION | | | 0 | | JACKSON, JEFFREY CRAIG | MOISIUC, STEFAN |
| 2/5/2018 | ORIGINAL PETITION | | | 0 | | JACKSON, JEFFREY CRAIG | MOISIUC, LILIANA |
| 2/5/2018 | ORDER SIGNED SETTING HEARING | 2/5/2018 | | 3 | | | |

## 201807511 - MOISIUC, LILIANA vs. ARGENT MORTGAGE COMPANY LLC (Court 127)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 2/5/2018 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Quiet Title |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 127th |
| Filing Court | 127th |
| Address | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686161 |
| JudgeName | R K SANDILL |
| Court Type | Civil |

[W94]

**HCDistrictclerk.com** MOISIUC, LILIANA vs. ARGENT MORTGAGE COMPANY LLC 7/14/2018

Cause: 201807511 CDI: 7 Court: 127

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 2/14/2018 11:00 AM | 127 | | Law Day Docket | TEMPORARY INJUNCTION | Passed | REMOVAL FILED 02.09.18 | JACKSON, JEFFREY CRAIG |

HCDistrictclerk.com MOLINA, RICARDO vs. JP MORGAN CHASE BANK NA 7/14/2018
Cause: 201650994 CDI: 7 Court: 127

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 10/10/2016 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 8/4/2016 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 8/4/2016 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 8/4/2016 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 8/4/2016 | | 1 | | | |
| 8/1/2016 | ORIGINAL PETITION | | | 0 | | MOLINA, RICARDO | MOLINA, RICARDO |

Case 4:18-cv-00851 Document 46 Filed in TXSD on 08/15/18 Page 161 of 219

# 201650994 - MOLINA, RICARDO vs. JP MORGAN CHASE BANK NA (Court 127)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet Add DocketSheet to Basket Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 8/1/2016 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | HOMEOWNERS ASSOCIATION |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 127th |
| Filing Court | 129th |
| Address | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686161 |
| JudgeName | R K SANDILL |
| Court Type | Civil |

[W96]

HCDistrictclerk.com MURPHY, LARRY vs. HAMMERSMITH FINANCIAL L P 7/14/2018
Cause: 201728185 CDI: 7 Court: 011

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 2/13/2018 | ORDER DENYING DISBURSEMENT OF REGISTRY FUNDS SIGNED | 2/13/2018 | | 0 | | | |
| 2/13/2018 | ORDER DISBURSING REGISTRY FUNDS SIGNED | 2/13/2018 | | 1 | | | |
| 6/5/2017 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 5/24/2017 | ANSWER ORIGINAL PETITION | | | 0 | | MOWREY, ROBERT T. | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC ( AKA MERS) |
| 5/24/2017 | ANSWER ORIGINAL PETITION | | | 0 | | MOWREY, ROBERT T. | BANK OF AMERICA N A |
| 5/24/2017 | ANSWER ORIGINAL PETITION | | | 0 | | MOWREY, ROBERT T. | WELLS FARGO BANK N A |
| 4/28/2017 | ORDER SETTING BOND SIGNED | 4/28/2017 | | 3 | | | |
| 4/28/2017 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 4/28/2017 | | 3 | | | |
| 4/28/2017 | ORDER SIGNED SETTING HEARING | 4/28/2017 | | 3 | | | |
| 4/28/2017 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 4/28/2017 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 4/27/2017 | ORIGINAL PETITION | | | 0 | | JACKSON, JEFFREY CRAIG | MURPHY, LARRY |
| 4/27/2017 | ORIGINAL PETITION | | | 0 | | JACKSON, JEFFREY CRAIG | COLE, BEVERLY S |
| | ORDER DISBURSING REGISTRY FUNDS SIGNED | 2/13/2018 | | 1 | | | |

201728165 - MURPHY, LARRY vs. HAMMERSMITH FINANCIAL L P (Court 011)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet Add DocketSheet to Basket Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 4/27/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Quiet Title |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 011th |
| Filing Court | 011th |
| Address | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:7133686020 |
| JudgeName | KRISTEN BRAUCHLE HAWKINS |
| Court Type | Civil |

[W97]

**HCDistrictclerk.com** BHAGIA, NANIK vs. JP MORGAN CHASE BANK NA 7/14/2018
Cause: 201836644 CDI: 7 Court: 055

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 6/15/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 6/4/2018 | ORDER SETTING BOND SIGNED | 6/4/2018 | | 2 | | | |
| 6/4/2018 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 6/4/2018 | ORDER SIGNED SETTING HEARING | 6/4/2018 | | 2 | | | |
| 6/4/2018 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 6/4/2018 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 6/4/2018 | | 2 | | | |
| 6/1/2018 | ORIGINAL PETITION | | | 0 | | | BHAGIA, NANIK |

7/14/2018 Case 4:18-cv-00851 Document 46 Filed in TXSD on 08/15/18 Page 165 of 219
Office of Harris County District Clerk - Chris Daniel

**HCDistrictclerk.com** BHAGIA, NANIK vs. JP MORGAN CHASE BANK NA 7/14/2018
Cause: 201836644 CDI: 7 Court: 055

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 6/18/2018 01:30 PM | 055 | | Law Day Docket | TEMPORARY INJUNCTION | Passed | REMOVED TO FEDERAL COURT 6/15 | |

https://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=fso8xYDvLgAlrDx0xgE0KE+1FhD6aa5WSkEdcR0Hw+FqCL4mX4wodhD... 1/1



201836644 - BHAGIA, NANIK vs. JP MORGAN CHASE BANK NA (Court 055)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet Add DocketSheet to Basket Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 6/1/2018 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Debt/Contract - Debt/Contract |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 055th |
| Filing Court | 055th |
| Address | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:7133686055 |
| JudgeName | JEFF SHADWICK |
| Court Type | Civil |

[W96]



201644528 - COLEMAN, LINDA vs. WACHOVIA MORTGAGE CORPORATION (Court 061)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Click column headings to sort. Click again to toggle direction. Print Events

| Date | Description | Order Signed Date | Post Jdgm | Pages | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 9/9/2016 | REMOVED TO FEDERAL COURT | | | | | | |
| 9/6/2016 | ANSWER ORIGINAL PETITION | | | | | SHIELS, NICOLA MARIE | FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE) (AS TRUSTEE |
| 9/6/2016 | ANSWER ORIGINAL PETITION | | | | | SHIELS, NICOLA MARIE | WELLS FARGO BANK NA |
| 9/6/2016 | ANSWER ORIGINAL PETITION | | | | | SHIELS, NICOLA MARIE | WACHOVIA MORTGAGE CORPORATION |
| 9/6/2016 | ANSWER ORIGINAL PETITION | | | | | SHIELS, NICOLA MARIE | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC (AKA MERS) |
| 9/6/2016 | ANSWER ORIGINAL PETITION | | | | | SHIELS, NICOLA MARIE | WELLS FARGO HOME MORTGAGE (A DIVISION OF WELLS FARGO BANK NA) |
| 9/6/2016 | ANSWER ORIGINAL PETITION | | | | | SHIELS, NICOLA MARIE | FANNIE MAE |
| 7/28/2016 | FIRST AMENDED ORIGINAL PETITION | | | | | PARKER, RICHARD DOUGLAS | COLEMAN, LINDA |
| 7/1/2016 | ORIGINAL PETITION | | | | | PARKER, RICHARD DOUGLAS | COLEMAN, LINDA |

[WS6]

# 201644528 - COLEMAN, LINDA vs. WACHOVIA MORTGAGE CORPORATION (Court 061)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet Add DocketSheet to Basket Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 7/1/2016 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Quiet Title |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 061st |
| Filing Court | 061st |
| Address | 201 CAROLINE (Floor: 9)<br>HOUSTON, TX 77002<br>Phone:7133686070 |
| JudgeName | FREDERICKA PHILLIPS |
| Court Type | Civil |

[W96]

201236103 - GATZKA, JASON KYLE vs. FEDERAL NATIONAL MORTGAGE ASSOCIATION (A/K/A FANNI (Court 080)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Click column headings to sort. Click again to toggle direction. Print Events

| Date | Description | Order Signed Date | Post Jdgm | Pages | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/30/2012 | REMOVED TO FEDERAL COURT | | | | | | |
| 7/19/2012 | ORDER SIGNED SETTING HEARING (Temporary Order) | 7/19/2012 | | 2 | | | |
| 7/19/2012 | ORDER EXTENDING TEMPORARY RESTRAINING ORDER SIGNED (Temporary Order) | 7/19/2012 | | 2 | | | |
| 7/9/2012 | ORDER SIGNED SETTING HEARING (Temporary Order) | 7/9/2012 | | 2 | | | |
| 7/9/2012 | ORDER SETTING BOND SIGNED (Temporary Order) | 7/9/2012 | | 2 | | | |
| 7/9/2012 | ORDER EXTENDING TEMPORARY RESTRAINING ORDER SIGNED (Temporary Order) | 7/9/2012 | | 2 | | | |
| 6/26/2012 | ORDER SIGNED SETTING HEARING (Temporary Order) | 6/26/2012 | | 2 | | | |
| 6/26/2012 | ORDER SETTING BOND SIGNED (Temporary Order) | 6/26/2012 | | 2 | | | |
| 6/26/2012 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER (Temporary Order) | 6/26/2012 | | 2 | | | |
| 6/26/2012 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | | | | |
| 6/26/2012 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | | | | |
| 6/21/2012 | ORIGINAL PETITION | | | | | LAIRD, LORI ELAINE HALL | GATZKA, JASON KYLE |

[WS7]

**HCDistrictclerk.com** GATZKA, JASON KYLE vs. FEDERAL NATIONAL MORTGAGE ASSOCIATION (A/K/A FANNI 7/14/2018

Cause: 201236103 CDI: 7 Court: 080

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 7/10/2012 01:00 PM | 080 | | Law Day Docket | TEMPORARY INJUNCTION | Re-Set | PER O/S 7/9/12 | |
| 7/20/2012 01:30 PM | 080 | | Law Day Docket | TEMPORARY INJUNCTION | Re-Set | PER O/S 7/19/12 | |
| 8/03/2012 03:00 PM | 080 | | Law Day Docket | TEMPORARY INJUNCTION | Passed | PER ATTY. LAIRD;8/3 | |
| 11/19/2012 09:00 AM | 080 | | Another Docket | DISMISS FOR WANT OF PROSECU-MTN TO (TRCP 165A) | Re-Set | CASE REMOVED TO FEDERAL | |



## 201236103 - GATZKA, JASON KYLE vs. FEDERAL NATIONAL MORTGAGE ASSOCIATION (A/K/A FANNI (Court 080)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 6/21/2012 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | FORECLOSURE |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 080th |
| Filing Court | 080th |
| Address | 201 CAROLINE (Floor: 9)<br>HOUSTON, TX 77002<br>Phone:7133686100 |
| JudgeName | LARRY WEIMAN |
| Court Type | Civil |

[W97]

**HCDistrictclerk.com** HENRY, KENNETH RAY vs. WORLD SAVINGS BANK FSB (ITS SUCCESSORS AND OR ASSI 7/14/2018

Cause: 201658279 CDI: 7 Court: 113

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 9/28/2016 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 9/8/2016 | ANSWER ORIGINAL PETITION | | | 0 | | SHIELS, NICOLA MARIE | WORLD SAVINGS BANK FSB (ITS SUCCESSORS AND OR ASSIGNEES KNOWN AS |
| 9/8/2016 | ANSWER ORIGINAL PETITION | | | 0 | | SHIELS, NICOLA MARIE | WELLS FARGO BANK NA |
| 8/30/2016 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 8/30/2016 | | 2 | | | |
| 8/30/2016 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 8/30/2016 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 8/30/2016 | ORIGINAL PETITION | | | 0 | | GORDON, MEGONE EULANDA | HENRY, KENNETH RAY |
| 8/30/2016 | ORDER SIGNED SETTING HEARING | 8/30/2016 | | 2 | | | |
| 8/30/2016 | ORDER SETTING BOND SIGNED | 8/30/2016 | | 2 | | | |

**HCDistrictclerk.com** HENRY, KENNETH RAY vs. WORLD SAVINGS BANK FSB (ITS SUCCESSORS AND OR ASSI 7/14/2018

Cause: 201658279 CDI: 7 Court: 113

**SETTINGS**

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 9/09/2016 11:00 AM | 113 | | Law Day Docket | TEMPORARY INJUNCTION | Passed | BY M GORDON 9-8-16 | |

# 201658279 - HENRY, KENNETH RAY vs. WORLD SAVINGS BANK FSB (ITS SUCCESSORS AND OR ASSI (Court 113)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 8/30/2016 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | OTHER CIVIL |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 113th |
| Filing Court | 113th |
| Address | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686113 |
| JudgeName | MICHAEL LANDRUM |
| Court Type | Civil |

[W96]

HCDistrictclerk.com KHOURY, VICTOR vs. WELLS FARGO BANK N A 7/14/2018
Cause: 201821905 CDI: 7 Court: 125

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 5/16/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 5/11/2018 | ANSWER ORIGINAL PETITION | | | 0 | | DURELL, DANIEL GLENN | WELLS FARGO BANK N A |
| 4/3/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 4/3/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 4/3/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 4/3/2018 | | 1 | | | |
| 4/2/2018 | ORIGINAL PETITION | | | 0 | | LANE, ROBERT C. | KHOURY, MARY |
| 4/2/2018 | ORIGINAL PETITION | | | 0 | | LANE, ROBERT C. | KHOURY, VICTOR |

## 201821905 - KHOURY, VICTOR vs. WELLS FARGO BANK N A (Court 125)

Chronological History (non-financial) | Print All

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---|---|---|---|---|---|---|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

Click column headings to sort. Click again to toggle direction. Print Events

| Date | Description | Order Signed Date | Post Jdgm | Pages | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 5/16/2018 | REMOVED TO FEDERAL COURT | | | | | | |
| 5/11/2018 | ANSWER ORIGINAL PETITION | | | | | DURELL, DANIEL GLENN | WELLS FARGO BANK N A |
| 4/3/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | | | | | |
| 4/3/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | | | | | |
| 4/3/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED (Temporary Order) | 4/3/2018 | | 1 | | | |
| 4/2/2018 | ORIGINAL PETITION | | | | | LANE, ROBERT C. | KHOURY, MARY |
| 4/2/2018 | ORIGINAL PETITION | | | | | LANE, ROBERT C. | KHOURY, VICTOR |

[WS4]

**HCDistrictclerk.com** HERNANDEZ, NOBLE ENRIQUE vs. WELLS FARGO BANK N A 7/14/2018

Cause: 201828735 CDI: 7 Court: 129

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 5/11/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 5/10/2018 | ANSWER ORIGINAL PETITION | | | 0 | | MCDOUGAL, MATTHEW LAURENCE | WELLS FARGO BANK N A |
| 4/30/2018 | ORDER SETTING BOND SIGNED | 4/30/2018 | | 2 | | | |
| 4/30/2018 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 4/30/2018 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 4/30/2018 | ORIGINAL PETITION | | | 0 | | LANE, ROBERT C. | HERNANDEZ, NOBLE ENRIQUE |
| 4/30/2018 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 4/30/2018 | | 2 | | | |
| 4/30/2018 | ORDER SIGNED SETTING HEARING | 4/30/2018 | | 2 | | | |

201828735 - HERNANDEZ, NOBLE ENRIQUE vs. WELLS FARGO BANK N A (Court 129)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 4/30/2018 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | FORECLOSURE |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 129th |
| Filing Court | 129th |
| Address | 201 CAROLINE (Floor: 10)<br>HOUSTON, TX 77002<br>Phone:7133686180 |
| JudgeName | MICHAEL GOMEZ |
| Court Type | Civil |

[W94]

## 201828735 - HERNANDEZ, NOBLE ENRIQUE vs. WELLS FARGO BANK N A (Court 129)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 4/30/2018 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | FORECLOSURE |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 129th |
| Filing Court | 129th |
| Address | 201 CAROLINE (Floor: 10)<br>HOUSTON, TX 77002<br>Phone:7133686180 |
| JudgeName | MICHAEL GOMEZ |
| Court Type | Civil |

[W94]

7/15/2018 Case 4:18-cv-00851 Document 46 Filed in TXSD on 08/15/18 Page 180 of 219
Office of Harris County District Clerk - Chris Daniel

**HCDistrictclerk.com** JUAREZ, JORGE vs. DHI MORTGAGE COMPANY, LTD. 7/15/2018
Cause: 201508902 CDI: 7 Court: 133

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 3/16/2015 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 2/17/2015 | ORIGINAL PETITION | | | 0 | | JACKSON, JEFFREY CRAIG | JUAREZ, JORGE |

https://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=T/wsG8x+Eh4Om7g4DHK4a/zVValMlxTOLi4mfAvBr8d4cyOduFSilmu8xS... 1/1

## 201508902 - JUAREZ, JORGE vs. DHI MORTGAGE COMPANY, LTD. (Court 133)

Chronological History (non-financial) | Print All

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---|---|---|---|---|---|---|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 2/17/2015 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Quiet Title |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 133rd |
| Filing Court | 133rd |
| Address | 201 CAROLINE (Floor: 11)<br>HOUSTON, TX 77002<br>Phone:7133686200 |
| JudgeName | JACLENEL McFARLAND |
| Court Type | Civil |

[W97]

7/14/2018 Case 4:18-cv-00851 Document 46 Filed in TXSD on 08/15/18 Page 182 of 219
Office of Harris County District Clerk - Chris Daniel

**HCDistrictclerk.com** SCHMIDT, JIMMY D vs. JP MORGAN CHASE BANK NA 7/14/2018

Cause: 201703841 CDI: 7 Court: 151

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 2/17/2017 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 1/19/2017 | ORIGINAL PETITION | | | 0 | | CIRE, MATTHEW SCOTT | SCHMIDT, JIMMY D |

https://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=fso8xYDvLgD/9Esj1gfQtjfaOXTJODjn1uRW8o5U7sZa4IBdxn/1xFowDfGr... 1/1

201703841 - SCHMIDT, JIMMY D vs. JP MORGAN CHASE BANK NA (Court 151)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
| --- | --- |
| File Date | 1/19/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | SWORN ACCOUNT |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
| --- | --- |
| Current Court | 151st |
| Filing Court | 151st |
| Address | 201 CAROLINE (Floor: 11) HOUSTON, TX 77002 Phone:7133686222 |
| JudgeName | MIKE ENGELHART |
| Court Type | Civil |

[W96]

**HCDistrictclerk.com** RODRIGUEZ, DAVID vs. WELLS FARGO BANK NA 7/14/2018
Cause: 201687805 CDI: 7 Court: 152

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 9/22/2017 | ORDER SIGNED RELEASING BOND | 9/22/2017 | | 1 | | | |
| 3/27/2017 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 2/22/2017 | ANSWER ORIGINAL PETITION | | | 0 | | LEBOEUF, JASON ANDREW | WELLS FARGO BANK NA |
| 1/6/2017 | ORDER EXTENDING TEMPORARY RESTRAINING ORDER SIGNED | 1/6/2017 | | 1 | | | |
| 12/30/2016 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 12/30/2016 | | 2 | | | |
| 12/30/2016 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 12/30/2016 | ORDER SETTING BOND SIGNED | 12/30/2016 | | 2 | | | |
| 12/30/2016 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 12/30/2016 | ORDER SIGNED SETTING HEARING | 12/30/2016 | | 2 | | | |
| 12/23/2016 | ORIGINAL PETITION | | | 0 | | VILT, ROBERT C. | RODRIGUEZ, DAVID |

201687805 - RODRIGUEZ, DAVID vs. WELLS FARGO BANK NA (Court 152)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 12/23/2016 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | FORECLOSURE |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 152nd |
| Filing Court | 152nd |
| Address | 201 CAROLINE (Floor: 11)<br>HOUSTON, TX 77002<br>Phone:7133686040 |
| JudgeName | ROBERT K. SCHAFFER |
| Court Type | Civil |

[W96]

HCDistrictclerk.com DENSON, SANDRA DEWALT vs. JP MORGAN CHASE BANK N A 7/14/2018

Cause: 201711346 CDI: 7 Court: 157

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 2/9/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 2/7/2018 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | CERSONSKY, M. H. | FARRIS, RASCHEAL |
| 2/7/2018 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | CERSONSKY, M. H. | GREEN, MARY |
| 2/7/2018 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | CERSONSKY, M. H. | RAMIREZ, AL |
| 2/7/2018 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | CERSONSKY, M. H. | JP MORGAN CHASE BANK N A |
| 2/7/2018 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | CERSONSKY, M. H. | JP MORGAN CHASE & CO |
| 2/5/2018 | SUPPLEMENTAL PETITION | | | 0 | | SCHWARTZ, NEWTON B. | DENSON, ROBERT |
| 2/5/2018 | SUPPLEMENTAL PETITION | | | 0 | | SCHWARTZ, NEWTON B. | DENSON, SANDRA DEWALT |
| 1/30/2018 | ORDER SIGNED GRANTING CONTINUANCE | 1/30/2018 | | 1 | | | |
| 1/26/2018 | ORDER APPROVING STIPULATION SIGNED | 1/26/2018 | | 1 | | | |
| 1/26/2018 | ORDER SIGNED COMPELLING PRODUCTION | 1/26/2018 | | 1 | | | |
| 1/26/2018 | ORDER SIGNED COMPELLING PRODUCTION | 1/26/2018 | | 1 | | | |
| 1/26/2018 | ORDER SIGNED DENYING MOTION TO COMPEL PRODUCTION | 1/26/2018 | | 1 | | | |
| 1/3/2018 | ORDER SIGNED GRANTING TRIAL CONTINUANCE | 1/3/2018 | | 2 | | | |
| 5/31/2017 | DESIGNATED TRIAL READY | | | 0 | | | |
| 5/16/2017 | PARTIAL DISMISSAL ON AGREEMENT OF PARTIES | 5/16/2017 | | 2 | | | |
| 4/21/2017 | ANSWER ORIGINAL ANSWER | | | 0 | | CERSONSKY, M. H. | JP MORGAN CHASE BANK N A |
| 4/7/2017 | ANSWER ORIGINAL PETITION | | | 0 | | CERSONSKY, M. H. | JP MORGAN CHASE & CO |
| 4/7/2017 | ANSWER ORIGINAL PETITION | | | 0 | | CERSONSKY, M. H. | JP MORGAN CHASE BANK N A |
| 2/17/2017 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 2/17/2017 | ORIGINAL PETITION | | | 0 | | SCHWARTZ, NEWTON B. | DENSON, ROBERT |
| 2/17/2017 | ORIGINAL PETITION | | | 0 | | SCHWARTZ, | DENSON, SANDRA |

7/14/2018 Case 4:18-cv-00851 Document 46 Filed in TXSD on 08/15/18 Page 187 of 219
Office of Harris County District Clerk - Chris Daniel

NEWTON B. DEWALT

https://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=fso8xYDvLgAbab1c3JjCnZzu7A7n0FerohTtMo1HsaRv9873C00IAwnfmn... 2/2

HCDistrictclerk.com DENSON, SANDRA DEWALT vs. JP MORGAN CHASE BANK N A 7/14/2018

Cause: 201711346 CDI: 7 Court: 157

**SETTINGS**

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 1/12/2018 09:00 AM | 157 | | Law Day Docket | Motion to Compel Production | Passed | PER JACQUELYN BY PHONE 1/9/18 | MCANELLY, JACQUELYN DIANE |
| 1/22/2018 08:00 AM | 157 | | Submission Docket (Local Rule 12) | MOTION FOR CONTINUANCE (FAMILY) | Granted | O/S 1/30/18 | SCHWARTZ, NEWTON B. |
| 1/26/2018 11:00 AM | 157 | | Law Day Docket | Motion to Compel Production | Granted In Part | SEE O/S 1/26/18 | MCANELLY, JACQUELYN DIANE |
| 1/26/2018 11:00 AM | 157 | | Law Day Docket | Motion to Compel Production | Denied | O/S 1/26/18 | SCHWARTZ, NEWTON B. |
| 1/26/2018 11:00 AM | 157 | | Law Day Docket | Motion to Compel Production | Granted | O/S 1/26/18 | MCANELLY, JACQUELYN DIANE |
| 2/16/2018 09:00 AM | 157 | | Law Day Docket | Motion to Compel Production | Passed | REMOVED TO FEDERAL 2/9/18 | SCHWARTZ, NEWTON B. |
| 2/16/2018 09:00 AM | 157 | | Law Day Docket | Motion to Compel Production | Passed | PASSED REMOVED TO FEDERAL 2/9/18 | MCANELLY, JACQUELYN DIANE |
| 2/23/2018 09:00 AM | 157 | | Law Day Docket | Motion to Compel Production | Passed | REMOVED TO FEDERAL 2/9/18 | SCHWARTZ, NEWTON B. |
| 3/05/2018 08:30 AM | 157 | | Trial Setting | Trial on Merits | Re-Set | JNT CONT GRNTED | |
| 5/28/2018 08:30 AM | 157 | | Trial Setting | Trial on Merits | Passed | DISPOSED | |

Case 4:18-cv-00851 Document 46 Filed in TXSD on 08/13/18 Page 189 of 219

## 201711346 - DENSON, SANDRA DEWALT vs. JP MORGAN CHASE BANK N A (Court 157)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 2/17/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Debt/Contract - Debt/Contract |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | 2/17/2017 |

| The Current Presiding Judge | |
|---|---|
| Current Court | 157th |
| Filing Court | 157th |
| Address | 201 CAROLINE (Floor: 11)<br>HOUSTON, TX 77002<br>Phone:7133686230 |
| JudgeName | RANDY WILSON |
| Court Type | Civil |

[WS7]

HCDistrictclerk.com OUZENNE, PAUL vs. DEUTSCHE BANK NATIONAL TRUST COMPANY (AS TRUSTEE F 7/14/2018

Cause: 201827902 CDI: 7 Court: 164

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 6/12/2018 | ANSWER ORIGINAL PETITION | | | 0 | | DURELL, DANIEL GLENN | WELLS FARGO BANK N A (D/B/A AMERICA'S SERVICING COMPANY) |
| 6/12/2018 | ANSWER ORIGINAL PETITION | | | 0 | | DURELL, DANIEL GLENN | DEUTSCHE BANK NATIONAL TRUST COMPANY (AS TRUSTEE FOR SOUNDVIEW HOME |
| 6/12/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 4/25/2018 | ORIGINAL PETITION | | | 0 | | LANE, ROBERT C. | OUZENNE, PATRICIA |
| 4/25/2018 | ORIGINAL PETITION | | | 0 | | LANE, ROBERT C. | OUZENNE, PAUL |

# 201827902 - OUZENNE, PAUL vs. DEUTSCHE BANK NATIONAL TRUST COMPANY (AS TRUSTEE F (Court 164)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 4/25/2018 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | FORECLOSURE |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 164th |
| Filing Court | 164th |
| Address | 201 CAROLINE (Floor: 12)<br>HOUSTON, TX 77002<br>Phone:7133686264 |
| JudgeName | ALEXANDRA SMOOTS-THOMAS |
| Court Type | Civil |

[W97]

**HCDistrictclerk.com** BUSBY, JANNIE vs. UNIVERSAL AMERICAN MORTGAGE COMPANY LLC 7/14/2018

Cause: 201707367 CDI: 7 Court: 165

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 2/17/2017 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 2/6/2017 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 2/6/2017 | | 3 | | | |
| 2/6/2017 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 2/6/2017 | ORDER SETTING BOND SIGNED | 2/6/2017 | | 3 | | | |
| 2/6/2017 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 2/6/2017 | ORDER SIGNED SETTING HEARING | 2/6/2017 | | 3 | | | |
| 2/1/2017 | ORIGINAL PETITION | | | 0 | | ELROD, CHAD DAWSON | BUSBY, JANNIE |

**HCDistrictclerk.com** BUSBY, JANNIE vs. UNIVERSAL AMERICAN MORTGAGE COMPANY LLC 7/14/2018

Cause: 201707367 CDI: 7 Court: 165

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 2/20/2017 01:30 PM | 165 | | Law Day Docket | TEMPORARY INJUNCTION | Passed | PER CHAD ELROD | |

# 201707367 - BUSBY, JANNIE vs. UNIVERSAL AMERICAN MORTGAGE COMPANY LLC (Court 165)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties | Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet Add DocketSheet to Basket Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 2/1/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Other Property |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 165th |
| Filing Court | 165th |
| Address | 201 CAROLINE (Floor: 12) HOUSTON, TX 77002 Phone:7133686270 |
| JudgeName | URSULA A. HALL |
| Court Type | Civil |

[W94]

HCDistrictclerk.com GUZMAN, PATSY E vs. WELLS FARGO BANK N A AS TRUSTEE IN TRUST FOR THE R 7/14/2018

Cause: 201836760 CDI: 7 Court: 189

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/5/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 6/13/2018 | ANSWER | | | 0 | | HORD, MICHAEL F. JR. | WELLS FARGO BANK N A AS TRUSTEE IN TRUST FOR THE REGISTERED HOLDERS OF |
| 6/13/2018 | ANSWER | | | 0 | | HORD, MICHAEL F. JR. | SELECT PORTFOLIO SERVICING INC |
| 6/5/2018 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 6/5/2018 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 6/5/2018 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 6/5/2018 | | 1 | | | |
| 6/4/2018 | ORIGINAL PETITION | | | 0 | | LANE, ROBERT C. | GUZMAN, PATSY E |



## 201836760 - GUZMAN, PATSY E vs. WELLS FARGO BANK N A AS TRUSTEE IN TRUST FOR THE R (Court 189)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 6/4/2018 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | FORECLOSURE |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 189th |
| Filing Court | 190th |
| Address | 201 CAROLINE (Floor: 12) HOUSTON, TX 77002 Phone:7133686300 |
| JudgeName | BILL R. BURKE JR. |
| Court Type | Civil |

[W97]

HCDistrictclerk.com MACIAS, ALFONSO vs. WELLS FARGO BANK, NA 7/14/2018
Cause: 201744140 CDI: 7 Court: 190

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/14/2017 | ANSWER ORIGINAL PETITION | | | 0 | | MOWREY, ROBERT T. | WELLS FARGO BANK, NA |
| 7/14/2017 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 7/3/2017 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 7/3/2017 | | 2 | | | |
| 7/3/2017 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 7/3/2017 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 7/3/2017 | ORDER SETTING BOND SIGNED | 7/3/2017 | | 2 | | | |
| 7/3/2017 | ORIGINAL PETITION | | | 0 | | RODRIGUEZ, RAMON DE JESUS | MACIAS, ALFONSO |
| 7/3/2017 | ORDER SIGNED SETTING HEARING | | | 2 | | | |
| 7/3/2017 | ORDER SIGNED SETTING HEARING | 7/3/2017 | | 2 | | | |



201744140 - MACIAS, ALFONSO vs. WELLS FARGO BANK, NA (Court 190)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Click column headings to sort. Click again to toggle direction. Print Settings

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 7/17/2017 10:00 AM | 190 | | Law Day Docket | TEMPORARY INJUNCTION | Passed | NOTICE OF REMOVAL | |

[WS4]

201744140 - MACIAS, ALFONSO vs. WELLS FARGO BANK, NA (Court 190)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 7/3/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Other Property |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 190th |
| Filing Court | 190th |
| Address | 201 CAROLINE (Floor: 12)<br>HOUSTON, TX 77002<br>Phone:7133686310 |
| JudgeName | DEBRA IBARRA MAYFIELD |
| Court Type | Civil |

[W94]

HCDistrictclerk.com CAINE, ANDRE vs. WELLS FARGO BANK 7/14/2018
Cause: 201742056 CDI: 7 Court: 215

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/5/2017 | ANSWER ORIGINAL PETITION | | | 0 | | SHIRAZI, SAHAR HAIDARI | WELLS FARGO BANK N.A. |
| 7/5/2017 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 6/23/2017 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 6/23/2017 | | 2 | | | |
| 6/23/2017 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 6/23/2017 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 6/23/2017 | ORIGINAL PETITION | | | 0 | | MASTRIANI, JOHN VICTOR | CAINE, ANDRE |
| 6/23/2017 | ORDER SIGNED SETTING HEARING | 6/23/2017 | | 2 | | | |
| 6/23/2017 | ORDER SETTING BOND SIGNED | 6/23/2017 | | 2 | | | |

# 201742056 - CAINE, ANDRE vs. WELLS FARGO BANK (Court 215)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet Add DocketSheet to Basket Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 6/23/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | SWORN ACCOUNT |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 215th |
| Filing Court | 215th |
| Address | 201 CAROLINE (Floor: 13) HOUSTON, TX 77002 Phone:7133686330 |
| JudgeName | ELAINE H PALMER |
| Court Type | Civil |

[W97]

## 201715239 - LYLES, ANDRE JAMES vs. WELLS FARGO HOMES LOANS (AKA WELL FARGO BANK N A) (Court 234)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Click column headings to sort. Click again to toggle direction. Print Events

| Date | Description | Order Signed Date | Post Jdgm | Pages | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 3/13/2017 | REMOVED TO FEDERAL COURT | | | | | | |
| 3/13/2017 | ANSWER ORIGINAL PETITION | | | | | MCDOUGAL, MATTHEW LAURENCE | WELLS FARGO HOMES LOANS (AKA WELL FARGO BANK N A) |
| 3/7/2017 | ORDER SIGNED SETTING HEARING (Temporary Order) | 3/7/2017 | | 2 | | | |
| 3/7/2017 | ORDER SETTING BOND SIGNED (Temporary Order) | 3/7/2017 | | 2 | | | |
| 3/7/2017 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER (Temporary Order) | 3/7/2017 | | 2 | | | |
| 3/7/2017 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | | | | |
| 3/7/2017 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | | | | |
| 3/7/2017 | FIRST AMENDED ORIGINAL PETITION | | | | | WILLIAMS, TIMOTHY LEE | LYLES, ANDRE JAMES |
| 3/6/2017 | ORIGINAL PETITION | | | | | WILLIAMS, TIMOTHY LEE | LYLES, ANDRE JAMES |

[WS6]

7/14/2018 Case 4:18-cv-00851 Document 46 Filed in TXSD on 08/15/18 Page 203 of 219
Office of Harris County District Clerk - Chris Daniel

**HCDistrictclerk.com** LYLES, ANDRE JAMES vs. WELLS FARGO HOMES LOANS (AKA WELL FARGO BANK N A) 7/14/2018

Cause: 201715239 CDI: 7 Court: 234

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 3/14/2017 11:30 AM | 234 | | Law Day Docket | TEMPORARY INJUNCTION | Passed | REMOVED TO FEDERAL COURT 3/13 | |

https://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=fso8xYDvLgAWF7iyUEG1YyM+rBX8x1f3ujfQ/Y3TjK43TOvQo7JKSHQYbj... 1/1

201715239 - LYLES, ANDRE JAMES vs. WELLS FARGO HOMES LOANS (AKA WELL FARGO BANK N A) (Court 234)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet Add DocketSheet to Basket Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 3/6/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | FORECLOSURE |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 234th |
| Filing Court | 234th |
| Address | 201 CAROLINE (Floor: 13)<br>HOUSTON, TX 77002<br>Phone:7133686350 |
| JudgeName | WESLEY R. WARD |
| Court Type | Civil |

[W96]

**HCDistrictclerk.com** THOMAS, ELIZABETH vs. J P MORGAN CHASE N A (F/K/A CHASE HOME FINANCE LLC 7/14/2018

Cause: 201317134 CDI: 7 Court: 269

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 4/10/2013 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 3/22/2013 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 3/22/2013 | ORIGINAL PETITION | | | 0 | | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |

# 201317134 - THOMAS, ELIZABETH vs. J P MORGAN CHASE N A (F/K/A CHASE HOME FINANCE LLC (Court 269)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 3/22/2013 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | DEBT |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | 3/22/2013 |

| The Current Presiding Judge | |
|---|---|
| Current Court | 269th |
| Filing Court | 295th |
| Address | 201 CAROLINE (Floor: 13)<br>HOUSTON, TX 77002<br>Phone:7133686370 |
| JudgeName | DAN HINDE |
| Court Type | Civil |

[WS5]

7/14/2018 Case 4:18-cv-00851 Document 46 Filed in TXSD on 08/15/18 Page 207 of 219
Office of Harris County District Clerk - Chris Daniel

HCDistrictclerk.com ORTMAN, TINA vs. JP MORGAN CHASE BANK N A 7/14/2018
Cause: 201830791 CDI: 7 Court: 270

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 6/13/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 5/8/2018 | ORIGINAL PETITION | | | 0 | | LANE, ROBERT C. | ORTMAN, TINA |
| 5/8/2018 | ORIGINAL PETITION | | | 0 | | LANE, ROBERT C. | ORTMAN, THOMAS |

https://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=fso8xYDvLgCuofiHQdKLvIbbzW+NPDS29wr040/Z13e32TJOErzTF4ErMP... 1/1

# 201830791 - ORTMAN, TINA vs. JP MORGAN CHASE BANK N A (Court 270)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 5/8/2018 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | FORECLOSURE |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 270th |
| Filing Court | 270th |
| Address | 201 CAROLINE (Floor: 13) HOUSTON, TX 77002 Phone:7133686400 |
| JudgeName | BRENT GAMBLE |
| Court Type | Civil |

[W96]

HCDistrictclerk.com GLEASON, KIMBERLEE K vs. WELLS FARGO BANK NA 7/14/2018

Cause: 201737021 CDI: 7 Court: 281

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/13/2017 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 7/3/2017 | ANSWER ORIGINAL PETITION | | | 0 | | MCDOUGAL, MATTHEW LAURENCE | WELLS FARGO BANK NA |
| 6/5/2017 | TRANSFERRED TO ANOTHER HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 6/5/2017 | TRANSFERRED TO HARRIS COUNTY DISTRICT COURT | | | 0 | | | |
| 6/5/2017 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 6/5/2017 | | 1 | | | |
| 6/2/2017 | ORIGINAL PETITION | | | 0 | | LANE, ROBERT C. | GLEASON, KIMBERLEE K |

# 201737021 - GLEASON, KIMBERLEE K vs. WELLS FARGO BANK NA (Court 281)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 6/2/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | OTHER CIVIL |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 281st |
| Filing Court | 113th |
| Address | 201 CAROLINE (Floor: 14)<br>HOUSTON, TX 77002<br>Phone:7133686430 |
| JudgeName | SYLVIA A. MATTHEWS |
| Court Type | Civil |

[W96]

201750789 - GILMET, YEXENIA vs. SPECIALIZED LOAN SERVICING LLC (AS SUCCESSOR IN IN (Court 295)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Click column headings to sort. Click again to toggle direction. Print Events

| Date | Description | Order Signed Date | Post Jdgm | Pages | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 8/11/2017 | REMOVED TO FEDERAL COURT | | | | | | |
| 8/11/2017 | ANSWER ORIGINAL PETITION | | | | | MANNING, MATT DELMORE | SPECIALIZED LOAN SERVICING LLC (AS SUCCESSOR IN INTEREST TO JP MORGAN |
| 8/1/2017 | ORDER SIGNED SETTING HEARING (Temporary Order) | 8/1/2017 | | 4 | | | |
| 8/1/2017 | ORDER SETTING BOND SIGNED (Temporary Order) | 8/1/2017 | | 4 | | | |
| 8/1/2017 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING | 8/1/2017 | | 4 | | | |

[W97]

Case 4:18-cv-00851 Document 48 Filed in TXSD on 08/15/18 Page 212 of 219

## 201750789 - GILMET, YEXENIA vs. SPECIALIZED LOAN SERVICING LLC (AS SUCCESSOR IN IN (Court 295)

Chronological History (non-financial) Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet Add DocketSheet to Basket Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 8/1/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | Other Property |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 295th |
| Filing Court | 295th |
| Address | 201 CAROLINE (Floor: 14)<br>HOUSTON, TX 77002<br>Phone:7133686450 |
| JudgeName | CAROLINE BAKER |
| Court Type | Civil |

[W97]

HCDistrictclerk.com PEREZ, MARIA DEJESUS vs. MIRAMAR LAKE HOME OWNERS ASSOCIATION 7/13/2018

Cause: 201687941 CDI: 7 Court: 333

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/13/2018 | DESIGNATED TRIAL READY | | | 0 | | | |
| 6/27/2018 | CASE REMANDED FROM FEDERAL TO STATE COURT | | | 0 | | | |
| 3/18/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 3/14/2018 | ORDER SIGNED DENYING PLEA TO JURISDICTION | 3/14/2018 | | 2 | | | |
| 3/14/2018 | CASE REMANDED FROM FEDERAL TO STATE COURT | | | 0 | | | |
| 3/14/2018 | ORDER SIGNED DENYING MOTION T0 DISMISS | 3/14/2018 | | 2 | | | |
| 2/28/2018 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 1/3/2018 | ORDER DISBURSING REGISTRY FUNDS SIGNED | 1/3/2018 | | 2 | | | |
| 1/3/2018 | ORDER GRANTING SUBSTITUTED SERVICE SIGNED | | | 3 | | | |
| 12/21/2017 | ORDER SIGNED GRANTING REFERRAL TO MEDIATION | 12/21/2017 | | 3 | | | |
| 11/29/2017 | ORDER DENYING WITHDRAWAL OF ATTORNEY SIGNED | 11/29/2017 | | 1 | | | |
| 11/29/2017 | ORDER WITHDRAW MINOR FUNDS FROM REGISTRY SIGNED | 11/29/2017 | | 2 | | | |
| 11/29/2017 | ORDER DENYING WITHDRAWAL OF ATTORNEY SIGNED | | | 0 | | | |
| 10/20/2017 | ORDER OF NON-SUIT SIGNED | 10/20/2017 | | 0 | | | |
| 10/20/2017 | NO COSTS ALLOCATED | | | 0 | | | |
| 10/20/2017 | ORDER OF PARTIAL NONSUIT SIGNED | 10/20/2017 | | 2 | | | |
| 10/20/2017 | ANSWER ORIGINAL PETITION | | | 0 | | | THOMAS, ELIZABETH |
| 10/18/2017 | NO COSTS ALLOCATED | | | 0 | | | |
| 10/18/2017 | ORDER OF PARTIAL NONSUIT SIGNED | 10/18/2017 | | 2 | | | |
| 9/19/2017 | ORDER SIGNED DENYING MOTION TO COMPEL PRODUCTION | 9/19/2017 | | 1 | | | |
| 9/19/2017 | ORDER SIGNED DENYING MOTION TO STRIKE PLEADING | 9/19/2017 | | 1 | | | |
| 9/19/2017 | ORDER SIGNED DENYING MOTION TO DEEM REQUESTS | 9/19/2017 | | 1 | | | |

ADMITTED

| | | | | | |
|---|---|---|---|---|---|
| 9/19/2017 | ORDER GRANTING SUBSTITUTED SERVICE SIGNED | 9/19/2017 | 1 | | |
| 9/15/2017 | ANSWER | | 0 | HOLIDY, DALE MARETT | MTH LENDING GROUP L P |
| 8/7/2017 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, MARIA DEJESUS |
| 8/7/2017 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 8/7/2017 | FIRST AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, ROBERTO |
| 8/3/2017 | ORDER MODIFYING AND AMENDING TEMPORARY ORDERS SIGNED | 8/3/2017 | 2 | | |
| 8/3/2017 | ORDER PERMITTING PAYMENT IN INSTALLMENTS SIGNED | 8/3/2017 | 2 | | |
| 8/3/2017 | ORDER DEPOSITING FUNDS INTO REGISTRY SIGNED | 8/3/2017 | 2 | | |
| 7/25/2017 | ORDER PERMITTING PAYMENT IN INSTALLMENTS SIGNED | 7/25/2017 | 2 | | |
| 7/25/2017 | ORDER DEPOSITING FUNDS INTO REGISTRY SIGNED | 7/25/2017 | 2 | | |
| 7/10/2017 | SEVENTH AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, ROBERTO |
| 7/10/2017 | SEVENTH AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, MARIA DEJESUS |
| 7/10/2017 | SEVENTH AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 6/30/2017 | ORDER SIGNED DENYING MOTION TO SHOW AUTHORITY | 6/30/2017 | 2 | | |
| 6/12/2017 | ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED | 6/12/2017 | 1 | | |
| 6/5/2017 | ANSWER ORIGINAL PETITION | | 0 | MCKINNEY, ANDREW TODD IV | PRIMARY RESIDENTIAL MORTGAGE INC (DBA FLAGSTONE LENDING GROUP) |
| 5/30/2017 | ANSWER FIRST AMENDED ORIGINAL PETITION | | 0 | MATSUSHIMA, ALICIA MARIA | STEWART TITLE COMPANY |
| 5/25/2017 | FIFTH AMENDED ORIGINAL PETITION | | 0 | SMITH, SCOTT DANIEL | PEREZ, MARIA DEJESUS |
| 5/25/2017 | FIFTH AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 5/25/2017 | FIFTH AMENDED ORIGINAL PETITION | | 0 | SMITH, SCOTT DANIEL | PEREZ, ROBERTO |
| 5/16/2017 | CASE CONSOLIDATION ACCOMPLISHED | | 3 | | |
| 5/16/2017 | ORDER SIGNED CONSOLIDATING CASE | 5/16/2017 | 3 | | |
| 4/28/2017 | FOURTH AMENDED ORIGINAL | | 0 | ANDERSEN, JAMES | PEREZ, MARIA |

| | | | | | |
|---|---|---|---|---|---|
| | PETITION | | | MICHAEL | DEJESUS |
| 4/28/2017 | FOURTH AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 4/24/2017 | FIRST SUPPLEMENTAL ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 4/24/2017 | FIRST SUPPLEMENTAL ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, ROBERTO |
| 4/24/2017 | THIRD AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, MARIA DEJESUS |
| 4/24/2017 | THIRD AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | THOMAS, ELIZABETH |
| 4/24/2017 | THIRD AMENDED ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, ROBERTO |
| 4/24/2017 | FIRST SUPPLEMENTAL ORIGINAL PETITION | | 0 | ANDERSEN, JAMES MICHAEL | PEREZ, MARIA DEJESUS |
| 4/13/2017 | ORDER OF PARTIAL NONSUIT SIGNED | 4/13/2017 | 1 | | |
| 4/13/2017 | ORDER OF PARTIAL NONSUIT SIGNED | 4/13/2017 | 1 | | |
| 4/3/2017 | DESIGNATED TRIAL READY | | 0 | | |
| 3/23/2017 | ORDER SIGNED DENYING ENTRY OF TEMPORARY ORDERS | | 2 | | |
| 3/23/2017 | ORDER SIGNED GRANTING ENTRY OF TEMPORARY ORDERS | 3/23/2017 | 2 | | |
| 3/21/2017 | ORDER OF PARTIAL NONSUIT SIGNED | 3/21/2017 | 2 | | |
| 3/21/2017 | NO COSTS ALLOCATED | | 0 | | |
| 3/21/2017 | ORDER OF NON-SUIT SIGNED | 3/21/2017 | 0 | | |
| 3/10/2017 | ANSWER ORIGINAL PETITION | | 0 | MATSUSHIMA, ALICIA MARIA | STEWART TITLE GUARANTY COMPANY |
| 3/10/2017 | ANSWER SECOND AMENDED ORIGINAL PETITION | | 0 | VANHOOSE, AMY M. | KOTRAN, CHRISTOPHER |
| 3/10/2017 | ANSWER SECOND AMENDED ORIGINAL PETITION | | 0 | VANHOOSE, AMY M. | MIRAMAR LAKE HOME OWNERS ASSOCIATION |
| 3/10/2017 | ANSWER SECOND AMENDED ORIGINAL PETITION | | 0 | VANHOOSE, AMY M. | CONSEMIU, DONNA |
| 3/10/2017 | ANSWER SECOND AMENDED ORIGINAL PETITION | | 0 | VANHOOSE, AMY M. | BERTUS, JIM |
| 3/10/2017 | ANSWER SECOND AMENDED ORIGINAL PETITION | | 0 | VANHOOSE, AMY M. | RICHARDSON, DONALD |
| 3/10/2017 | ANSWER SECOND AMENDED ORIGINAL PETITION | | 0 | VANHOOSE, AMY M. | KENNINGTON, PAUL |
| 3/10/2017 | ANSWER SECOND AMENDED ORIGINAL PETITION | | 0 | VANHOOSE, AMY M. | JHD MANAGEMENT COMPANY |
| 2/2/2017 | SECOND AMENDED ORIGINAL PETITION | | 0 | MCCLURE, COLLEEN M CLEAR | CUMMINGHAM, HENRY |

| | | | | |
|---|---|---|---|---|
| 2/2/2017 | SECOND AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | PERRY, ALBERT (III) |
| 2/2/2017 | SECOND AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | PEREZ, ROBERTO |
| 2/2/2017 | SECOND AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | MULLEN, ALVIN R (II) |
| 2/2/2017 | SECOND AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | PEREZ, MARIA DEJESUS |
| 2/2/2017 | SECOND AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | THOMAS, ELIZABETH |
| 2/2/2017 | SECOND AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | HENRY, CATRICE |
| 1/31/2017 | FIRST AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | HENRY, CATRICE |
| 1/31/2017 | FIRST AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | CUMMINGHAM, HENRY |
| 1/31/2017 | FIRST AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | PERRY, ALBERT (III) |
| 1/31/2017 | FIRST AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | PEREZ, ROBERTO |
| 1/31/2017 | FIRST AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | PEREZ, MARIA DEJESUS |
| 1/31/2017 | FIRST AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | THOMAS, ELIZABETH |
| 1/31/2017 | FIRST AMENDED ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | MULLEN, ALVIN R (II) |
| 12/27/2016 | JURY FEE PAID (TRCP 216) | 0 | | |
| 12/27/2016 | ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | CUMMINGHAM, HENRY |
| 12/27/2016 | ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | PERRY, ALBERT (III) |
| 12/27/2016 | ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | HENRY, CATRICE |
| 12/27/2016 | ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | MULLEN, ALVIN R (II) |
| 12/27/2016 | ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | PEREZ, MARIA DEJESUS |
| 12/27/2016 | ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | THOMAS, ELIZABETH |
| 12/27/2016 | ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | PEREZ, ROBERTO |
| 12/27/2016 | ORIGINAL PETITION | 0 | MCCLURE, COLLEEN M CLEAR | WILLIAMS, ANGELA F (ON BEHALF OF HER MINOR CHILD) |

HCDistrictclerk.com HIETALA, KATHERINE vs. WELLS FARGO BANK N A 7/14/2018
Cause: 201737342 CDI: 7 Court: 334

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 6/14/2017 | REMOVED TO FEDERAL COURT | | | 0 | | | |
| 6/14/2017 | ANSWER ORIGINAL PETITION | | | 0 | | SHIRAZI, SAHAR HAIDARI | WELLS FARGO BANK N A |
| 6/5/2017 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 6/5/2017 | | 2 | | | |
| 6/5/2017 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 6/5/2017 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 6/5/2017 | ORDER SETTING BOND SIGNED | 6/5/2017 | | 2 | | | |
| 6/5/2017 | ORIGINAL PETITION | | | 0 | | VILT, ROBERT C. | BREWER, BRIAN |
| 6/5/2017 | ORIGINAL PETITION | | | 0 | | VILT, ROBERT C. | HIETALA, KATHERINE |
| 6/5/2017 | ORDER SIGNED SETTING HEARING | 6/5/2017 | | 2 | | | |

# 201737342 - HIETALA, KATHERINE vs. WELLS FARGO BANK N A (Court 334)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 6/5/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | FORECLOSURE |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 334th |
| Filing Court | 334th |
| Address | 201 CAROLINE (Floor: 14)<br>HOUSTON, TX 77002<br>Phone:7133686500 |
| JudgeName | STEVEN KIRKLAND |
| Court Type | Civil |

[W96]

# 201737342 - HIETALA, KATHERINE vs. WELLS FARGO BANK N A (Court 334)

Chronological History (non-financial) | Print All

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Preview DocketSheet | Add DocketSheet to Basket | Print Summary

| Case (Cause) Summary | |
|---|---|
| File Date | 6/5/2017 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | FORECLOSURE |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
|---|---|
| Current Court | 334th |
| Filing Court | 334th |
| Address | 201 CAROLINE (Floor: 14)<br>HOUSTON, TX 77002<br>Phone:7133686500 |
| JudgeName | STEVEN KIRKLAND |
| Court Type | Civil |

[W96]